**KNUT S. JOHNSON**
California Bar No. 125725
**LAW OFFICE OF KNUT S. JOHNSON**
550 West C Street, Suite 790
San Diego, CA 92101
(619) 232-7080
knut@knutjohnson.com

**JOHN C. LEMON**
California Bar No. 175847
**LAW OFFICES OF JOHN C. LEMON, APC**
1350 Columbia Street, Suite 600
San Diego, California 92101
(619) 794-0423
john@jcl-lawoffice.com

Attorneys for Mr. Azano

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MICHAEL M. ANELLO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>　Plaintiff,　　　　　　　　 )<br>  )<br>v.　　　　　　　　　　　　　 )<br>  )<br>**JOSE SUSUMO**　　　　　　　 )<br>**　　AZANO MATSURA (1),**　 )<br>  )<br>　Defendant.　　　　　　　　　)<br>_____ ) | Criminal No. 14cr388-MMA<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER ORDER DENYING DISCOVERY REGARDING THE RECUSAL OF THE UNITED STATES ATTORNEY |

## I.

## Question Presented

Although the United States Attorney has recused herself, she has not disclosed the reason(s) for the recusal and her office continues to prosecute this case. The Supreme Court has held that the "appointment of an interested prosecutor is an error whose effects are pervasive," while authority cited by the government holds that recusal motions must be considered on a case-by-case basis. Does the government have a Fifth Amendment obligation to disclose the reason(s) for the recusal?

## II.

## Pertinent Facts

This Court is obviously well-acquainted with the history of this case. Mr. Azano is charged in a superseding indictment with, *inter alia,* charges related to political campaign contributions made by a foreign national. United States Attorney Laura E. Duffy has recused herself – which, from a review of the docket, occurred sometime between January 28, 2013, and February 25, 2013 – but her office has not; the U.S. Attorney's Office for the Southern District of California ("USAO") continues to prosecute Mr. Azano.

On July 30, 2013, Mr. Azano filed a supplemental discovery motion in which he moved for disclosure of: 1) Duffy's "written recusal memorandum"; 2) "the reason for the recusal"; and 3) "emails, documents, letters, or any other evidence . . . of any conflict." CR 41-1 at 26. That motion also provided pertinent background, including Mr. Azano's ongoing litigation with Sempra Energy, the USAO's investigation of Sempra under the Foreign Corrupt Practices Act, and the USAO's conspicuous abandonment of that investigation after an April 29, 2011 meeting with Sempra's lawyers. The motion also detailed the USAO's initiation of its investigation of Mr. Azano, which came within a few weeks of the April 29, 2011 meeting. CR 41-1 at 6-9.

The government filed a response in opposition on August 25, 2013, in which it characterized Mr. Azano's request as a "road leading to nowhere." CR 60 at 17. More substantively, the government argued that discovery was not required under Rule 16, that Mr. Azano "cites no authority holding otherwise," and that the requested material was also privileged. CR 60 at 17-18.

This Court then denied the motion, citing privilege and noting that Mr. Azano "has not made the threshold showing necessary for the Court to conclude that the government's attorney work product . . . should yield to his discovery request." CR 58 at 2 (tentative ruling later adopted).

This motion for reconsideration follows.

## III.

## Argument

### Any evidence that the U.S. Attorney's Office is not a disinterested prosecutor is discoverable under the Fifth Amendment and *Brady v. Maryland*.

A.  *Mr. Azano enjoys an absolute right to have a disinterested prosecutor and recusal motions should be considered on a case-by-case basis.*

Noting that the "appointment of an interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general," the Supreme Court has held that a criminal defendant has a right to a disinterested prosecutor and that the appointment of an interested prosecutor is a "fundamental and pervasive" error that can never be harmless. *Young v. United States Ex. Rel. Vuitton,* 481 U.S. 787, 812-14 (1987).

Importantly, the *Young* Court emphasized the appearance of justice and the perception of the public:

> A concern for actual prejudice in such circumstances misses the point, for what is at stake is the public perception of the integrity of our criminal justice system. Justice must satisfy the appearance of justice, and a prosecutor with conflicting loyalties presents the appearance of precisely the opposite.

