WILLIAM P. COLE
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515
California Bar No. 186772
ROBERT S. HUIE
Assistant U.S. Attorney
California Bar No. 237374
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7053
Email:  Robert.Huie@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br><br>　　　　　Defendant. | Case No.  14CR0388-MMA<br><br>**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER ORDER DENYING DISCOVERY REGARDING THE RECUSAL OF THE UNITED STATES ATTORNEY**<br><br>Date: November 3, 2014<br>Time: 2:00 p.m. |

　　　Defendant Jose Susumo Azano Matsura moves the Court to reconsider its order denying Azano's motion for discovery concerning the United States Attorney's recusal. For several reasons, the Court should deny the motion.

1

First, Azano raises nothing new. He does not present any new facts, and he does not cite any intervening case law. While courts have inherent authority to reconsider rulings in criminal cases, the party moving for reconsideration should typically: (1) present newly discovered evidence; (2) demonstrate that the initial decision was clearly erroneous or manifestly unjust; (3) cite an intervening change in controlling law; or (4) present some other, highly unusual circumstances warranting reconsideration. United States v. Rosas, 2011 U.S. Dist. Lexis 74815, at *1 (S.D. Cal. July 11, 2011)(citing School Dist. N. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Azano does the opposite: he cites virtually all the same cases and makes the same arguments. He identify no error or injustice, let alone clear error or manifest injustice. There is no reason for the Court to reconsider its order. See Millennium Labs., Inc. v. Allied World Assurance Co., 2014 U.S. Dist. LEXIS 145934, at *2 (S.D. Cal. Oct. 10, 2014)(motion for reconsideration "does not give parties 'a second bite at the apple'")(citation omitted).

Second, while Azano again stresses the importance of a "disinterested prosecutor," he presents no facts suggesting that the prosecutors handling this care are anything other than disinterested. Beyond making the general observation that United States Attorney Duffy is the "boss" of the office, Azano does not allege – much less present any facts suggesting – that United States Attorney Duffy is handling this case, influencing this

2

case, giving direction on this case, or even receiving briefings on this case. In fact, she is not.

Third, effectively conceding that Rule 16 does not support his motion, Azano again seeks to pound a square peg into the round hole of Brady v. Maryland, 373 U.S. 83 (1963). But Brady applies to evidence "material to either guilt or to punishment." Brady, 373 U.S. at 87. The reasons for United States Attorney Duffy's *non-involvement* in this case are, of course, not material to Azano's guilt or punishment. Indeed, Azano cites no case holding that Brady compels discovery of the reasons for a prosecutor's recusal from a case.

But even assuming for argument's sake that Brady applies to whether the prosecutor is "disinterested," its only feasible application would be to the attorneys who are, in fact, prosecuting the case. As noted, however, Azano proffers no facts suggesting that the assigned prosecutors are anything other than disinterested. Thus, even assuming that Brady could theoretically apply, Azano fails to meet his initial burden of producing

//

//

//

//

//

//

some evidence to support an inference that the government possesses undisclosed material favorable to the defense.

Dated: October 27, 2014                    Respectfully submitted,

/s/*William P. Cole*
WILLIAM P. COLE
Attorney for the United States,
Acting under Authority Conferred
By 28 U.S.C. § 515

ROBERT S. HUIE
Assistant U.S. Attorney