# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSE SUSUMO AZANO MATSURA (1), RAVNEET SINGH (2), ELECTIONMALL, INC. (3), AND MARCO POLO CORTES (4),<br><br>　　　　　Defendants. | Case No. 14-CR-0388-MMA<br><br>**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>[Doc. No. 92] |

The parties appeared before the Court on March 23, 2015. At that hearing, upon the request of the defense, the Court vacated the next scheduled motion hearing, which had been calendared for May 4, 2015, and scheduled a new motion hearing date of July 10, 2015. The Court excluded time under the Speedy Trial Act until July 10, 2015. The

1

Court hereby makes the following findings with regard to the exclusion of time under the Speedy Trial Act:

1. The Superseding Indictment was returned in this case on August 12, 2014. The defendants were arraigned on the Superseding Indictment on August 21, 2014.

2. The Superseding Indictment contains 26 counts, including charges of Conspiracy to Commit Offenses Against the United States, in violation of 18 U.S.C. § 371; Campaign Donation or Contribution by a Foreign National Aggregating $25,000 or More, in violation of 2 U.S.C. § 437g(d)(1)(A) and 441e(a)(1)(A); Contribution in the Name of Another Aggregating $25,000 or More, in violation of 2 U.S.C. § 437g(d)(1)(A) and 441f; Falsification of Records, in violation of 18 U.S.C. § 1519; Bribery, in violation of 18 U.S.C. § 201(b); and Alien in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(5)(b). The Superseding Indictment also contains notice of criminal forfeiture pursuant to 18 U.S.C. § 924(g) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

3. The case involves significant factual and legal complexity. The charges include two conspiracies, in Counts One and Two, of which the former is a multi-object conspiracy. The charges also include offenses under Title 2 of the United States Code, which are infrequent in this district and necessitate time for additional legal research by the defense. There are four defendants, and the charges cover a wide range of offense conduct, with some alleged conduct beginning on a date unknown to the grand jury and other alleged conduct occurring as recently as January 2014.

4. Discovery in the case is voluminous. It includes, among other things, thousands of pages of single-spaced law enforcement agency reports; dozens of hours of recordings, including wiretapped calls and consensual recordings; thousands of pages of documents obtained from third parties; and copious electronic evidence, culled from the review of dozens of items of electronic media.

5. Since arraignment on the Superseding Indictment, the defense has filed, or has had pending, numerous motions. The defense represents to the Court that, in light of the volume of discovery, significant additional time is needed to prepare and file additional motions, including motions to dismiss the indictment, motions to suppress (including motions to suppress evidence obtained by wiretap), and possibly others.

6. Since arraignment on the Superseding Indictment, the Court has held numerous hearings for the purposes of addressing motions, setting trial, or otherwise addressing the status of the case. These include hearings on August 25, 2014; November 3, 2014; January 7, 2015; and, most recently, March 23, 2015. At each of these hearings, the defense has requested additional time based on the complexity of the case and the volume of discovery.

7. It appears that July 10, 2015, the next hearing date currently scheduled in this case, is the earliest feasible date for the continued motion hearing.

8. Consistent with statements and findings made by the Court at prior hearings, the ends of justice are and have been served by granting continuances and excluding time

from August 25, 2014 through July 10, 2015; and those ends of justice outweigh the best interest of the public and the defendants in a speedy trial. Based on the Court's experience with similarly complex cases, this amount of time is required for preparation of motions and review of discovery. Failure to grant the requested continuance, or failure to exclude time as set forth herein, would result in a miscarriage of justice, as it is unreasonable to expect adequate preparation within 70 days, absent the exclusion of time for the continuances requested.

Accordingly, good cause having been shown,

**IT IS HEREBY ORDERED** that the time from August 25, 2014 through July 10, 2015 is excluded from the Speedy Trial Act calculations, under 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED**.

DATED: March 26, 2015

Hon. Michael M. Anello
United States District Judge