1  Michael L. Lipman (SBN 66605)
   Jason M. Ohta (SBN 211107)
2  Duane Morris LLP
   750 B Street, Suite 2900
3  San Diego, CA 92101-4681
   Telephone: 619.744.2200
4  Facsimile:  619.744.2201
   E-mail:    mllipman@duanemorris.com
5              johta@duanemorris.com

6  Kimberly G. Lippman (*Pro Hac Vice Application Pending*)
   Duane Morris LLP
7  1940 Route 70 East, Suite 100
   Cherry Hill, NJ 08003-2171
8  Telephone: 856.874.4200
   Facsimile:  856.874.4636
9  E-mail:    kglippman@duanemorris.com

10 Attorneys for Defendant
   RAVNEET SINGH
11

12          **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

| UNITED STATES OF AMERICA, | Case No.: 14CR0388-MMA |
|---|---|
| Plaintiff, | **RAVNEET SINGH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE AN OFFENSE** |
| v. | |
| JOSE SUSUMO AZANO MATSURA, RAVNEET SINGH, ELECTIONMALL, INC., AND MARCO POLO CORTES, | Date:  July 10, 2015<br>Time:  1:30 p.m.<br>Ctrm:  3A<br>Judge: Hon. Michael M. Anello |
| Defendants. | |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................1

II. BACKGROUND ..................................................................................................2

III. LEGAL STANDARD ...........................................................................................2

IV. ARGUMENT........................................................................................................3

    A. The Court Must Dismiss Count 3 For Failure to State an Offense.......3

        1. The Indictment Fails to Allege that Singh Knew of Azano's Status as a Foreign National ..........................................4

        2. The Indictment Fails to Allege that Singh Knew of his Legal Duty under Section 441e(a)(1)(A)....................................6

    B. The Court Must Dismiss Counts 19 and 24 For Failing to State an Offense ..................................................................................................7

        1. Singh Did Not Act in Violation of 18 U.S.C. § 1519..................8

        2. Singh Did Not Act with the Intent to Impede a Federal Investigation.................................................................................9

    C. The Court Must Dismiss Count 1 For Failure to State an Offense.....10

    D. The Court Must Dismiss Count 25 For Failure to State an Offense...12

V. CONCLUSION ...................................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bluman v. Federal Election Commission*
   800 F.Supp.2d 281 (D.D.C. 2011), *aff'd*, 132 S. Ct. 1087 (2012) ............................ 6

*FEC v. Toledano*
   317 F.3d 939 (9th Cir. 2002) ................................................................................. 8

*Fontana v. United States*
   262 F. 283 (8th Cir. 1919) ................................................................................... 13

*Ignacio Carlos Flores-Figueroa v. United States*
   556 U.S. 646 (2009) ............................................................................................... 5

*Russell v. United States*
   369 U.S. 749 (1962) ............................................................................................... 3

*Salinas v. United States*
   522 U.S. 52 (1997) ............................................................................................... 11

*United States v. Awad*
   551 F.3d 930 (9th Cir. 2009) ................................................................................. 6

*United States v. Boren*
   278 F.3d 911 (9th Cir. 2002) ................................................................................. 2

*United States v. Buddenberg*
   No. CR-09-00263 RMW, 2010 WL 2735547 (N.D. Cal. July 12, 2010) ............... 12

*United States v. Cecil*
   608 F.2d 1294 (9th Cir. 1979) ............................................................................... 7

*United States v. Cogswell*
   637 F.Supp. 295 (N.D. Cal. 1985) .................................................................. 10-11

*United States v. Cruikshank*
   92 U.S. 542 (1875) ..................................................................................... 10, 12-13

*United States v. Du Bo*
   186 F.3d 1177 (9th Cir. 1999) ............................................................................. 13

*United States v. Easterday*
    564 F.3d 1004 (9th Cir. 2008) .................................................................................. 6

*United States v. Esparza*
    876 F.2d 1390 (9th Cir. 1989) ................................................................................ 11

