Steven N. Geise (State Bar No. 249969)
Ashley E. Goff (State Bar No. 299737)
sngeise@JonesDay.com
agoff@JonesDay.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130.4096
Telephone: +1.858.314.1200
Facsimile: +1.858.314.1150

Attorneys for Nonparty Jones Day

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA,<br><br>Defendant. | Case No. 14-CR-0388-MMA<br><br>NONPARTY JONES DAY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO QUASH DEFENDANT'S RULE 17(c) SUBPOENA<br><br>Hon. Barbara L. Major |

## I. INTRODUCTION

Defendant's Opposition uses a blend of speculation and out-of-context media reports to weave a variety of conspiracy theories designed to distract the Court from the fact that he cannot satisfy the *Nixon* standards and his Rule 17(c) Subpoena should be quashed.

The Supreme Court was unambiguous: a moving party under Rule 17(c) "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). On the first hurdle, Judge Anello made clear that the evidence Defendant seeks is "[i]rrelevant [and] immaterial" to his case and, as a result, cannot be subpoenaed. (ECF. No. 58 p.2.) Nothing Defendant has said in his Opposition changes that. On the second hurdle,

Defendant attempts to switch the question away from admissibility at trial to potential use in motion practice but ultimately is forced to concede that the documents he seeks in the Subpoena "may not be admissible at trial." (Opp. Mot. Quash, ECF No. 137, 15:15-17 (hereinafter "Opp.").) And, on the third hurdle, Defendant fails to provide any specificity and insists everyone should be able to read his mind to know what he wants. The failure to clear a single hurdle would be fatal to Defendant's subpoena. Here, Defendant trips on all three. As a result, there is no basis for his Rule 17(c) Subpoena, and this Court should quash the Subpoena.

## II. A RULE 17(C) SUBPOENA MUST SATISFY THE *NIXON* STANDARDS.

One of Rule 17(c)'s primary objectives is to provide the movant a means of sifting, in advance of trial, through voluminous documents that will be offered into evidence. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-21 (1951). As a result, documents can be subpoenaed under Rule 17(c) **"only if they are evidentiary."** *Id.* at 219 (emphasis added). In *Nixon*, the Supreme Court simplified Rule 17(c)'s inquiry for determining whether a subpoena seeks evidentiary materials by holding that a Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700.

In his Opposition, Defendant ignores this authority and claims the *Nixon* standard does not apply when a defendant subpoenas materials from a third party. (Opp. 15:18-17:2.) Defendant is wrong. Defendant overlooked the fact that a binding, Ninth Circuit case cited in his Opposition—*United States v. Fields*—stands for the opposite proposition. (See Opp. 15:27-16:6.) In *Fields*, the Ninth Circuit held—when reversing a district court's denial of a motion to quash a *defendant's* Rule 17(c) subpoena of a *third party*—that there is "no basis for using a lesser evidentiary standard " merely because the defendant was subpoenaing a third party under Rule 17(c). *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981). Instead of following *Nixon* and *Fields,* Defendant urges the Court to apply a

REPLY BRIEF IN SUPPORT OF JONES DAY'S MOTION TO QUASH SUBPOENA

minority approach that lowers the evidentiary burden. (Opp. 16:7-21.) He cites a series of minority-view cases; each of which is inapposite. *See United States v. Nachamie*, 91 F. Supp. 552, 563 (S.D.N.Y. 2000) (finding that defendant met *Nixon*'s three-part test); *United States v. Tomison*, 969 F. Supp. 587, 593 n.14 (E.D. Cal. 1997) (same); *United States v. Tucker*, 249 F.R.D. 58, 67 (applying lower standard only (1) on the eve of trial (2) when the defendant has an articulable suspicion that the documents are material to his defense); *see also United States v. Nosal*, 291 F.R.D. 403, 407 (N.D. Cal. 2013) (recognizing, but choosing to ignore, contrary Ninth Circuit precedent).

In a further effort to distract the Court from the fact that the Subpoena does not seek relevant, admissible, or specific documents, Defendant contends that *Nixon*'s evidentiary standard does not apply because Defendant seeks documents in support of a motion to suppress. (Opp. 14:20-15:17.) Defendant misses the point. *Nixon*'s evidentiary standard does not arise out of Defendant's ultimate use of the materials; it is embedded in Rule 17(c) itself. The chief purpose of Rule 17(c) is to expedite trial by providing the movant a means of reviewing voluminous materials before trial begins. *Bowman Dairy Co.*, 314 U.S. at 220. As a result, Rule 17(c) imposes an evidentiary standard that must be met before a movant can utilize the court's subpoena power. *See Nixon*, 418 U.S. at 699-700.

Defendant cites a number of motion to suppress cases for the proposition that *Nixon*'s evidentiary standard is not applicable. (S*ee* Opp. 14:22-15:14.) Those cases, and Defendant's reliance on them, reveal a fundamental defect in Defendant's argument because none of them relate to a Rule 17(c) subpoena. (S*ee* Opp. 14:22-15:14.) Defendant's lengthy string cite is nothing more than a thinly-veiled attempt to distract the Court with the standard of a motion to suppress rather than the standard for a Rule 17(c) subpoena. Defendant sought a Rule 17(c) subpoena as an avenue to obtain documents and, as a result, must obey the rules of the road and comply with Rule 17(c)'s requirements. A party moving for a Rule

17(c) subpoena "must show . . . that the documents are evidentiary and relevant." *Nixon*, 418 U.S. at 699. Because Defendant cannot do so, this Court should quash the Subpoena.

