John Hueston, State Bar No. 164921
jhueston@hueston.com
Marshall Camp, State Bar No. 231389
mcamp@hueston.com
Lee Linderman, State Bar No. 280743
llinderman@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

Attorneys for Nonparty Sempra Energy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br><br>vs.<br><br>Jose Susumo Azano Matsura, | Case No. 14-cr-00388-MMA<br><br>**Nonparty Sempra Energy's Reply in Support of Motion to Quash Rule 17(c) Subpoena**<br><br>JUDGE:   Hon. Barbara Lynn Major<br>CTRM:    11th Floor (Carter/Keep) |

## I.   INTRODUCTION

Defendant Jose Susumo Azano Matsura's opposition to nonparty Sempra Energy's Motion to Quash relies on a legal standard that is clearly inapt under controlling Ninth Circuit authority, and confirms the improper purposes and facially vague and ambiguous nature of his Rule 17(c) subpoena.  The Court is respectfully requested to grant Sempra's Motion and quash the Subpoena.

## II.   ARGUMENT

### A.   Mr. Azano Must Satisfy The *Nixon* Standard To Obtain Discovery

Mr. Azano argues that the test set forth in *United States v. Nixon*, 418 U.S. 683 (1974), does not apply to Rule 17 subpoenas issued to nonparties.  Opp. at 15–16.  He is mistaken.  The Ninth Circuit has expressly held that there is "no basis for using

a lesser evidentiary standard [than that set forth in *Nixon*] merely because production is sought from a third party rather than from the prosecution." *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981); *see United States v. Johnson*, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014) ("This standard is the same whether the subpoenaed party is the government or a third party.") (citing *Fields*). Mr. Azano offers no explanation as to why this Court should ignore controlling appellate authority and apply a different standard.

Indeed, the test Mr. Azano proposes "has very limited support and is a distinct minority view." *United States v. Al-Amin*, 2013 WL 3865079, at *8 (E.D. Tenn. July 25, 2013). "[C]ases from the overwhelming majority of courts," including the Ninth Circuit, have applied *Nixon* to Rule 17 subpoenas issued to nonparties, and the "great weight of authority favors applying the *Nixon* test" under these circumstances. *Id.*; *see, e.g.*, *Fields*, 663 F.2d at 881 (Ninth Circuit applying *Nixon* standard to subpoena served on nonparty); *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (same); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984 (same); *United States v. Villa*, 503 Fed. Appx. 487, 489 (9th Cir. 2012) (same); *United States v. Green*, 857 F. Supp. 2d 1015, 1017 (S.D. Cal. 2012).

Accordingly, Mr. Azano's subpoena must be quashed unless he can "demonstrate that the materials he seeks are (1) relevant; (2) admissible; and (3) specific." *Nixon*, 418 U.S. at 700; *Green*, 857 F. Supp. 2d at 1017. He has failed to do so.[1]

---

[1] Even if the alternative standard urged by Mr. Azano were applicable (which it is not), the Subpoena should still be quashed. Mr. Azano argues (erroneously) that the subpoena merely need be "(1) reasonable, construed using the general discovery notion of material to the defense; and (2) not unduly oppressive for the producing party to respond." Opp. at 16. As set forth herein, however, the materials Mr. Azano seeks are *not* material to the defense, and the requests are vague, ambiguous and overbroad. Accordingly, even under the incorrect standard advanced by Mr. Azano, the Subpoena should be quashed. *See* Fed. R. Crim. P. 17(c)(2) (subpoena may be quashed "if compliance would be unreasonable or oppressive").

### B. Mr. Azano Has Failed To Satisfy The *Nixon* Standard

As set forth in Sempra's Motion, the District Court previously ruled in the context of a motion by Mr. Azano to compel discovery from the Government that the same categories of materials he now seeks from Sempra are "[i]mmaterial" and "irrelevant" to the case against Mr. Azano. [Doc. No. 103-1 at 3, 5–6 (quoting Doc. No. 58).] In his opposition, Mr. Azano attempts to distinguish this prior ruling by arguing that when he sought virtually identical materials from the Government, he did so for a different reason than that for which he now seeks the same materials from Sempra. Specifically, Mr. Azano argues that he sought the materials from the Government in connection with potential *defenses*, and now seeks the same materials from Sempra to support an argument "that the wiretap evidence in this case should be suppressed[.]" Opp. at 1.[2] This "distinction" fails and simply confirms that Mr. Azano is attempting to use this Rule 17(c) subpoena for improper purposes.

#### 1. The Subpoena Does Not Seek Documents Relevant To A Suppression Motion

To succeed on his motion to suppress wiretap evidence, Mr. Azano must prove: "(i) the evidence was unlawfully intercepted; (ii) the order of authorization under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." *See* 18 U.S.C. § 2518(10)(a); *United States v. Roybal*, 46 F. Supp. 3d 1127, 1149 (D.N.M. 2014). In considering whether to grant such a motion, "a judge is typically ***limited to the information that the United States submitted to the judge*** who issued the wiretap order." *Roybal*, 46 F. Supp. 3d at 1149 (emphasis added).

Documents in the possession of a private third party such as Sempra are irrelevant to this determination, and Mr. Azano cites no authority to the contrary. Indeed, Mr. Azano does not cite any authority *at all* for the proposition that a court

---

[2] Sempra cannot access the only Motion to Suppress reflected on the docket, as it appears to have been filed under seal. [Doc. No. 110.]

can or should compel discovery from a non-governmental third party in deciding a motion to suppress wiretap evidence. Moreover, even if such authority existed, Mr. Azano's Subpoena is not limited to materials provided to the court that issued the apparent wiretap authorizations in this case, or even to documents or information possessed by or known to the Government when it sought the wiretap. Instead, the Subpoena seeks a wide range documents in *Sempra's* possession, including materials relating to "surveillance of Mr. Azano," and communications between Sempra and governmental agencies regarding Mr. Azano. *See* Doc. No. 103-2 at 3. Such materials are irrelevant to this case, much less to a motion to suppress.[3] The Subpoena should be quashed for this reason alone.

