WILLIAM P. COLE
Acting United States Attorney (under 28 U.S.C. § 515)
California State Bar No. 186772
ANDREW G. SCHOPLER
HELEN H. HONG
Assistant U.S. Attorneys
California State Bar Nos. 236585/235635
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8068/6990
Fax: (619) 546-0631
Email: william.p.cole@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARCO POLO CORTES (4), <br><br> Defendant. | Case No.: 14CR0388-MMA <br><br> **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY** <br><br> Date: July 17, 2015 <br> Time: 1:30 p.m. <br> Ctrm: Hon. Michael M. Anello |

//

//

//

//

# I

# INTRODUCTION

Defendant Marco Polo Cortes moves to compel discovery of the personnel file of former San Diego Police Department Officer Ernesto Encinas, along with sundry other items. The Court should deny the motion.

First, several of Cortes's requests—including his request for Encinas's personnel file—exceed the United States' discovery obligations. Second, to the extent Cortes seeks proper discovery, he fails to show that the United States has refused to provide it. To the contrary, the United States has already produced extensive discovery, which Cortes's counsel has not yet finished reviewing. And the United States continues to provide discovery. Because the United States will continue to comply with its discovery obligations, and because Cortes has failed to identify any specific item of lawful discovery that the United States has refused to produce, the Court should deny the motion to compel.

# II

# BACKGROUND

## A. The Superseding Indictment

On August 12, 2014, a federal grand jury returned a superseding indictment against Jose Susumo Azano Matsura, Ravneet Singh, ElectionMall, Inc., and Cortes. The superseding indictment charges Cortes in eight counts:

- Count 1: Conspiracy to make campaign donations and contributions by a foreign national aggregating $25,000 and more in a calendar year, in violation of 52 U.S.C. § 30121 (formerly 2 U.S.C. § 441e),[1] and to falsifying related records in violation of 18 U.S.C. § 1519, all in violation of 18 U.S.C. § 371;

- Count 2: Conspiracy to make a contribution in the name of another aggregating $25,000 and more in a calendar year, in violation of 52 U.S.C. § 30122 (formerly 2 U.S.C. § 441f), all in violation of 18 U.S.C. § 371;

- Count 3: Donation and contribution by a foreign national, in violation of 52 U.S.C. § 30121 (formerly 2 U.S.C. § 441e);

- Count 4: Contribution in the name of another, in violation of 52 U.S.C. § 30122 (formerly 2 U.S.C. § 441f); and

- Counts 21-24: Falsification of Records, in violation of 18 U.S.C. § 1519.

On August 21, 2014, Cortes pleaded not guilty.

**B.     Factual Summary**

Azano is a citizen of Mexico who never obtained legal permanent resident status in the United States. Accordingly, Azano is a "foreign national" under Title 52, prohibited from making donations and contributions—directly or indirectly—in connection with any federal, state, or local election.

---

[1] In 2014, after the return of the superseding indictment, the United States Code was renumbered, moving the Title 2 campaign finance statutes from Title 2 to Title 52.

Ernesto Encinas is a retired San Diego Police Department (SDPD) detective who owned a private security and consulting business. Encinas oversaw Azano's protection detail.

Cortes is a San Diego-based lobbyist who, according to public filings, lobbied police officials, city councilmembers, members of council staff and mayoral staff. Cortes was a close associate of Azano and Encinas.

Ravneet "Ravi" Singh was the President of ElectionMall. He specialized in providing website and social media services to political campaigns through the world.

As detailed in the superseding indictment, Azano conspired with Cortes, Singh, ElectionMall, Encinas and others to violate the prohibition on foreign money in federal and local elections. Their efforts were quite successful. Azano quickly became one of San Diego's major sources of campaign cash, secretly donating hundreds of thousands of dollars in connection with the 2012 San Diego mayoral primary and general election cycles, and another $30,000 to the Democratic Congressional Campaign Committee.

The illegal donations ran the gamut of secret campaign finance techniques. These techniques included:

- Handing out cash to fund straw donor contributions to the Candidate 1 campaign during the 2012 primary election cycle;
- Investing $100,000 in an independent expenditure committee supporting Candidate 1 for mayor during the 2012 primary election cycle;

4

- Using a straw donor to funnel $120,000 to an independent expenditure committee supporting Candidate 3's candidacy for mayor during the 2012 general election cycle;

- Using a straw donor to funnel $30,000 to the San Diego County Democratic Party and another $30,000 to the Democratic Congressional Campaign Committee during the 2012 general election cycle;

- Secretly financing ElectionMall's provision of web and social media services supporting the Candidate 1 primary election campaign and then the Candidate 3 general election campaign.

By causing these payments to be reported under conduit names (or, in some instances, not to be reported at all), the conspirators falsified official campaign finance records.

## III

## THE COURT SHOULD DENY CORTES' DISCOVERY MOTION

As Cortes concedes, the United States has provided extensive discovery, which Cortes has not yet finished reviewing. And the United States has not refused to provide any discovery called for by Rule 16 of the Federal Rules of Criminal Procedure or Brady v. Maryland, 373 U.S. 83 (1963). Nevertheless, the United States responds as follows to Cortes's discovery requests.

