WILLIAM P. COLE
Acting United States Attorney (under 28 U.S.C. § 515)
California State Bar No. 186772
ANDREW G. SCHOPLER
HELEN H. HONG
Assistant U.S. Attorneys
California State Bar Nos. 236585/235635
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8068/6990
Fax: (619) 546-0631
Email: william.p.cole@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br><br>Defendant. | Case No.: 14CR0388-MMA<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT JOSE SUSUMO AZANO MATSURA'S MOTION TO COMPEL DISCOVERY AND ORDER A *FRANKS* HEARING**<br><br>Date: July 17, 2015<br>Time: 1:30 p.m.<br>Ctrm: Hon. Michael M. Anello |

//

//

//

//

**I**

**INTRODUCTION**

The United States has provided broad and extensive discovery to Mr. Azano—thousands and thousands of pages. Far from taking the miserly view alleged by him, the United States has routinely produced discovery exceeding its obligations under Rule 16 or Brady.

But there are still limits. The Court set those limits last year, when it properly denied the discovery requests that Azano reasserts here. Because nothing has changed, the Court should again deny those requests.[1]

**II**

**BACKGROUND**

**A.    The Superseding Indictment**

On August 12, 2014, a federal grand jury returned a superseding indictment against Jose Susumo Azano Matsura, Singh, ElectionMall, Inc., and Marco Polo Cortes. The superseding indictment charges Azano with: conspiracy to make campaign donations by a foreign national aggregating $25,000 and more, and to falsify records, all in violation of 18 U.S.C. § 371; conspiracy to contribute in the name of another, in violation of 18 U.S.C. 371; donation by a foreign national, in

---

[1] Azano also seeks discovery in connection with his request for a Franks hearing pertaining to his wiretap suppression motion. The United States will address Azano's request for a Franks hearing and related discovery in its response to the suppression motion.

2

violation of 2 U.S.C. § 437g & 441e (now 52 U.S.C. §§ 30109 & 30121);[2] contribution in the name of another, in violation of 2 U.S.C. §§ 437g & 441f (now 52 U.S.C. §§ 30109 & 30122; falsification of records, in violation of 18 U.S.C. § 1519 (multiple counts); and alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(B).

**B.     The Court's Prior Discovery Order**

In August 2014, the Court considered Azano's requests for discovery concerning:

- The reasons for U.S. Attorney Laura Duffy's recusal;

- Communications between Sempra and the USAO or law-enforcement;

- A Henthorn review of agent personnel files for disciplinary action taken against agents relating to Azano;

- Communications and reports concerning Sempra's dispute with Sanchez Ritchie or relating to the Ensenada LNG plant;

- Evidence of investigative "incompetence or worse";

- Documents or other information regarding the "email chain" referenced in 11mc0853.

---

[2] In 2014, after the return of the superseding indictment, Congress renumbered the United States Code and moved these campaign finance statutes from Title 2 to Title 52.

The Court denied each of those requests. [Docket Nos. 58 and 59.]³ Nevertheless, Azano makes the same requests in his present motion.

## IV

## ARGUMENT

**A.** **The Law Governing Criminal Discovery**

Azano devotes a substantial portion of his moving papers to the proposition that the United States must produce any "favorable" information, regardless of materiality. While the United States endeavors to produce favorable information to the defense, its obligation is only to produce <u>Brady</u> information—that is, evidence "material to either guilt or punishment." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>United States v. Bagley</u>, 473 U.S. 667, 674 (1985)("The holding in <u>Brady v. Maryland</u> requires disclosure only of evidence that is both favorable to the accused and 'material either to guilt or to punishment.'"); <u>United States v. Gardner</u>, 611 F.2d 770, 775 (9th Cir. 1980)(the government "need only disclose information favorable to the defense that meets the appropriate standard of materiality"). "[A] rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor[.]" <u>Bagley</u>, 473 U.S. at 675 n.6.

---

³ With respect to the request for <u>Henthorn</u> checks, the Court observed that the United States had already agreed to conduct appropriate <u>Henthorn</u> checks closer to trial, and that Azano had failed to provide good cause to accelerate that aspect of discovery. [Docket No. 58.]

