UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA,<br><br>    Defendant.<br>_____ | CASE No. 14cr388-MMA<br><br>**ORDER GRANTING MOTIONS TO QUASH RULE 17 SUBPOENAS FILED BY NON-PARTIES SEMPRA ENERGY AND JONES DAY**<br><br>**[ECF Nos. 103 & 116]** |

    In late May 2015, after obtaining permission from this Court, Defendant Jose Susumo Azano Matsura ("Defendant Azano") served a Rule 17 subpoena duces tecum on Sempra Energy and a separate subpoena duces tecum on the Jones Day law firm. On June 5, 2015, Sempra Energy and Jones Day filed separate motions to quash the subpoena served on it. ECF Nos. 103 & 116. On June 17, 2015, Defendant Azano opposed both motions [ECF No. 137] and on June 24, 2015, both non-parties filed replies [ECF Nos. 138 & 139].

    Rule 17 of the Federal Rules of Criminal Procedure permits a party in a criminal case to issue a subpoena to obtain "books, papers, documents and data or other objects" but authorizes a court to quash or modify the subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). The United States Supreme Court has analyzed the use of a Rule 17 subpoena and opined that it is "not intended to provide a means for discovery;" "its chief innovation was to expedite the trial by providing a time and place

1

before trial for the inspection of subpoenaed materials." United States v. Nixon, 418 U.S. 683, 698-99 (1974) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). As a result, the Court stated that the party seeking the production of documents

> must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700. The Supreme Court concluded that the party seeking production of documents "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

The Ninth Circuit, and district courts in the Ninth Circuit, have applied this standard in many situations, including cases in which the subpoenaed entity is a non-party and where the subpoena is for a proceeding other than trial. See United States v. Krane, 625 F.3d 568, 574 (9th Cir. 2010) (holding that the Nixon factors are applicable to a subpoena to a third party for documents to be utilized at a sentencing hearing); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (applying the Nixon factors to a subpoena to a third party and stating "we see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States"); United States v. Green, 857 F. Supp. 2d 1015, 1017 (S.D. Cal. 2012) (applying the Nixon factors to a subpoena issued by a defendant to a third party for documents to support his motion to suppress evidence); United States v. Johnson, 2014 WL 6068089, *1-2, 6 (N.D. Cal. 2014) (same).

Defendant Azano argues that this Court should utilize a lower standard when evaluating the propriety of a Rule 17 subpoena issued by a defendant. ECF No. 137 at 17-18. Defendant relies upon out-of-district district court cases, including United States v. Nosal, 291 F.R.D. 403, 409 (N.D. Cal. 2013), to argue that he only needs to establish that the subpoenaed information is material to his defense and not overly oppressive. Id. The Court has reviewed the Nosal opinion and declines to follow it. The Court finds that the

Ninth Circuit and other district courts have appropriately determined that the <u>Nixon</u> factors apply to all Rule 17 subpoenas, whether issued by a defendant or the government and whether the subpoena is directed to the government or a third party.  See <u>Fields</u>, 663 F.2d at 881 (applying <u>Nixon</u> factors to subpoena issued by a defendant to a non-party); <u>Krane</u>, 625 F.3d at 574 (same for subpoena issued by government to a third party); <u>Johnson</u>, 2014 WL 6068089, *1-2 (same for subpoena issued by a defendant to a third party); <u>United States v. Zhang</u>, 2012 WL 195509, *2 (N.D. Cal. 2012) (same).  This Court, therefore, will apply the <u>Nixon</u> factors to the subpoenas issued in this case.

The subpoena issued to Sempra seeks the following documents:

1. Written or recorded communications between Sempra and SDPD or any other law enforcement agency (such as DHS [including ICE Special Agent John Chakwin], or any other government agency regarding alleged criminal conduct by Susumo Azano.

2. Materials or correspondence related to electronic or other surveillance of Mr. Azano.

3. The "email chain," shown to, provided to, or discussed with the U.S. Attorney.

ECF No. 103-2 at 6.  The subpoena issued to Jones Day seeks the following documents:

1. Written or recorded communications … between Jones Day … and the Office of the US Attorney or the Federal Bureau of Investigation ("FBI") regarding accusations of criminal conduct by Susumo Azano.

2. Information provided to any agency of the United States by Jones Day regarding Mr. Azano or any person or entity related to him.

3. Any materials or correspondence related to any electronic or other surveillance of Mr. Azano by Sempra.

4. The "email chain," shown to, provided to, or discussed wtih [sic] the U.S. Attorney on behalf of Sempra.

ECF No. 116-2 at 6.

Both non-parties move to quash the subpoena served on it on the grounds that the subpoena does not satisfy the <u>Nixon</u> test and that compliance with the subpoena would be oppressive.  ECF Nos. 103-1 at 1-10, 116-1 at 5-13.  Jones Day also argues that the third request for documents should be quashed because it seeks privileged documents.

