1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| UNITED STATES OF AMERICA, | CASE NO. 14cr388-MMA |
|---|---|
| Plaintiff, | **NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DEFENSE MOTIONS SET FOR HEARING ON JULY 17, 2015** |
| vs. | |
| JOSE SUSUMO AZANO MATSURA, et al., | |
| Defendants. | |

Defendants Jose Susumo Azano Matsura ("Azano"), Ravneet Singh ("Singh"), Marco Polo Cortes ("Cortes"), and Electionmall, Inc. ("EMI") are charged in a 26-count Superseding Indictment with various offenses arising out of an alleged conspiracy to violate federal campaign finance laws. *See* Doc. No. 42. The parties are set to appear before the Court for a hearing on multiple defense motions on Friday, July 17, 2015 at 1:30 p.m.  In anticipation of the hearing, the Court issues the following tentative rulings:

### AZANO'S MOTIONS

1.      The Court tentatively **DENIES** the Motion to Dismiss Counts 1 and 3 of the Superseding Indictment [Doc. No. 107].  A three-judge panel of district judges out of the District of the District of Columbia determined that Title 2, United States Code, Section 441e, is constitutional. *Bluman v. Fed. Election Comm'n*, 800 F. Supp. 2d 281 (D.D.C. 2011).  The Court tentatively finds that it is bound by that decision based on the Supreme Court's summary affirmance. *See Bluman v. Fed.*

*Election Comm'n*, 132 S. Ct. 1087 (2012).  In addition, the Court tentatively finds that Section 441e is not unconstitutional as applied to Azano, a foreign national as that term is defined by the statute.  The Court tentatively finds that Section 441e does not violate Azano's Fifth Amendment rights.

2.      The Court tentatively **DENIES** the Motion to Compel Various Documents and Information [Doc. No. 108].  The Court tentatively finds no grounds for altering its previous discovery rulings.

3.      The Court **DECLINES** to issue a tentative ruling on the Motion to Unseal Documents [Doc. No. 109].  The Court will discuss the motion with the parties at the hearing.

4.      The Court tentatively **DENIES** the Motion to Suppress Wiretap Evidence [UNDER SEAL] in part, based on lack of standing, and otherwise **FINDS** the motion moot.

5.      The Court tentatively **DENIES** the Motion to Dismiss Count 26 [Doc. No. 111].  The Court tentatively finds that Title 18, Section 922(g)(5)(B), does not violate Azano's Fifth or Second Amendment rights.  The Court tentatively finds that the statute is not unconstitutionally vague as applied to Azano due to his presence in the United States on a B-1/B-2 non-immigrant visa.  The Court tentatively finds that the protections of the Second Amendment do not extend to aliens temporarily present in the United States on non-immigrant visas, such as Azano.

6.      The Court tentatively **DENIES** the Motion to Dismiss Counts 5-24 for Failure to State a Claim [Doc. No. 112].  The Court tentatively finds that Title 2, Section 441e does not effect a direct regulation of state and local elections.  As such, Section 441e does not overextend federal jurisdiction impermissibly to the conduct at issue in this case.  The Court tentatively finds that Counts 19 and 24 of the Superseding Indictment sufficiently allege violations of Title 18, Section 1519. Section 1519 expressly states that it is illegal if an individual "conceals, covers up, falsifies, or makes a false entry" – the failure to report a donation qualifies as

14cr388

concealing and covering up the campaign contribution of a foreign national, which is illegal under Section 441e.  The Court tentatively finds that Counts 20, 22, and 23 of the Superseding Indictment sufficiently allege violations of Section 1519.  The criminal conduct underlying these counts is not the fact of a corporate donation, but rather Azano's acts of "concealing and covering up . . . the fact that [Azano] was the true source of the . . . campaign donations and contributions."  The Court tentatively finds that Section 1519 is not unconstitutionally vague as applied to Azano.  The Court tentatively finds that the government did not misinstruct the grand jury.

### SINGH'S MOTIONS

7.     For reasons similar to those set forth in paragraph 1 above, the Court tentatively **DENIES** the Motion to Dismiss on Constitutional Grounds [Doc. No. 114].

8.     The Court tentatively **DENIES** the Motion to Dismiss for Failure to Allege an Offense [Doc. No. 115].  The Court tentatively finds that the allegations in the Superseding Indictment are sufficient to imply that Singh had knowledge of Azano's status as a foreign national, and likewise knew that it was illegal for Azano to contribute to state and local elections in the United States because of his status.  The Court tentatively finds that the Superseding Indictment sufficiently alleges that Singh had the requisite intent for violation of Title 18, Section 1519.  The Court tentatively finds that the Superseding Indictment, when read as a whole, sufficiently alleges that Singh had knowledge of the charged conspiracy and its objectives.  The Court tentatively finds that the Superseding Indictment sufficiently alleges a violation of Title 18, Section 201(b).

9.     The Court tentatively **DENIES** the Motion to Suppress Wiretap Evidence [UNDER SEAL] in part, based on lack of standing, and otherwise **FINDS** the motion moot.

10.     The Court tentatively **DENIES** the Motion to Suppress Statements [UNDER SEAL].  The Court tentatively finds that Singh's pre-*Miranda* questioning

by federal agents was not custodial.  The Court tentatively finds that because Singh was not in custody, an impermissible two-step interrogation did not occur.  The Court tentatively finds that Singh's Fifth Amendment right to counsel was not violated because he was not in custody.

11.     The Court tentatively **DENIES** the Motion to Dismiss for Outrageous Government Conduct [UNDER SEAL] based on a tentative finding that the government did not engage in conduct "so shocking to due process values that the indictment must be dismissed."

12.     The Court tentatively **GRANTS** the Motion for Joinder with Co-Defendants' Motions [Doc. No. 151].

### CORTES' MOTIONS

13.     The Court tentatively **DENIES** the Motion to Compel Discovery [Doc. No. 101].  The Court tentatively finds that the primary discovery request, the San Diego Police Department personnel file of Ernesto Encinas, is not subject to disclosure at this time.

14.     The Court tentatively **GRANTS** the Motion for Joinder with Co-Defendants' Motions [Doc. No. 121].

### EMI'S MOTION

15.     The Court tentatively **GRANTS** the Motion for Joinder with Co-Defendants' Motions [Doc. No. 150].


The Court advises the parties that the above rulings are tentative.  The Court will consider additional argument from counsel during the motion hearing.

**IT IS SO ORDERED**.

DATED:  July 16, 2015

Hon. Michael M. Anello
United States District Judge