1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14cr388-MMA |
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: DEFENDANTS AZANO AND SINGH'S MOTIONS TO SUPPRESS WIRETAP EVIDENCE** |
| vs. | |
| JOSE SUSUMO AZANO MATSURA, et al., | |
| Defendants. | |

In June 2013, a district judge in the Southern District of California authorized the interception of wire communications of two individuals ("target subjects") and electronic communications to and from a single cellular telephone ("target telephone") used by one of the target subjects.  After the initial period of interception, the court renewed its authorization for the interception of wire and electronic communications of the previously identified target subjects, additional target subjects, and the target telephone.

Defendants Jose Susumo Azano Matsura ("Azano") and Ravneet Singh ("Singh") have moved to suppress all evidence of wire and electronic communications intercepted over the target telephone, and any derivative evidence, on grounds that the evidence was obtained in violation of the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522.  The parties appeared before the Court for a hearing on these and other motions on Friday, July 17, 2015.  In anticipation of the hearing, the Court

1   issued a tentative ruling denying both motions to suppress, in part, based on lack of

2   standing, and otherwise finding the motions moot. *See* Doc. No. 168.  After hearing

3   the oral arguments of counsel, the Court took the motions under submission, subject

4   to further briefing and/or hearing, if necessary.

5          Upon due consideration, the Court hereby **ORDERS** the parties to submit

6   supplemental briefing regarding the following issues:

7          1.      Whether Azano's motion to suppress is moot based on the

8   government's representation that it will not introduce as evidence at trial the single

9   intercepted call to which Azano was a party during the first 30-day period of

10  interception after the initial wiretap application, nor any derivative evidence;

11         2.      Whether Singh's motion to suppress is moot based on the government's

12  representation that it will not introduce as evidence at trial the two intercepted calls

13  to which Singh was a party during the second 30-day period following the renewal

14  of the wiretap application, nor any derivative evidence; and,

15         3.      Whether Singh has standing to seek suppression of the evidence

16  obtained during the first 30-day period of interception after the initial wiretap

17  application.

18         The government must address the following additional issue in its brief:

19  whether any evidence was derived from the three intercepted calls to which Azano

20  and Singh were parties, and if so, whether the government intends to introduce the

21  derivative evidence at trial.

22         Each party's supplemental brief must be filed on or before **August 5, 2015**

23  and may not exceed twenty-five (25) pages in length.  After submission of the

24  supplemental briefs, the Court will determine whether a further hearing on the

25  motions is necessary.

26         **IT IS SO ORDERED**.

27  DATE: July 21, 2015

28                                      HON. MICHAEL M. ANELLO
                                        United States District Judge