Knut S. Johnson (CSB 125725)
Emerson Wheat (CSB 277456)
LAW OFFICE OF KNUT S. JOHNSON
1010 Second Avenue, Suite 1850
San Diego, California 92101
(619) 232-7080 (Phone)
(619) 232-7324 (Fax)
knut@knutjohnson.com

John C. Lemon (CSB 175847)
Law Office of John C. Lemon, APC
1350 Columbia Street, Suite 699
San Diego, California 92101
(619) 794-0423
john@jcl-lawoffice.com

Attorneys for JOSE SUSUMO AZANO MATSURA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSE SUSUMO AZANO MATSURA,<br><br>　　　　Defendant. | CASE NO. 14-cr-0388-MAA<br><br>**SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION TO SUPPRESS WIRETAP EVIDENCE; JOINDER IN SUPPLEMENTAL PLEADING OF RAVI SINGH**<br><br>**Time: TBA**<br>**Date: TBA** |

**I.**

**INTRODUCTION**

Docket Entry 171, filed on July 21, 2015, this Court ordered counsel for Mr. Azano to submit supplemental briefing on or before August 5, 2015, on the following issue:

> Whether Azano's motion to suppress is moot based on the government's representation that it will not

- 1 -

- 14-cr-0388-MAA

>introduce as evidence at trial the single intercepted call to which Azano was a party during the first 30-day period of interception after the initial wiretap application, nor any derivative evidence.

Whether the government intends to introduce that one call or not, the government used the wiretap as a lynchpin in its investigation and, in particular, in obtaining Court permission for a search warrant of Mr. Azano's home. Under 18 U.S. Code § 2515, the "fruits of the poisonous tree" doctrine from *Wong Sun v. United States*, 371 U.S. 471 (1963) applies to evidence derived from illegal wiretaps. *See, United States v. Smith*, 155 F. 3d 1051, 1059-60 (9th Cir. 1998).

In addition, the government has not stated that it will not use calls in which Mr. Azano was not a was not a party as evidence at trial under Federal Rules of Evidence, Rule 801(d)(2)(E) or some other hearsay exception.  Thus, the wiretap motions are moot for Mr. Azano only if the government agrees not to use *any* intercepted calls at trial *and* agrees to redact the references to the wiretap evidence from the probable cause in the subsequent search warrants when we move to suppress.

## II.
## FACTS

The government used intercepted conversations and data from the illegal wiretaps to further their investigation and procure evidence for trial.  For instance, the government used the results of the illegal wiretaps in, among other pleadings with the Court, including the following:

| *Pleading* | *Date* | *Case Number* | *Discovery Reference* |
|---|---|---|---|
| Application for Pen Register, etc. | 9/18/13 | 13 mc 1168 | EM_PLDGS_00000146 |

| | | | |
|---|---|---|---|
| Application for Pen Register, etc. | 7/23/13 | 13 mc 0923 | EM_PLDGS_00000115 |
| Application for Search Warrant for 1015 O Street, NW, Washington, DC | 1/29/14 | 14 mj 0045 (US DC for DC) | EM_PLDGS_2422-2481 |

The government also used the (illegal) wiretaps in order to obtain a warrant to search Mr. Azano's home. EM_PLDGS_00002178. The affidavit in support of that search directly references the illegally obtained wiretaps in paragraphs 96-99. In paragraph 96 the affidavit notes that the Honorable Anthony J. Battaglia authorized interceptions and the renewed the authorization. However, the affidavit omitted the information detailed in Mr. Azano's motion to suppress the wiretap evidence, including that the investigation of this case took years. During that time the government investigated virtually every possibility of crime. Having come up empty handed, the government sought a wiretap for a nonexistent "bribery" scheme (which may allow a Title III wiretap) and thirty days later pretended the wiretap caused them to stumble on a campaign finance fraud case (Title III forbids wiretaps for campaign finance fraud).

The government also concealed in the wiretap affidavit (which concealment was omitted from the search warrant affidavit) that they had been investigating the campaign finance fraud for a year and a half. In addition, when the government applied for their wiretap they failed to present proof of probable cause or necessity required for a wiretap. As discussed in the wiretap motions, the material misstatements and omissions in the wiretap application warrant a *Franks v. Delaware*, 438 U.S. 154 (1978) hearing or dismissal.

The search warrant affidavit claims that the "wiretap interceptions provide further corroboration of these . . ." illegal campaign activities. The affidavit then details illegally intercepted calls to establish probable cause to search Mr. Azano's home at paragraph 96 (detailed description of call), paragraph 97 (continued detailed description of call), and paragraph 98 (continued description of same call and additional call).

### III.

### MR. AZANO'S MOTION IS NOT MOOT

In *United States v. Cales*, 493 F. 2d 1215 (9th Cir. 1974) the Ninth Circuit considered a case where an illegal wiretap led to an investigation and prosecution of the appellant. The district court in *Cales* suppressed all evidence obtained in the investigation because of the illegal wiretap and the government appealed.

On appeal, the Ninth Circuit in *Cales* held that the government must prove by a preponderance of the evidence that "the evidence which it intends to use at trial was obtained from sources sufficiently independent of the wiretap." *Id*. at 1216 (citations omitted). The Ninth Circuit also directed the district court as follows: "The district court must seek to discover what kind of direction and impetus the illegal wiretap gave to the . . . investigation: did anything seized illegally, or any leads gained from that illegal activity, tend significantly to direct the investigation toward the specific evidence sought to be suppressed?" *Id*. at 1215-126.

The Honorable William Q. Hayes affirmed the *Cales* and *Smith* standards in *United States v. Chavez-Chavez*, 2008 U.S. Dist. LEXIS 33510 (S.D. Cal. 2008):

> Under Ninth Circuit precedent, the inquiry in evaluating taint is [footnote omitted] whether

- 4 -

- 14-cr-0388-MAA

> anything seized illegally or any leads gained from illegal activity, tend significantly to direct the investigation toward the specific evidence sought to be suppressed. [Footnote omitted] *United States v. Cales*, 493 F.2d 1215, 1216 (9th Cir. 1974). The nexus between the original illegality and the specific evidence subject to challenge must be a close one. *Smith*, 155 F.3d at 1061.

In this case the nexus between the illegally obtained wiretap evidence and evidence "subject to challenge" (the evidence seized from Mr. Azano's home) could not be closer or more direct: the government quoted from illegally intercepted calls to obtain the warrant to search Mr. Azano's home. The motion to suppress the evidence obtained with that warrant will be heard at the next motion hearing, but this Court must first rule whether the wiretap (relied upon to obtain the search warrant) was illegal before considering other challenges to the search warrant. Thus, Mr. Azano's motion to suppress is not moot under Ninth Circuit and Supreme Court precedent.

Finally, as the parties have before this Court a motion to dismiss under its supervisory powers because of the illegality of the search warrants (and the government subterfuge) the wiretap issues are not moot.

## IV.
## CONCLUSION

For the foregoing reasons, this Court should grant the above motions.

Dated: March 21, 2014                              Respectfully submitted,

- 5 -

- 14-cr-0388-MAA

/s/ Knut S. Johnson
**Knut S. Johnson, Esq. for**
Jose Susumo Azano Matsura