*Id.* at 811-12 (quotation and citation omitted).

While the U.S. Attorney has recused herself here, she has done so with no explanation whatsoever. Moreover, her office has circularly declared that "[t]he United States Attorney is already recused, so the reason for the recusal does not matter." CR 60 at 17. That is cold comfort for Mr. Azano, who is naturally concerned that the U.S. Attorney's conflict may extend to her employees. She is, after all, the "boss" of every lawyer in that office.

Furthermore, the unpublished opinion the government relies upon, *United States v. Nosal,* demonstrates that the reason for the recusal *does,* in fact, matter a great deal. 2009 U.S. Dist. LEXIS 14820 (N.D. Cal. 2009) (rev'd on other grounds). In *Nosal,* the defendant moved to recuse the entire U.S. Attorney's Office for the Northern District of

California because his former lawyer had been appointed U.S. Attorney. *Id.* at *1-2. While the *Nosal* court noted that "there is no rule or controlling authority that *compels* the vicarious disqualification of a prosecutor's office based on an individual attorney's personal conflict[,] [w]hether an entire USAO should be disqualified is a *question to be determined on a case by case basis.*" *Id.* at *5 (emphasis added). The court then went on to address a variety of facts, guidelines, statutes, and case law before concluding that recusal was not necessary in that case.[1] *See id.* at *5-14.

But the point here is that the parties were able to argue both sides of the issue and the court was able to arrive at a thoughtful decision because the reasons for the individual U.S. Attorney's recusal were not being kept in a vault. Again, the *Nosal* court expressly observed that a motion to recuse an entire U.S. Attorney's Office must be determined on a case-by-case basis. But there is obviously no way for Mr. Azano to bring that motion in the first place if the government is not obligated to disclose the reason(s) for the individual U.S. Attorney's recusal.

**B.    The requested material is discoverable under the Fifth Amendment and** Brady v. Maryland.

In its opposition, the government first argues that the requested disclosure is not authorized by Rule 16. And that may be. But it is required under the Fifth Amendment and *Brady v. Maryland*,[2] which requires disclosure of evidence favorable to the accused. *United States v. Bagley,* 473 U.S. 667 (1985). And "favorable to the accused" includes pretrial motions. *See, e.g., United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) ("[t]he suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process"); *United States v. Barton,* 995 F.2d 931,

---

[1]  Significantly, unlike in Mr. Azano's case, the USAO in *Nosari* was aware of the conflict *before* the appointment of the U.S. Attorney and he had "not been involved in th[e] case in any direct or indirect manner since his arrival at the USAO." *Id.* at *3-4.

[2]  373 U.S. 83 (1963).

935 (9th Cir. 1993) ("due process principles announced in *Brady* . . . must be applied to a suppression hearing").

Second, the government claims that the reason for the recusal is privileged. But the government's work-product privilege should not outstrip Mr. Azano's right to a fair trial. And while the Court found that Mr. Azano failed to make a "threshold showing," the simple fact of the matter is that there is no way that he can make such a showing when he is being kept in the dark. The Court should at least require an *in camera* production of the requested materials and make its findings part of the appellate record.

## IV.
## Conclusion

The government's unwillingness to divulge the reason(s) for the U.S. Attorney's recusal is striking. Such a disclosure certainly does not appear to have been an issue in *Nosari* or any of the cases that the *Nosari* court examined in reaching its decision. Furthermore, the government's reliance upon *Nosari* is putting the cart before the horse. Mr. Azano cannot bring a motion to recuse the U.S. Attorney's Office – or even consider whether such a motion might be appropriate – unless he knows why the U.S. Attorney has been recused in the first place. He respectfully requests that the Court reconsider this motion.

Respectfully submitted,

Dated: October 20, 2014         /s/ John C. Lemon
                                **KNUT S. JOHNSON**
                                **JOHN C. LEMON**
                                Attorneys for Mr. Azano