*United States v. Hernandez-Guardado*
    228 F.3d 1017 (9th Cir. 2000) .................................................................................. 5

*United States v. Hunt*
    526 F.3d 739 (11th Cir. 2008) .................................................................................. 9

*United States v. Lacy*
    119 F.3d 742 (9th Cir. 1997) .................................................................................... 5

*United States v. Lazarenko*
    564 F.3d 1026 (9th Cir. 2009) .................................................................................. 3

*United States v. Mallen*
    843 F.2d 1096 (8th Cir. 1988) .................................................................................. 3

*United States v. Peel*
    No. 2:14-cr-00106-GEB, 2014 WL 3057523 (E.D. Cal. July 7, 2014) ................... 10

*United States v. Schneiderman*
    102 F.Supp. 87 (S.D. Cal. 1951) ....................................................... 3, 5, 7, 9-10, 12

*United States v. Whittemore*
    776 F.3d 1074 (9th Cir. 2015) ............................................................................. 4-5

*United States v. Yielding*
    657 F.3d 688 (8th Cir. 2011) .................................................................................... 9

**Federal Statutes**

2 U.S.C. § 437g............................................................................................................ 3, 11

2 U.S.C. §§ 437g(a)(5)(C) ................................................................................................ 6

2 U.S.C. § 437g(d)(1)(A) ................................................................................... 1, 3-6, 10-11

2 U.S.C. § 441e .......................................................................................................... 3, 6, 11

2 U.S.C. § 441e(a)(1)(A) .................................................................................... 1-6, 10-11

iii

8 U.S.C. § 1324 ................................................................................................. 5

18 U.S.C. § 2 ................................................................................................ 2, 12

18 U.S.C. § 201(b) ..................................................................................... 1, 4, 12

18 U.S.C. § 371 ........................................................................................... 1, 11

18 U.S.C. § 1519 ........................................................................................ 1, 7-11

52 U.S.C § 30109 ............................................................................................... 3

52 U.S.C § 30121 ............................................................................................... 3

**State Statutes**

Smith Act ............................................................................................................ 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 2

Fed. R. Crim. P. 7(c) .......................................................................................... 3

Fed. R. Crim. P. 12(b)(1) .................................................................................... 2

**Non-Periodical Publications**

*Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 5.6 (2010) ............................................................................................................. 4

*Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 8.20 (2010) ........................................................................................................... 11

**Other Authorities**

San Diego Municipal Code § 27.2901 et seq. .................................................... 8

Ravneet Singh ("Singh") respectfully submits this brief in support of his motion to dismiss the Government's Superseding Indictment ("Indictment"). For the reasons that follow, all Counts of the Indictment as to Singh, specifically Counts 1, 3, 19, 24 and 25, should be dismissed.

## I.   INTRODUCTION

The Government charged Singh in a twenty-six-count Indictment. Only 5 charges relate to Singh. They allege:

Count 1 – a conspiracy, in violation of 18 U.S.C. § 371, to commit the offenses outlined in Counts 3, 19 and 24 below;

Count 3 – donations and contributions by a foreign national in violation of 2 U.S.C. §§ 437g(d)(1)(A) and 441e(a)(1)(A);

Counts 19 and 24 – destruction, alteration, or falsification of records, in violation of 18 U.S.C. § 1519; and

Count 25 – bribery of a public official in violation of 18 U.S.C. § 201(b).

Throughout the Government's 19-page Indictment, it fails to allege any unlawful conduct by Singh. Each Count either fails to allege the facts necessary to satisfy the elements of the charged offense, or the specific facts alleged fall beyond the scope of the criminal statutes at issue. Specifically, Counts 1, 3, 19 and 24 are premised on the allegation that Singh knowingly and willfully conspired to assist a foreign national in making undisclosed campaign contributions. These Counts must be dismissed because the Government failed to allege that Singh: (1) knew that Defendant Jose Susumo Azano Matsura ("Azano") was a foreign national; (2) knew of his legal duty; and (3) knowingly and actively concealed or falsified documents. Count 25 must be dismissed because the Indictment only states a conclusion of law.