## III. THE SUBPOENA SHOULD BE QUASHED BECAUSE DEFENDANT FAILED TO SATISFY HIS BURDEN UNDER RULE 17(C).

### A. As Judge Anello Held, The Requested Documents are Irrelevant and Immaterial.

Under *Nixon*, Defendant must show that there is a "sufficient likelihood" that the documents allegedly possessed by Jones Day are "relevant to the offenses charged." *Nixon*, 418 U.S. at 699-700. This Court has already determined the materials subpoenaed are "[i]rrelevant [and] immaterial" to the case against Defendant. (ECF No. 58 p.2, 59.) Nothing Defendant has argued in his Opposition changes that.

Last year, in language directly applicable to *Nixon's* first hurdle, Judge Anello ruled that the documents sought by Defendant's Rule 17(c) Subpoena were "irrelevant, immaterial to the charges against Defendant in this case." (ECF No. 58 p.2.) Defendant does not dispute this. In fact, he admits in his Opposition that "Judge Anello's ruling related to the defense of the 'charges.'" (Opp. 14:15-16.) For purposes of *Nixon*, that alone should be the end of the inquiry.

Rather than confront the inevitable and address the Supreme Court's standard, Defendant attempts to sidestep Rule 17(c)'s requirements by arguing that the subpoenaed documents need not be relevant to the charged offenses to be tried because they relate to a motion to suppress and/or *Brady* violations. (Opp. 14:12-17:20.) In fact, Defendant ignores the necessary inquiry and defiantly states: "What is relevant to a trial on the charges is not the same as what is relevant to a motion to suppress or dismiss." (Opp. 14:20-21.)

First, as discussed above, Defendant's statement may be factually true, but it has no legal bearing on the standard for a Rule 17(c) subpoena. Under *Nixon*, the

4    14-CR-0388-MMA
REPLY BRIEF IN SUPPORT OF JONES DAY'S MOTION TO QUASH SUBPOENA

subpoenaed documents must be "relevant *to the offenses charged,*" not relevant to other pretrial motions. *Nixon*, 418 U.S. at 699-700 (emphasis added). Defendant cannot extract Rule 17(c)'s evidentiary standard and replace it with a discussion of what may or may not be considered on a motion to suppress. Second, courts have repeatedly rejected the use of a Rule 17(c) subpoena to attain information from a third party that the defendant believes was used to initiate the charges by the government. *See, e.g. United States v. Sanchez*, 2007 U.S. Dist. LEXIS 98348 *1-*2 (E.D. Cal Jan 22, 2007) (denying subpoena—under lower evidentiary standard—because Rule 17(c) "is not the appropriate vehicle for enforcing the government's Brady obligations"); *Nachamie*, 91 F. Supp. 2d at 564 (denying a Rule 17(c) subpoena's request for communications between a third party and the government because "[s]uch material should not be produced in advance . . . unless it includes Brady material, in which case the Government will undoubtedly produce it").

Defendant's Opposition makes no attempt to meet the evidentiary standard of relevancy because there is no way that the subpoenaed documents are relevant to his charges. (Jones Day's Mot. Quash, ECF No. 116, 3:26-6:2 (hereinafter "Mot. Quash").) This Court has already ruled on this issue. The documents sought are "[i]rrelevant [and] immaterial to the charges against Defendant in this case." (ECF No. 58 p.2, 59.) The Subpoena's requests are not relevant, and Defendant cannot make them so by changing the applicable legal standard. As a result, this Court should quash the Subpoena.

**B.     Defendant Admits The Requested Documents Are Not Admissible At Trial.**

Even if the subpoenaed materials were relevant (which they are not), the Subpoena does not seek admissible documents. Defendant concedes that he cannot satisfy *Nixon*'s admissibility requirement. (Opp. 15:15-17) ("evidence that may not be admissible at trial (such as the missing email chain and the evidence of the

5                                     14-CR-0388-MMA
REPLY BRIEF IN SUPPORT OF JONES DAY'S MOTION TO QUASH SUBPOENA

Sempra investigation provided to the government) . . . .") Instead, Defendant doubles down on his contention that *Nixon*'s evidentiary standard is replaced by the evidentiary standard for a motion to suppress. (Opp. 14:12-15-17.) As discussed above, Defendant's legal argument is without merit.