2. Requests 1 and 2 Should be Separately Quashed Because Mr. Azano Has Failed to Make the Showing of Specificity Required by *Nixon*

Even when a Rule 17(c) subpoena is directed to potentially relevant subject matter (which is not the case here), it will still be quashed if the proponent fails to make the strict specificity showing required by *Nixon*. *See United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997) ("Specificity is the hurdle on which many subpoena requests stumble.") (citation omitted). Requests 1 and 2 in Mr. Azano's Subpoena fall far short of that standard.

Rule 17 was "not intended to provide an additional means of discovery" for defendants in criminal cases. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A defendant is thus not permitted to use a Rule 17(c) subpoena to engage in a "fishing expedition" in the "hope that he manages to catch something." *United*

---

[3] Mr. Azano argues that "to use Sempra's logic, Judge Anello has already ruled that surveillance information must be produced under Rule 16." Opp. at 21. Not so. The District Court ordered the Government to produce surveillance documents *in the possession of the Government* [Doc. No. 58 at 3], which may of course be relevant in connection with a motion to suppress, or for other reasons. By contrast, any surveillance-related materials that may have been generated by and be in the possession of *Sempra* are irrelevant to a motion to suppress, or any other issue in the case against Mr. Azano, and the District Court has not ruled otherwise. Mot. at 7.

*States v. Larson*, 2014 WL 5696204, at *5 (N.D. Cal. Nov. 4, 2014). Rather, "[t]he specificity prong of the *Nixon* test requires Rule 17 subpoena requests to be particularized and to identify ***specific items or documents*** that defendants believe in good faith are in existence." *United States v. Lee*, 2009 WL 724042, at *2 (N.D. Cal. Mar. 18, 2009) (emphasis added) (citing *Nixon*, 418 U.S. at 700). This standard is not satisfied "if the defendants do not know what the evidence consists of or what it will show." *Id.*; *see United States v. W. Titanium, Inc.*, 2010 WL 4788551, at *1 (S.D. Cal. Nov. 17, 2010) (quashing subpoena that was "not directed toward the production of ***specific evidentiary materials***") (emphasis added). Mr. Azano's opposition confirms that he cannot make this showing.

> a.   *Request 1: Communications between Sempra and SDPD or "any other law enforcement agency" or "any other government agency regarding alleged criminal conduct by Susumo Azano"*

Far from identifying specific evidentiary materials, as required by *Nixon*, "Request 1" of Mr. Azano's Subpoena is not even limited to communications with specific government agencies, during specific time periods, or as to specific topics (other than the general topic of "alleged criminal conduct by Susumo Azano"). Remarkably, Mr. Azano nonetheless argues in his opposition that the request "could not be more specific." Opp. at 20. This response borders on frivolous. Not only *could* the request be more specific, it *must* be more specific. *See W. Titanium, Inc.*, 2010 WL 4788551, at *1. Mr. Azano's response simply confirms that the request reflects a fishing expedition—indeed, one directed to the same broad category of materials that the District Court determined to be "irrelevant" and "immaterial" when Mr. Azano sought them from the Government—and that it should therefore be quashed. *See id.*; *see also* Fed. R. Crim. P. 17(c)(2) (court may quash subpoena where compliance would be unreasonable or oppressive); *Johnson*, 2014 WL 6068089, at *6.

- 5 -

Case No. 14-cr-00388-MMA
Nonparty Sempra Energy's Reply ISO Motion to Quash Rule 17(c) Subpoena

        *b.*    *Request 2: "Materials or correspondence related to electronic or other surveillance of Mr. Azano"*

Mr. Azano has likewise failed to make the required showing of specificity with respect to "Request 2," which contains a similar shotgun-blast request for all "[m]aterials or correspondence" relating to any "electronic or other surveillance of Mr. Azano." As with Request 1, this request lacks any temporal limitation, any specificity as to occasion or purpose of the purported "surveillance," or any specificity as to the specific evidentiary material being sought (other than that it constitute "materials or correspondence"). In his opposition, Mr. Azano again confirms that this request is merely a fishing expedition, arguing that the requisite specificity is provided by the limitation as to "topic ('electronic or other surveillance of Mr. Azano') and the type of item ('materials or correspondence')." Opp. at 21. As with Request 1, this response fails to "identify specific items or documents."[4] *See Lee*, 2009 WL 724042, at *2; *W. Titanium*, 2010 WL 4788551, at *1. Accordingly, this broad, vague and ambiguous request fails to satisfy the specificity prong of *Nixon*, is unreasonable and unduly burdensome, and should therefore be quashed.

## III.  CONCLUSION

Accordingly, the Court is respectfully requested to grant nonparty Sempra's Motion and to enter an order quashing Mr. Azano's May 26, 2015 Subpoena.

Dated:  June 24, 2015                    Respectfully submitted,

                                           HUESTON HENNIGAN LLP

                                           By: */s/ Lee Linderman*
                                                  Lee Linderman
                                                  Attorneys for Nonparty Sempra Energy

---

[4] Mr. Azano also argues that the Government "admitted" that materials described in Request 2 exist. Opp. at 21. Sempra has no knowledge of this supposed admission, which is irrelevant to the issue of whether the Subpoena meets the specificity standard required by *Nixon*.