### A. Encinas's SDPD Personnel File

Encinas is not a police officer. He retired from the SDPD in or about 2009, long before the offenses alleged in the superseding indictment. Cortes does not identify any facts suggesting that Encinas's earlier activities as a police officer have any connection to the charged offenses. Nevertheless, Cortes seeks an order compelling the United States to discover Encinas's SDPD personnel file to him. For several reasons, the Court should deny the request.

First, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), concerns the United States review of personnel files for testifying law enforcement officers. Assuming the United States called Encinas as a witness in this case, he would not be testifying as a law enforcement officer, nor would he testify concerning any activities he undertook as a law enforcement officer. Accordingly, the United States has no affirmative obligation to review his SDPD personnel file.

Second, Henthorn does not extend, in any event, to the personnel files of state law enforcement witnesses not in the United States' possession or control. United States v. Dominguez-Villa, 954 F.2d 562, 566 (9th Cir. 1992)(the United States "is not obligated to review state law enforcement files not within its possession or control").

Third, Cortes's reliance on Milke v. Ryan, 711 F.3d 998 (9th Cir. 2013), is misplaced. Milke involved a habeas corpus petition filed by a state-convicted prisoner. The petitioner claimed her Brady rights were violated when the state

prosecution failed to disclose substantial impeachment material against the interrogating officer. Milke did not consider whether a federal prosecution must turn over another sovereign's officer's personnel file. See United States v. Rivaz-Felix, 2013 U.S. Dist. LEXIS 55895, at *9 (E.D. Cal. 2013)(observing that "[t]he possession, custody and control of the federal government was not at issue in Milke as it is in this case" and denying the defendant's motion to compel discovery of a state law enforcement officer's personnel file).

For these reasons, the Court should deny Cortes's motion to compel production of Encinas's former personnel file.

**B.      Investigation Reports and Notes Regarding Ernesto Encinas**

Cortes requests production of "all investigation reports or notes relating to the government's investigation of Ernesto Encinas and/or Coastline Protection and Investigations, Inc." Cortes's Mot. to Compel, at 6. Rule 16, however, "does not authorize discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). However, to the extent any such reports or notes within the United States possession, custody or control contain information subject to disclosure under Brady, Giglio v. United States, 405 U.S. 150 (1972), or Rule 16, the United States has produced, or will produce, such information.

//

7

**C.**  *Brady* **Material**

The United States will perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment.

**D.**  **404(b) Evidence**

If the United States intends to offer any Fed. R. Crim. P. 404(b) evidence at trial, it will provide reasonable notice to the defense.

**E.**  **Seized Evidence**

Cortes moves to compel "[e]vidence seized as a result of any search, either warrantless or with a warrant[.]" Mot. to Compel, at 8. He does not identify any particular search, nor does he limit his request to items seized from him. See Fed. R. Crim. P. 16(a)(1)(E)(iii).

The United States will provide Cortes with discovery of any item that was obtained from or belongs to him, if any such item exists. The United States also has produced, or will produce, any seized items that constitute Brady material, that are material to Cortes's defense, or that the United States intends to use in its case-in-chief.

**F.**  **Preservation of Evidence**

The United States will endeavor to preserve any physical evidence relating to Cortes's arrest or the events leading to his arrest.

//

8

### G. Tangible Objects

The United States will comply with Fed. R. Crim. P. 16(a)(1)(E)(iii).

### H. Impeachment Information

The United States will continue to produce impeachment information required to meet its obligations under Brady and Giglio.

### I. Communication with Politicians

Cortes seeks to compel disclosure of any communications (recorded or otherwise) between Encinas and any politician or elected official. Cortes cites no authority for this request. However, to the extent the United States possesses any such communication that falls within Rule 16 or Brady, the United States will produce it.

### J. Identification of Sources of Information

Cortes seeks the names, identifying information, and "all other information" relating to "any" source of information referenced in any investigative report. This request is overly broad. Cortes must show that disclosure of a specific informant's name or other identifying information would be "relevant and helpful to the defense" or "is essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Because he fails to make this showing, the Court should deny his motion.

//

//

//

**K.  Press Releases**

Cortes seeks disclosure of any press releases the United States has issued in connection with the case. Such press releases, and related press stories, are publicly available.

**L.  Correspondence**

Cortes moves to compel production of correspondence between government counsel and counsel for any government witness. The United States will produce such information only if it meets the materiality standard of Brady or falls within Rule 16.

**IV**

**CONCLUSION**

For the foregoing reasons, the Court should deny Cortes' motion to compel discovery.

DATED: July 3, 2015

Respectfully submitted,

s/ William P. Cole
s/ Andrew G. Schopler
s/ Helen H. Hong
WILLIAM P. COLE
Acting United States Attorney
ANDREW G. SCHOPLER
HELEN H. HONG
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARCO POLO CORTES (4), <br><br> Defendant. | Case No.: 14CR0388-MMA <br><br> CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, William P. Cole, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing brief on the parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2015

<em>s/ William P. Cole</em>

WILLIAM P. COLE