Neither <u>United States v. Olsen</u>, 704 F.3d 1172 (9th Cir. 2013), nor <u>United States v. Price</u>, 566 F.3d 900 (9th Cir. 2009), changed the long-standing definition of <u>Brady</u> material. Instead, they affirmed it. <u>Olsen</u>, 704 F.3d at 1183 ("there is no <u>Brady</u> violation unless the information is material"); <u>Price</u>, 566 F.3d at 907, 911 (same). In <u>Price</u>, the court simply noted the practical difficulties faced by prosecutors in applying the materiality standard pre-trial, and suggested that if doubt exists, the prosecutor should resolve the doubt in favor of disclosure. <u>Price</u>, 566 F.3d at 913.

Here, however, no doubt exists about the immateriality of Azano's renewed discovery requests. In any event, the information that he seeks is not even favorable. "Favorable" means evidence that is exculpatory or impeaching. <u>Strickler v. Green</u>, 527 U.S. 263, 281-282 (1999). As explained below, Azano's discovery requests have nothing to do with whether he actually committed the campaign finance offenses or the firearms offense, nor do they concern impeachment of any witness or evidence the United States intends to present at trial.[4]

---

[4] Throughout his motion, Azano toggles between – and sometimes fails to distinguish between – his trial defense and his apparent pretrial theory that the United States engaged in outrageous governmental misconduct. To the extent Azano seeks discovery to raise some type of pretrial due process claim against the United States, that discovery does not concern whether Azano actually committed the charged offenses, and is neither exculpatory or impeaching within the meaning of <u>Brady</u>. And as explained hereafter, Rule 16 does not apply to such "sword" defenses.

5

*14CR0388-MMA*

**1**   **B.    The Court Should Deny Azano's Discovery Requests**[5]

**2**        **1.    U.S. Attorney Duffy's Recusal**

Azano again seeks discovery concerning the reasons for U.S. Attorney Duffy's recusal. But Federal Rule of Criminal Procedure 16 does not encompass "sword" claims, challenging the prosecution's conduct of the case. United States v. Armstrong, 517 U.S. 456, 462-63 (1996); United States v. Chon, 210 F.3d 990, 995 (9th Cir. 2000). Furthermore, internal communications between the United States Attorney's Office and its General Counsel's office are protected by the attorney-client privilege, the work product privilege, the deliberative process privilege, and Rule 16(a)(2) of the Federal Rules of Criminal Procedure.

In any event, the reasons for the recusal had nothing to do with Sempra, any Sempra attorney, the Sanchez Ritchie litigation, or even Azano. Put simply, Azano's theory of discoverability is completely disconnected from the actual reasons for the recusal, and there is not even any reason for *in camera* review. Thus, even if Rule 16 applied to sword claims (which it does not), his speculative and inaccurate insinuations would not meet his burden for compelling discovery. See United States v. Little, 753 F.2d 1420, 1445 (9th Cir. 1984)(materiality is not established by "conclusory argument").

---

[5] For brevity's sake, the United States does not repeat all of the arguments made in its response to Azano's earlier motion for discovery of the same materials, but merely summarizes them and incorporates the earlier response by reference. See Docket No. 60.

### 2. Sempra's Communications with Law Enforcement and Reports or Other Evidence Concerning Sempra's Dispute with Sanchez Ritchie

Azano renews his requests for discovery of all communications between Sempra (or its attorneys) and the United States Attorney's Office or any law enforcement agency, and discovery of all reports regarding Sempra's dispute with Sanchez Ritchie or its LNG plant in Ensenada. The Court previously denied these requests as "[i]rrelevant, immaterial." [Docket No. 58.]

Nothing has changed. First, by Azano's own account, Sempra's complaint about him to law enforcement took place in early 2011, long before Azano even committed the campaign finance crimes alleged in the indictment. It follows, *a fortiori*, that none of those communications pertained to the charges against him. The information is neither exculpatory nor impeaching.

Second, it is irrelevant whether Sempra is biased against Azano. The United States does not intend to call at trial any Sempra employee, Robert Brewer, or any other Sempra attorney as a witness against Azano, nor does the United States intend to present any evidence of the alleged extortion that Sempra reported to law enforcement in 2011. Brady applies when "the reliability of a given *witness* may well be determinative of guilt or innocence." Giglio v. United States, 405 U.S. 150, 154 (1972)(internal quotations and citation omitted)(emphasis added).

Third, Azano already knows that Sempra wanted the United States to investigate him.[6] As evidenced by multiple citations in his motion, the United States has already produced to him many reports about the Foreign Corrupt Practices Act investigation and the extortion investigation. Azano offers nothing more than sheer speculation that additional discovery would prove material under Rule 16, much less exculpatory or impeaching under Brady. Such conclusory allegations of materiality do not suffice. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990).