3

ECF No. 116 at 13-14. Defendant Azano opposes the motions. ECF No. 137 at 16-25. The Court will address each argument.

**A.    Relevance**

Non-parties rely on the rulings by the presiding district court judge, Judge Michael Anello, to argue that Defendant has not, and can not, satisfy the relevance requirement of the Nixon test. ECF Nos. 103-1 at 5-6, 116-1 at 7-10. Non-parties argue that the Nixon test requires Defendant Azano to prove the documents are relevant to *trial* issues and that Judge Anello has ruled they are not. Id. Defendant Azano responds that the subpoenaed documents are relevant to his pending and anticipated motions to suppress. ECF No. 137 at 16-19.

Initially, the Court agrees with Defendant Azano that he can utilize a Rule 17 subpoena to obtain documents for a motion hearing and that Defendant must prove that the subpoenaed documents are relevant to issues being litigated at the motion hearing. See Krane, 625 F.3d at 574 (court must apply the Nixon factors in the specific context of the hearing at which they will be used); Green, 857 F. Supp. 2d at 1017 (applying the Nixon factors to determine whether the subpoenaed documents are relevant to defendant's motion to suppress evidence). In determining relevancy, the Court will consider both Judge Anello's ruling and Defendant's motions.

On August 25, 2014, Judge Anello issued a tentative ruling on Defendants' discovery requests. ECF No. 58. In the tentative ruling, Judge Anello indicated that "[a]ny communications between any Jones Day attorney and/or Bob Brewer and any law enforcement agency regarding Defendant or related persons/entities," "[a]ny communications between any employee of Sempra or its subsidiaries and any member of the prosecution team," and "[a]ny communications between Sempra and SDPD or any other law enforcement agency and any third party regarding Defendant" are "[i]rrelevant, immaterial to the charges against Defendant in this case." Id. With regard to the "email chain referenced in the 11 MC 0853 warrant application," Judge Anello denied the request because "Defendant fails to demonstrate how this information is material to the charges

4

in this case." Id.  Finally, with regard to "correspondence related to any electronic surveillance of Defendant...," Judge Anello required the Government to produce any information within its custody and control that is required to be produced under Rule 16. Id. Judge Anello confirmed his tentative ruling after hearing arguments by the parties. ECF No. 59.

Defendant Azano argues that Judge Anello's rulings regarding the relevancy of the requested documents, which were made in August 2014, were limited to relevancy for trial on the pending criminal charges and did not consider whether the documents were relevant to any potential suppression motions. ECF No. 137 at 16-17. Defendant asserts that the requested documents are relevant to his pending and anticipated suppression motions, but he provides little explanation or legal support for this assertion. See id. at 16-19.  In the section entitled "The Subpoenas Materials Relevant to Suppression Motions" [sic], Defendant does not explain how the requested documents are relevant to any of the pending or anticipated suppression motions. Id.  In fact, the final paragraph merely sets forth two theories which may make the evidence admissible at trial and one that may make the evidence admissible in a motion to dismiss. Id. at 19.  There is no discussion or analysis regarding his motions to suppress.  In the "Factual Background" section of the opposition, Defendant Azano states that many of the applications for search warrants, wiretaps, and other legal process submitted by the government during its investigation of Defendant Azano included statements or references to the "email chain" which he is seeking in the subpoenas. Id. at 9-16. Defendant Azano complains that the applications do not explain how Sempra obtained the "confidential emails." Id. at 10-11. Defendant also asserts that the email chain "demonstrates that the U.S. Attorney's Office was working hand-in-hand with Sempra in its prosecution of Mr. Azano." Id. at 11. Defendant further states

> Although the government has never produced any reports related to Sempra's investigation of Mr. Azano, the government told this Court under oath at least four times that "private investigators hired by Sempra" surveilled Mr. Azano. Because the government does not have possession of that investigation, Mr. Azano must subpoena it from Sempra and Jones

5

Day.

Id. (footnote omitted).  Finally, Defendant Azano argues that the wiretaps, "sneak and peak" warrant for Mr. Azano's office, and warrant for Mr. Azano's home are subject to suppression because the affidavits failed to include sufficient information about the email chain, "investigation and information received [by the government] from Sempra," and contained allegations about "extortionate threats" and bribery which allegedly came from Sempra. Id. at 13-16.