/ / /

/ / /

/ / /

/ / /

## II. BACKGROUND[1]

Singh was the President of ElectionMall, Inc. ("ElectionMall") and at all times worked on its behalf and for its benefit. *See* Indictment at ¶ 6. ElectionMall specialized in providing social media services to political campaigns throughout the world. *See id*. Azano was a "foreign national" under Title 2 of the United States Code and therefore was prohibited from making donations and contributions to political candidates at the federal, state, or local levels. *See id*. at ¶ 4. Singh allegedly would provide social media services through his company, ElectionMall, to the candidates that Azano supported. *See id*. at ¶ 21h. Azano allegedly would then fund ElectionMall for the cost of these social media services. *See id*. at ¶ 21i.

Despite these allegations, the Government never alleges that Singh knew of Azano's status as a foreign national nor of any legal duty associated with campaign contributions. The Government's failure to provide these allegations in the Indictment are fatal and the Court must dismiss all charges against Singh.

## III. LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure permits pretrial motions on "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "The indictment either states an offense or it doesn't." *Id.*

"An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions

---

[1] For purposes of this motion only, Singh accepts the Indictment's factual allegations as true.

for the same offense." *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (citation and internal quotations omitted); *see also* Fed. R. Crim. P. 7(c) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."). "An indictment is fatally insufficient when an essential element 'of substance' is omitted, rather than one 'of form' only." *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988). The indictment must state the specifics and descend to particulars. *Russell v. United States*, 369 U.S. 749, 765 (1962). An indictment may not merely allege a conclusion of law; rather, an indictment must set forth the acts and intents that constitute the alleged crime with reasonable particularity of time, place, and circumstances. *United States v. Schneiderman*, 102 F.Supp. 87, 91-92 (S.D. Cal. 1951) (noting that for an indictment to sufficiently allege an offense, it must "all material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective") (citation omitted).

## IV. ARGUMENT

### A. The Court Must Dismiss Count 3 For Failure to State an Offense

Count 3 of the Indictment alleges that Singh "willfully did directly and indirectly make a contribution and donations of a foreign national aggregating $25,000 and more during a calendar year in connection with federal and local elections" in violation of 2 U.S.C. §§ 437g(d)(1)(A) and 441e(a)(1)(A).[2] Indictment ¶ 27. Section 441e(a)(1)(A) states, in part:

It shall be unlawful for—

**(1)** a foreign national, directly or indirectly, to make—

**(A)** a contribution or donation of money or other thing of value, or to make an express or implied promise to make a

---

[2] Effective September 1, 2014, 2 U.S.C. §§ 437g and 441e were transferred to 52 U.S.C §§ 30109 and 30121, respectively. This brief cites 2 U.S.C. §§ 437g and 441e to conform with the Indictment, which was issued prior to the effective transfer date.

>contribution or donation, in connection with a Federal, State, or local election;
>
>**(B)** a contribution or donation to a committee of a political party; or
>
>**(C)** an expenditure, independent expenditure, or disbursement for an electioneering communication (within the meaning of section 304(f)(3));

Section 437g(d)(1)(A) provides, in part:

>**(A)** Any person who knowingly and willfully commits a violation of any provision of this Act which involves the making, receiving, or reporting of any contribution, donation, or expenditure—
>
>**(i)** aggregating $25,000 or more during a calendar year shall be fined under title 18, or imprisoned for not more than 5 years, or both

This Count should be dismissed for two reasons.

### 1. The Indictment Fails to Allege that Singh Knew of Azano's Status as a Foreign National

To state a violation of Sections 437g(d)(1)(A) and 441e(a)(1)(A), an indictment must allege that a person "knowingly and willfully" made a contribution, donation, or expenditure by a "foreign national." The mens rea requirement—"knowingly and willfully"—applies to each element of the substantive offense. Thus, for an indictment to sufficiently state an offense under these sections, it must allege that the defendant was knowing and willful *both* as to the fact of the contribution, donation or expenditure *and* that the originator of the funds was a "foreign national." As the Indictment fails to allege that Singh knew of Azano's status as a foreign national, Count 3 of the Indictment must be dismissed.