There must be a sufficient likelihood that documents subpoenaed under Rule 17(c) subpoena will be admissible *at trial*. *Nixon*, 418 U.S. at 698-700. This is a stricter admissibility burden than civil discovery rules. *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995). It reflects Rule 17(c)'s purpose to act as a catalyst of viewing *trial materials* before the actual date of trial. *Nixon*, 418 U.S. at 698-700. Far from proving that the requested evidence will be admissible at trial, Defendant admits that it may not be. (Opp. 15:15-17.) As a result, his argument fails both on the law and on the facts. In its opening brief, Jones Day demonstrated why the Subpoenaed documents will not be admissible at trial. (Mot. Quash 6:3-7:2.) Defendant apparently agrees. Because Defendant failed to meet his burden to show the requested documents are admissible at trial, the Subpoena should be quashed.

### C. Defendant's Requests Lack The Necessary Specificity.

Defendant's Subpoena is the quintessential example of a fishing expedition: Defendant hopes to sift through Jones Day's emails and documents in the hopes of finding a single, unidentified email chain that he admits will not be admissible at trial. That will not do. Rule 17(c) subpoenas must seek documents with specificity. *Nixon*, 418 U.S. at 700. Defendant's inability to "reasonably specify the information contained or believed to be contained in the documents sought"—other than the email chain—"is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

1. *Request 1: "Written or recorded communications . . . between Jones Day . . . and the Office of the US Attorney or the Federal Bureau of Investigation ("FBI") regarding accusations of criminal conduct by Susumo Azano."*

Defendant contends that his request is "quite simple." (Opp. 19:4.) Specificity, not simplicity, however, is the legal standard. Request 1 is overbroad because Defendant has not specified a time period or relevant custodians within Jones Day. Defendant's theory is based almost completely on the "email chain" that Jones Day and/or Sempra allegedly shared with Former Assistant U.S. Attorney Perry. (Opp. 9:1-10:2.) Yet, Defendant has subpoenaed a much broader scope of communications in a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 314 U.S. at 221. Although Defendant may describe his request as "simple," it cannot be described as "specific."

2. *Request 2: "Information provided to any agency of the United States by Jones Day regarding Mr. Azano or any person or entity related to him."*

Request 2 illustrates that Defendant is conducting widespread discovery through his Rule 17(c) subpoena. Rather than address Jones Day's specificity arguments, Defendant backpedals on Request 2, stating that he "is happy to narrow this class of documents to 'Mr. Azano.'" (Opp. 19:16-23.) Defendant's concession does not remedy Request 2's defects. Even if the request is "narrowed" to Defendant, it still broadly requests "information" without any temporal limitation or limitation to specified government agencies. (*See* Mot. Quash 7:23-27.)

3. *Request 3: "Any materials or correspondence related to any electronic or other surveillance of Mr. Azano by Sempra."*

The broad nature of Defendant's requests and absence of specificity is highlighted by the disconnect between the plain language of Defendant's Request 3 and his contention that the request is "not broad at all." (Opp. 20:1.) Although the

request is not limited to communications between Jones Day and the government (in fact, that improper request is repeated in Request 1 and 2), Defendant defends the request with the logic that "If Jones Day wrote the government about the Sempra investigation of Mr. Azano, they should be ordered to produce the correspondence." (Opp. 20:1-3.) If that is Defendant's interpretation of his broad request, it fails for the reasons Requests 1 and 2 fail.

And, as written, Defendant's request is impermissibly broad. Defendant has not indicated any specific surveillance materials, over any specific time period, that it believes will be admissible and relevant to its case. Rather, Defendant hopes to pour through all of the "materials and correspondences" Jones Day allegedly has on this topic. Further, as Jones Day stressed in its Motion to Quash, the request impermissibly seeks production of "any materials."[1] (Mot. Quash 7:28-8:3 ("Subpoena's that seek any and all documents related to a request over an unspecified period of time generally lack the required specificity under Rule 17(c).").)

    4. *Request 4: "The 'email chain,' shown to, provided to, or discussed wtih [sic] the U.S. Attorney on behalf of Sempra."*

Defendant's Opposition demonstrates that he already possesses knowledge of the contents of the "email chain" and the addresses included on it. Yet, to justify his fishing expedition, he fails to provide Jones Day with a specific description of the document including information as basic as the date or range of dates of the email. Further, Defendant has not established that Jones Day is in possession of the email chain. Without knowing whether Jones Day had any knowledge of or

---

[1] The Subpoena's third request should likewise be quashed because it potentially seeks materials that are protected by the attorney-client and attorney work-product privileges. (Mot. Quash 9:6-10:21.) Defendant contends that such privilege was "likely waived" because the requested documents were provided to the government. (Opp. 22:10-23.) Again, Defendant forgets the scope of his Subpoena's request. Request 3 demands "any materials"—not correspondences with the government—and, as a result, seeks documents to which neither Sempra nor Jones Day would have waived either privilege.

involvement with the email chain, Defendant exploited the Court's subpoena power in order to request Jones Day's records for an elusive email that has no relevance to the charges against him and, as he admits, would not be admissible at trial. That fails every *Nixon* hurdle and must be quashed.

## IV. CONCLUSION

For the foregoing reasons, Jones Day respectfully requests the Court quash the subpoena.

Dated: June 24, 2015        JONES DAY

By: *s/ Steven N. Geise*
    Steven N. Geise
    Ashley E. Goff

Attorneys for Nonparty Jones Day

NAI-1500399771v3