Fourth, to the extent Azano's theory is that the prosecutors or case agents are beholden to Sempra – taking instruction from Sempra or bringing charges because it wants them to – the theory is specious and no such discovery exists.

### 3. The United States Will Comply with Henthorn

When Azano last requested that the United States produce Henthorn[7] information, the United States stated its intention to abide by its Henthorn obligations at the appropriate time and in the appropriate manner. The Court declined to accelerate this aspect of discovery. [Docket No. 58.]

Again, nothing has changed. Trial has not yet even been set. As trial approaches, and as the United States determines its trial witnesses, it will discharge its Henthorn obligations.

---

[6] Just as Azano himself has urged the United States to investigate Sempra.
[7] United States v. Henthorn, 931 F.3d 29 (9th Cir. 1991).

8

### 4. The "email chain"

Azano again seeks production of an "email chain" referenced in a pen register application in 2011. For several reasons, this request still lacks merit.

First, the United States has already advised the defense that it does not possess the email chain referenced in the pen register application. Contrary to Azano's suggestion, the United States does not "control" Sempra or the document. For this reason alone, his discovery request should be denied. See United States v. Gatto, 763 F.2d 1040, 1048-49 (9th Cir. 1985)(Rule 16 applies only to papers, documents and tangible objects in the actual possession, custody or control of the government); United States v. Hall, 171 F.3d 1133, 1145 (8th Cir. 1999)(the government "has no obligation to obtain for a defendant records that it does not already have in its possession or control").

Second, Azano's speculation that Sempra obtained the email chain illegally – or that the United States "deliberately" avoided taking possession of it – is just that: speculation. He compounds that speculation by insinuating – again without evidence – that Sempra may have been acting as the United States' agent when it obtained the email chain. His "conclusory allegations" do not warrant discovery. Mandel, 914 F.2d at 1219.

In any event, even assuming the pen register application was defective, suppression is not available. United States v. Smith, 155 F.3d 1051, 1056 (9th Cir. 1998)(the Stored Communications Act does not provide an exclusion remedy); United

States v. Clenney, 631 F.3d 658, 667 (4th Cir. 2011)(same); United States v. Nava, 640 F. Supp. 2d 256, 262 (S.D.N.Y. 2009)(collecting cases).  Azano does not dispute this, but instead erroneously suggests – citing Wong Sun v. United States[8] – that even if the pen register data cannot be suppressed, the "fruits" of that data can be suppressed.  Wong Sun, however, concerned a Fourth Amendment violation, which results not only in suppression of the illegally-obtained evidence but also its fruits.  By contrast, pen register applications implicate the Stored Communications Act, not the Fourth Amendment, and a violation of that Act does not even result in suppression of the data obtained, much less the data's fruit.

Accordingly, the "email chain" is neither material under Rule 16, nor even remotely exculpatory or impeaching.

### 5. Rough Notes of Azano's Statements

Azano asserts that he was interviewed upon his arrest and that there must be rough notes concerning his statements.  In fact, the agents did not interview Azano post-arrest.  Rather, they took him straight for booking.  After his booking photographs and fingerprints were taken, he requested a chance to smoke, and agents escorted him to designated smoking area outside the FBI office building.  The agents did not question him about anything related to the charge against him, but he initiated conversation, making various statements about Sanchez Ritchie and Sempra, and describing the case agent as his "only hope" for justice against Sempra.  The agents

---

[8]   371 U.S. 471 (1963).

did not take any rough notes of these statements, but prepared a formal report concerning them. The United States has already discovered that report to Azano. Accordingly, Azano's discovery request is moot.

## IV

## CONCLUSION

For these reasons, the Court should again deny Azano's discovery requests.

DATED: July 3, 2015                  Respectfully submitted,

                                           s/ William P. Cole
                                           s/ Andrew G. Schopler
                                           s/ Helen H. Hong
                                           WILLIAM P. COLE
                                           Acting United States Attorney
                                           ANDREW G. SCHOPLER
                                           HELEN H. HONG
                                           Assistant United States Attorney

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br><br>　　　　Defendant. | Case No.: 14CR0388-MMA<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, William P. Cole, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing brief on the parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2015

　　　　　　　　　　　　　　　　　*s/ William P. Cole*

　　　　　　　　　　　　　　　　　WILLIAM P. COLE