While Defendant Azano articulates arguments that he asserts or intends to assert in his motions to suppress, he does not state how or why the specific documents requested in the subpoenas are necessary for or relevant to the motions.  See ECF No. 137.  The Court has reviewed the sealed motion to suppress wiretap evidence filed by Defendant Azano.  See ECF No. 110.  The motion to suppress correctly identifies the relevant issues as whether the application and resulting order established probable cause to believe an individual was committing a crime, whether a communication about that crime would be intercepted, and whether the phone line to be tapped was being used to communicate about the crime and whether the application established necessity for the wiretap.  See id.; 18 U.S.C. § 2518.  While Defendant apparently has not yet filed a motion to suppress search warrant evidence, such a motion also would focus on the probable cause provided in the application and supporting affidavit.  See Fed. R. Crim. P. 41.  Defendant Azano does not explain how any of the requested documents will impact the probable cause determination or otherwise support any of his motions to suppress evidence.  For example, he does not explain how communications between Sempra and any law enforcement agency regarding criminal conduct by Mr. Azano affect the validity of any search warrant or wiretap obtained in this case.  Defendant Azano does not allege or provide any legal support for an argument that the government is required to include in an application for a search warrant or wiretap facts regarding how an investigation began and/or whether a private entity or other source of information provided information to the government if that information is not used in the application or affidavit.  Similarly, Defendant Azano does

6

not explain how any surveillance conducted by Sempra, a non-governmental entity, affects the validity of any warrant or wiretap application. In fact, Defendant Azano does not provide any legal support for his argument that the requested evidence will support his motions to suppress. See Green, 857 F. Supp. 2d at 1019 (granting third-party's motion to quash on lack of relevance because defendant failed to identify a "reasoned and supportable basis" for defendant's suppression argument). As a result, this Court finds that Defendant Azano has not established that the subpoenaed documents are relevant to his pending motion to suppress wiretap evidence or to any anticipated motions to suppress evidence seized pursuant to search warrants.

The Nixon test also requires Defendant Azano to prove that the requested documents "are not otherwise procurable" in advance of the motion hearing. Nixon 418 U.S. at 699. Defendant has not satisfied this requirement as the Court notes that he has filed another discovery motion seeking much of the same evidence. ECF No. 108. The Nixon test also requires Defendant to prove that he "cannot properly prepare for [the motion hearing] without such production and inspection in advance of [the motion hearing]." Nixon, 418 U.S. at 699. Here, Defendant has filed his motion challenging the wiretaps and appears to have been able to assert all of his arguments without the actual documents and without even discussing the documents. See Johnson, 2014 WL 6068089, *8 (denying request for category of documents because defendant can make his legal argument in support of a motion to suppress without the actual documents). Moreover, both requirements are undermined by the fact that Defendant Azano apparently has received substantial evidence in FBI reports and other discovery produced by the Government regarding communications between Sempra and/or Jones Day and the FBI and/or US Attorney's Office and possible surveillance conducted by Sempra. See ECF No. 137 (Defendant's opposition contains numerous cites to FBI ROIs).

Accordingly, this Court follows Judge Anello's determination that the subpoenaed documents are not relevant to the pending criminal charges against Defendant Azano and, to the extent that Judge Anello did not determine the relevancy of the subpoenaed

documents to Defendant's suppression motions, this Court finds that Defendant Azano has not established that the documents are relevant to any of Defendant Azano's motions to suppress evidence. As a result, the Court finds that Defendant Azano has not satisfied the Nixon relevancy requirement.

**B.    Admissibility**

Non-parties argue that Defendant Azano fails to satisfy this element because the requested documents will not be admissible at trial. ECF No. 103-1 at 7-8; 116-1 at 10-11; 138 at 5-6. Defendant Azano responds that the documents are relevant to his motions to suppress evidence and because the Federal Rules of Evidence do not apply to motion hearings, the subpoenaed documents are admissible at the motion hearings. ECF No. 137 at 16-19.

The Court agrees with Defendant that the issue is whether the documents are admissible at the motion hearing, not whether they are admissible at trial. See Krane, 625 F.3d at 574 (court must apply the Nixon factors in the specific context of the hearing at which they will be used); Johnson, 2014 WL 6068089, *6 (acknowledging that the evidentiary rules applicable to suppression hearings differ from those utilized at trial so the Nixon admissibility factor "may not apply with similar force"). Here, as set forth above, the Court finds that Defendant Azano has not established that the subpoenaed documents are relevant to his pending motion to suppress or to any anticipated motion to suppress. However, because Defendant did not provide a sufficient explanation to this Court as to how the requested documents will be used to support his motions to suppress, it is difficult for this Court to determine at this time whether the evidence would be admissible at a motion hearing. The Court therefore does not consider this requirement in resolving non-parties' motions to quash.

**C.    Specificity**

Non-parties argue that the requests are overbroad and lack specificity because they seek broad categories of documents, rather than specific individually-identified documents. ECF Nos. 103-1 at 8; 116-1 at 11-12; 138 at 6-9; 139 at 4-6. Defendant Azano responds

that the requests are sufficiently specific and offers to further tailor some of the requests, if necessary. ECF No. 137 at 19-23.