To act knowingly is to act voluntarily and purposely and not because of mistake or inadvertence. *See United States v. Whittemore*, 776 F.3d 1074, 1081 (9th Cir. 2015); *see also Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 5.6 (2010) ("Knowingly—Defined"). To act "willfully" means something not expressed by "knowingly," otherwise both would not be used conjunctively.

*Schneiderman*, 102 F.Supp. at 93 (citation omitted).  Hence, to act "willfully means to act not only with purpose, but also with the specific intent to violate the law, or at a minimum with the reckless disregard as to whether or not the act is a violation of law." *Whittemore*, 776 F.3d at 1081-82.

Where a certain mens rea is required under a statute, that mens rea requirement applies to each element constituting the offense.  *See United States v. Lacy*, 119 F.3d 742, 747 (9th Cir. 1997) ("[A] scienter requirement is presumed to apply 'to each of the statutory elements which criminalize otherwise innocent conduct,' even if this is not the 'most natural grammatical reading' of the statutory language.") (citation omitted).  In *Ignacio Carlos Flores-Figueroa v. United States*, 556 U.S. 646 (2009), the Supreme Court explained the relationship between a mens rea term and the several elements of the offense it modifies:

> If a child knowingly takes a toy that belongs to his sibling, we assume that the child not only knows that he is taking something, but that he also knows that what he is taking is a toy *and* that the toy belongs to his sibling.  If we say that someone knowingly ate a sandwich with cheese, we normally assume that the person knew both that he was eating a sandwich and that it contained cheese.  Or consider the Government's own example, "John knowingly discarded the homework of his sister."  The Government rightly points out that this sentence "does not *necessarily*" imply that John knew whom the homework belonged to.  But that is what the sentence, as *ordinarily* used, does imply.

*Id.* at 650-51 (emphasis in original).

Here, in order for Singh to have violated Sections 437g(d)(1)(A) and 441e(a)(1)(A), he must have known of Azano's status as a foreign national.  The present charges are analogous to alien smuggling cases (8 U.S.C. § 1324) where the Government must prove that the defendant knew that the alien who was transported was illegally present in the United States.  *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1022 (9th Cir. 2000).  It is the alienage that makes the conduct illegal, and failure to require proof of defendant's knowledge of that culpable fact would allow otherwise legal conduct to be punished.  Here, the only factor that makes

Singh's alleged conduct illegal is the fact that Azano was a foreign national. Similar to alien smuggling, the Government must demonstrate that Singh knew of Azano's legal status.

The Indictment, however, fails to allege that fact. Although the Indictment alleges that Azano *was* a foreign national, nowhere does it allege that Singh *knew* that Azano was in fact a foreign national. The Indictment thus fails to allege that Singh acted knowingly and willfully within the purview of Sections 437g(d)(1)(A) and 441e(a)(1)(A). For this reason, Count 3 must be dismissed.

### 2. The Indictment Fails to Allege that Singh Knew of his Legal Duty under Section 441e(a)(1)(A)

The Indictment also fails to allege that Singh knew of the prohibition against campaign contributions by foreign nationals. As the court noted in *Bluman v. Federal Election Commission*, "we caution the government that seeking criminal penalties for violations of [§ 441e] – which requires that the defendant act 'willfully,' *see* 2 U.S.C. §§ 437g(a)(5)(C), 437g(d)(1)(A) – will require proof of the defendant's knowledge of the law." 800 F.Supp.2d 281, 292 (D.D.C. 2011), *aff'd*, 132 S. Ct. 1087 (2012) (citations omitted); *see also United States v. Easterday*, 564 F.3d 1004, 1006 (9th Cir. 2008) (noting that for the crime of failure to pay employee payroll taxes, "willful" is defined as "a voluntary, intentional violation of a known legal duty"); *United States v. Awad*, 551 F.3d 930, 939 (9th Cir. 2009) (noting that a "willful" act is one undertaken with a "bad purpose" with knowledge that the conduct was unlawful). Thus, whether Singh acted with "knowledge of the law" is vital to the integrity of the charge.