Rule 17 subpoenas are designed to facilitate the production of relevant and admissible evidence before a trial or other court proceeding to enable the requesting party to inspect and utilize the evidence without delaying the trial or other court proceeding. Nixon, 418 U.S. at 698-99. The subpoena may not be used to conduct a "fishing expedition" for unknown evidence. Id. at 699. "A 'broad request' for documents 'based solely on the mere hope that some exculpatory material might turn up' does not justify enforcement of a Rule 17(c) subpoena." Johnson, 2014 WL 6068089, *6 (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3rd Cir. 1980)).

The Court finds that categories 1 and 2 of the Sempra subpoena and categories 1, 2, and 3 of the Jones Day subpoena are not sufficiently specific. Category 1 of the Sempra subpoena seeks all communications between Sempra and any government agency regarding alleged criminal conduct by Mr. Azano. This request is not tailored to obtain information to support Defendant's motion to suppress; rather, it appears to be a fishing expedition to see what, if anything, any Sempra employee said or wrote to law enforcement about Mr. Azano and it is not limited by time or subject matter. The same analysis applies to categories 1 and 2 of the Jones Day subpoena. Category 2 of the Sempra subpoena and category 3 of the Jones Day subpoena seek records and communications regarding the surveillance of Mr. Azano apparently conducted by Sempra. Again, there is no time limitation and, more importantly, Mr. Azano does not provide any basis for the scope of the request. Mr. Azano's legal argument appears to be that the surveillance was improper. If so, the fact of surveillance could be material and specifically requested but all correspondence regarding the surveillance is a broad request, sounding more like a fishing expedition than a request to support a suppression motion. On the other hand, Defendant's request #3 in the Sempra subpoena and #4 in the Jones Day subpoena for the "email chain" is sufficiently specific. From the pleadings in this case, it is clear that Defendant Azano, counsel for the Government, and both non-parties know the

specific "email chain" that Defendant Azano is requesting. The fact that Defendant Azano does not know the date of and exact participants in the "email chain" does not diminish the specificity of this request given the facts of this case and criminal prosecution.

**D.   Compliance**

Non-parties also argue that compliance with the subpoena would be unreasonable and oppressive. ECF Nos. 116-1 at 12-13. Jones Day argues, without any factual support, that compliance with the subpoena would place an "extreme burden" on Jones Day due to the "overbroad, vague requests." ECF No. 116-1 at 12. Sempra agrees with this concern and also argues that compliance is unduly burdensome because Judge Anello already has denied Defendant Azano's request for these documents and yet Mr. Azano continues a "personal vendetta" against Sempra. ECF No. 103-1 at 9. The Court disagrees with the non-parties' arguments and finds that compliance would not be unduly burdensome or oppressive. The Court believes that both entities are capable of collecting and producing responsive documents to the requests submitted by Defendant, if authorized by the Court. Accordingly, the Court denies the request to quash the subpoena on this basis.

**E.   Privilege**

Jones Day argues that Request #3 should be quashed because it seeks materials protected by the attorney client privilege and the attorney work product privilege. ECF No. 116-1 at 13-14. Defendant Azano responds that the request does not seek privileged material, but if Jones Day believes that any of the responsive documents are privileged, it may withhold the documents and provide an appropriate privilege log. ECF No. 137 at 24.

The third request seeks "[a]ny materials or correspondence related to any electronic or other surveillance of Mr. Azano by Sempra." The Court finds that the request does not seek privileged documents but acknowledges that some responsive documents may be privileged. Jones Day has not provided any evidence indicating that it has identified and reviewed the responsive documents and determined that any or all of them are privileged.

10

Moreover, Jones Day has not provided any legal authority for its unusual position that a subpoena should be quashed when it seeks documents that may be privileged or contain privileged information. This may be because the law clearly provides that in such situations, a responding party should produce the non-privileged documents, withhold the privileged documents, and provide the requesting party with a privilege log. See Krane, 625 F.3d at 571 (when served with a Rule 17 subpoena, Skadden law firm "produced a privilege log identifying three categories of documents … as responsive to the subpoena and indicating that attorney client privilege was being asserted as to all of them"). Accordingly, the Court denies Jones Day's request to quash the subpoena on this basis.

### E. Conclusion

For the reasons set forth above, the Court **GRANTS** the motions to quash filed by non-parties Sempra and Jones Day. The Court enters this order without prejudice. As discussed above, this Court is unable to determine the precise arguments being asserted by Defendant Azano in support of his motions to suppress evidence. If Judge Anello determines that any document identified in either subpoena is relevant to a motion to suppress, Defendant Azano may reapply to this Court for enforcement (or re-issuance) of the subpoena.

**IT IS SO ORDERED.**

DATED: July 10, 2015

BARBARA L. MAJOR
United States Magistrate Judge