Here, the Indictment fails to allege that Singh knew of his legal duty under Sections 437g(d)(1)(A) and 441e(a)(1)(A), and acted intentionally in contradiction to that duty. The only factual allegation in the Indictment that could possibly support the proposition that Singh acted willfully in violation of a known legal duty is presented by way of a cryptic e-mail that demands the drawing of multiple unreasonable

inferences in order to be construed as evidencing the requisite knowledge and intent. The Indictment quotes from a June 13, 2012 e-mail in which Singh wrote, "I am not responding to this email. Because of the legal ramifications. Please talk to me . . . in person . . . ." Indictment at ¶22i. This vague email is simply not enough to show that Singh had knowledge of the law and acted in contradiction to that duty.

The Indictment is missing key factual allegations, and the oblique reference to "legal ramifications" contained in Singh's June 13, 2012 email fails to fill that void. "The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially, or by way of recital." *Schneiderman*, 102 F. Supp. at 91-92 (citation omitted); *see also United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) ("The requirement that an indictment contain a few basic factual allegations accords defendants adequate notice of the charges against them and assured them that their prosecution will proceed on the basis of facts presented to the grand jury. Such a requirement is neither burdensome nor unfair to the prosecuting authorities."). Without a direct allegation that Singh acted willfully in violation of a known legal duty, Count 3 cannot stand.

### B. The Court Must Dismiss Counts 19 and 24 For Failing to State an Offense

Counts 19 and 24 allege that Singh:

> [D]id knowingly alter, conceal, cover up, falsify and make a false entry into a record and document with the intent to impede, obstruct and influence the investigation and proper administration of matters within the jurisdiction of the Federal Bureau of Investigation – to wit, by concealing and covering up . . . the fact that [Azano] was the true source of the . . . campaign donations and contributions . . . in violation of [18 U.S.C. § 1519].[3]

---

[3] 18 U.S.C. § 1519 states:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any

7

Indictment ¶ 31.  These Counts should be dismissed for two reasons.  First, the Government's position criminalizes innocent conduct.  More specifically, it punishes an individual for abstaining from an action which he had no legal duty to perform.  Second, it is not sufficiently alleged that Singh acted with the intent to impede a federal investigation.

### 1. <u>Singh Did Not Act in Violation of 18 U.S.C. § 1519</u>

The Government's position encourages a disturbingly broad reading of Section 1519.  The position is, ostensibly, that a person can be punished for not disclosing, in a "record, document, or tangible object," donations which he or she had no legal duty to disclose.

The Indictment details for each alleged contribution, under a column titled "Contribution Falsely Represented To Be Made By," the contribution amount and the alleged "false" donor.  Importantly, the Counts alleging an "unlawful" act by Singh only state that the donations were "unreported."  *See* Indictment Counts 19, 24.  Because Singh did not author any records or falsify any documents, the Indictment merely maintains that Singh did not report campaign contributions.  However, the applicable campaign finance laws for Candidate 1 and Candidate 3, both of whom ran for San Diego mayor, require the candidate or committee—and not the contributor—to disclose contributions.  *See* San Diego Municipal Code § 27.2901 et seq.; s*ee also FEC v. Toledano*, 317 F.3d 939 (9th Cir. 2002).  Indeed, the Indictment does not even allege Singh's knowledge as to what disclosures were ever made.

Here, the Indictment does not allege that Singh knowingly destroyed any records, or knowingly authored any false documents.  Rather, the Government merely alleges that Singh concealed, by virtue of his failure to affirmatively disclose in a filed record, that Azano was the true source of campaign donations and contributions.  Such

---

such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

disclosures, however, were never Singh's duty and, indeed, were never undertaken by Singh.

Therefore, as Singh did not author any documents, did not falsify any documents, and did not have a duty to author or submit any documents relating to the alleged campaign contributions, he cannot be charged with a knowing violation of 18 U.S.C. § 1519.

### 2. Singh Did Not Act with the Intent to Impede a Federal Investigation

The Government fails to allege facts that Singh did anything with the intent to impede a federal investigation. As the Eighth Circuit observed in *United States v. Yielding*:

> [18 U.S.C. § 1519] does not impose liability for 'knowingly . . . destroy[ing] . . . any . . . document . . . in . . . contemplation of any [federal] matter,' *without* an intent to impede, obstruct, or influence a matter. If it did, then the statute would forbid innocent conduct such as routine destruction of documents that a person consciously and in good faith determines are irrelevant to a foreseeable federal matter.

657 F.3d 688, 711 (8th Cir. 2011) (emphasis in original). Stated otherwise, under Section 1519, is not enough for a defendant to merely act with knowledge of his literal actions; rather, he must also, at the same time, act with the intent to impede a federal investigation, or in consideration of a federal matter. *Id.*; *see also United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008). Moreover, as noted in *Schneiderman*, where the court was considering an indictment alleging a violation of the Smith Act, "it is not enough to charge that [the activity was undertaken] with intent to violate the law. That would be a mere conclusion. The facts must be set forth, so that the court can determine, and not the pleader, whether or not they constitute the crime." 102 F. Supp. at 95 (citation omitted). Thus, for an indictment to state a violation of Section 1519, it must allege that the defendant knowingly acted with an intent to impede a

federal investigation, *and* must allege facts sufficient for the court to determine whether the defendant's actions, as alleged, constitute a crime.

Here, it is merely alleged that Singh failed to report contributions which he had no legal duty to report. Accordingly, the Indictment fails to allege that Singh acted with the requisite intent to impede a federal investigation. In an apparent attempt to obscure the inadequacy of the Indictment in this regard, there is a rote recitation of a conclusion of law—specifically, that Singh acted "with the intent to impede, obstruct and influence the investigation and proper administration of matters within the jurisdiction of the Federal Bureau of Investigation." Indictment ¶ 31. Such conclusory language is insufficient to state an offense. *See Schneiderman*, 102 F. Supp. at 92 ("[F]acts are to be stated, not conclusions of law alone.") (quoting *United States v. Cruikshank*, 92 U.S. 542 (1875)); *see also United States v. Peel*, No. 2:14-cr-00106-GEB, 2014 WL 3057523 (E.D. Cal. July 7, 2014) (stating an offense must be accompanied by a statement of the facts and circumstances that will inform the accused of the specific offense) (citation omitted).

Because Singh did not falsify any documents, had no legal duty to disclose any campaign contributions and because the Indictment failed to sufficiently allege that Singh acted with the intent to impede a federal investigation, the Court must dismiss Counts 19 and 24 of the Indictment.

### C. The Court Must Dismiss Count 1 For Failure to State an Offense

Count 1 alleges that Singh "did knowingly conspire together with others . . . to commit offenses against the United States," including violations of 2 U.S.C. §§ 437g(d)(1)(A) and 441e(a)(1)(A) and 18 U.S.C. § 1519. Indictment ¶ 20. It is the duty of the court "to carefully scrutinize indictments under the broad language of the conspiracy statute 'because of the possibility, inherent in a criminal conspiracy charge, that its wide net may ensnare the innocent as well as the guilty.'" *United States v. Cogswell*, 637 F.Supp. 295, 299 (N.D. Cal. 1985) (citation omitted).

First, because the conduct alleged in the Indictment does not constitute a violation of any campaign finance law, the alleged agreement to do those acts cannot constitute a conspiracy to violate those statutes. *Cogswell*, 637 F.Supp. at 299. Specifically, the allegations in the Indictment do not establish that Singh possessed the requisite mens rea to violate 2 U.S.C. §§ 437g(d)(1)(A) and 441e(a)(1)(A). Similarly, it is not alleged that Singh authored any documents, falsified any documents, nor had a duty to author or submit any documents relating to the alleged campaign. Therefore the allegations in the Indictment cannot constitute a violation of 18 U.S.C. § 1519. Accordingly, the conspiracy to commit these offenses fails because no substantive offense could have been committed under the facts alleged.

Second, even if it were to be found that there were sufficient facts alleged in the Indictment to constitute a violation of the substantive statutes, to violate the federal conspiracy statute, the defendant must have become a member of a conspiracy knowing of at least one of its objects and intending to help accomplish it. *See* 18 U.S.C. § 371. "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Salinas v. United States*, 522 U.S. 52, 65 (1997). "Proof of the defendant's connection to the conspiracy requires a showing that the defendant knew of the existence of the conspiracy and acted with the intent to further its goals." *United States v. Esparza*, 876 F.2d 1390 (9th Cir. 1989); *see also Manual of Model Criminal Jury Instructions for the Ninth Circuit* § 8.20 (2010).

As previously discussed above, the Indictment fails to allege that Singh: (1) knew of Azano's status as a foreign national; (2) knew of his legal duty pursuant to 2 U.S.C. §§ 437g and 441e, and (3) knew of the campaign's failure to report specific campaign contributions. Without sufficiently alleging that Singh had this requisite knowledge—knowledge of the very object of the alleged conspiratorial agreements—

it is legally impossible that Singh knowingly joined any conspiracy with the intent to further its objectives. For these reasons, Count 1 of the Indictment should be dismissed.

### D. The Court Must Dismiss Count 25 For Failure to State an Offense

Count 25 alleges Singh "did directly and indirectly corruptly give, offer and promise a thing of value to a public official with the intent to influence an official to act and to induce that public official to act in violation of his lawful duties." Indictment ¶ 32. The Indictment further accuses Singh of "offering and giving $1,000 to a federal official in exchange for confidential and classified information; all in violation of Title 18, United States Code, Section 201(b), and Title 18, United States Code, Section 2." *Id.*

The object of an indictment is twofold: first, the indictment must "furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause;" and second, the indictment must "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *Schneiderman*, 102 F. Supp. at 91-92. "For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances." *Id.* (quoting *United States v. Cruikshank*, 92 U.S. 542 (1875)); *see also United States v. Buddenberg*, No. CR-09-00263 RMW, 2010 WL 2735547 (N.D. Cal. July 12, 2010) (holding an indictment to be deficient for not containing facts and circumstances in support of the offense charged).

This Count contains a bare conclusion of law alone, which achieves neither of the two objectives for an indictment. This Count must be dismissed, because it fails to ensure that Singh was prosecuted only on the facts presented to the grand jury. *See*

12

*United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999). Failing to enforce this requirement would allow a court to "guess what was in the minds of the grand jury at the time they returned the indictment . . . ." *Id.* at 1179 (citation omitted). As the court analogized in *United States v. Cruikshank*, "It is a crime to steal goods and chattels; but an indictment would be bad that did not specify with some degree of certainty the articles stolen. This, because the accused must be advised of the essential particulars of the charge against him, and the court must be able to decide whether the property taken was such as was the subject of larceny." 92 U.S. at 558.

So while bribery may be a crime, the Indictment must allege with particularity the public official and the events surrounding the alleged bribery so as to inform Singh of the essential facts of the charge against him. *See, e.g.*, *Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919) (stating that "it is a fundamental rule that the sufficiency of an indictment must be tested on the presumption that the defendant is innocent of it and has no knowledge of the facts charged against him in the pleading").

Importantly, an indictment must also provide sufficient factual support from which the court would to be able to determine whether the allegations, if proven true, would constitute a federal offense. Because the present Indictment fails to sufficiently inform Singh of the facts on which the Government based its charges and similarly fails to inform the Court of facts sufficient to find a federal offense, Count 25 of the Indictment should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Singh respectfully requests that the Court dismiss Counts 1, 3, 19, 24 and 25 of the Indictment.

Dated: June 5, 2015                               **DUANE MORRIS LLP**

                                                  By:   /s/ Michael L. Lipman
                                                        Michael L. Lipman
                                                        Jason M. Ohta
                                                        Attorneys for Ravneet Singh