Michael L. Lipman (SBN 66605)
Jason M. Ohta (SBN 211107)
Duane Morris LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile:  619.744.2201
E-mail:    mllipman@duanemorris.com
           johta@duanemorris.com

Kimberly G. Lippman (Admitted *Pro Hac Vice)*
Duane Morris LLP
1940 Route 70 East, Suite 100
Cherry Hill, NJ 08003-2171
Telephone: 856.874.4230
Facsimile:  856.874.4636
E-mail:    kglippman@duanemorris.com

Attorneys for Defendant
RAVNEET SINGH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOSE SUSUMO AZANO MATSURA, RAVNEET SINGH, ELECTIONMALL, INC., AND MARCO POLO CORTES,<br><br>　　　　　Defendants. | Case No.: 14CR0388-MMA<br><br>**RAVNEET SINGH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER DEFENDANTS AT TRIAL**<br><br>Date:　　January 4, 2016<br>Time:　　9:00 a.m.<br>Ctrm:　　3A<br>Judge:　　Hon. Michael M. Anello |

## I. INTRODUCTION

Ravneet Singh ("Singh") submits this brief in support of his motion to sever defendants for trial, and to proceed with the claims against him at the originally scheduled trial date of February 16, 2016.

The charges against Singh were filed nearly two years ago. Since that time, Singh has been living under the vast shadow of this case. The government's allegations have caused Singh great personal stress and anxiety, and have completely destroyed his political campaign technology company. Singh and his counsel have been diligently preparing for a February 2016 trial, and the government indicated at the last hearing that it was ready to proceed at that time. Accordingly, the Court should sever Singh from his co-defendants and order the government to proceed with its case against Singh on February 16, 2016.

Rule 14 of the Federal Rules of Criminal Procedure empowers the Court to sever charges or defendants in the interests of justice. Singh should be tried separately from his co-defendants for three reasons. First, Singh is only named in 5 of the 26 counts of the Superseding Indictment. There is a high risk that Singh will be prejudiced by the government's presentation of evidence to the jury on the 21 counts of alleged criminal conduct that have absolutely nothing to do with him. Second, the facts of this case are incredibly complex. The Ninth Circuit has ruled that the primary consideration in evaluating a motion for severance is whether an average juror would have the ability to "compartmentalize" the evidence presented in light of the evidence's limited admissibility. Given the sheer volume of discovery and the number of documents, defendants and charges in this case, no rational juror would be capable of compartmentalizing the evidence, even if so instructed by the Court. Third, this Court has recognized the public's interest and Singh's interest in a speedy trial. [Doc. No. 218, p. 2.] Singh's co-defendants may need more time to prepare; however, Singh is ready for trial and should not be prejudiced by further delay.

The only cure to this undue prejudice is to sever Singh from his co-defendants under Rule 14 and allow him to proceed to trial on February 16, 2016.  Accordingly, this Court should grant the motion for severance in the interests of justice.

## II.   BACKGROUND

The government filed its criminal complaint against Singh and others on January 21, 2014 alleging one count of conspiracy.  [Case No. 14cr0387-MMA, Doc. No. 1.]  Almost one month later, the government indicted Singh and others on February 18, 2014 alleging the same conspiracy charge.  [Case No. 14cr0387-MMA, Doc. No. 26.]  Approximately 6 months later, the government filed a Superseding Indictment – currently the operative charging document – against Azano, Singh, ElectionMall and Marco Polo Cortes ("Cortes") in this case on August 12, 2014 alleging 25 additional felony counts.  [Doc. No. 42.]

The Court held a substantive motion hearing on July 17, 2015, ruling on the defendants' discovery and suppression motions.  [Doc. No. 170.]  At the July 17 hearing, the Court set a jury trial for February 9, 2016.  *Id.*  The Court held another substantive motion hearing on October 6, 2015, in which it ruled on defendants' suppression and dispositive motions.  [Doc. No. 204.]  At the October 6 hearing, the Court moved the jury trial one week to February 16, 2016.  *Id.*

Since the October 6 hearing, Singh and his counsel have been preparing for trial.  Shortly thereafter, the government informed defense counsel that it had decided to file additional charges (perhaps a dozen more) against defendants – almost *two* years since the initial charges were filed.  This situation is simply inexcusable.

On December 3, 2015, Cortes's counsel filed a motion to continue the trial date in the interests of justice to permit counsel sufficient time to review voluminous discovery and prepare for trial.  [Doc. No. 213.]  On December 15, 2015, the parties appeared before the Court for a status hearing in which the Court, over Singh's objections, granted Cortes's motion and continued the jury trial five months to July 12, 2016.  [Doc. Nos. 217-218.]  The instant motion follows.

## III. LEGAL STANDARD

This Court has authority to sever Singh's case from his co-defendants under Rule 14 of the Federal Rules of Criminal Procedure. Rule 14(a) provides for the severance of defendants under certain conditions:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Although a motion for severance is committed to the trial court's discretion, *see, e.g., United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980), the granting of such a severance is warranted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

## IV. ARGUMENT

### A. A Court Must Sever When Evidence of a Co-Defendant's Guilt Taints the Ability of the Jury to Fairly Try the Defendant's Case

Rule 14(a) provides for relief where joinder "appears to prejudice a defendant." One form of such prejudice is when evidence of a co-defendant's guilt spills over and taints the jury's impression of a defendant. *See Zafiro*, 506 U.S. at 539. The Supreme Court has recognized this possibility: "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id*. Furthermore, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id*. The district court "must be wary of situations where a jury might impute the guilt of some defendants to other defendants." *United States v. DeRosa*, 670 F.2d 889, 898 (9th Cir. 1982).

Courts have severed defendants for trial when the charges brought against the defendants or the weight of the evidence supporting each charge is wholly disparate or disproportionate. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994). For example, in *United States v. Donaway,* 447 F.2d 940, 943 (9th Cir. 1971), the Ninth Circuit held that the district court erred in denying a defendant's motion to sever his case from his co-defendants when much of the evidence presented at trial had nothing to do with him. Donaway was tried with eight other defendants on a ten-count indictment alleging interstate transmission of wagering information, transmission in aid of gambling, and conspiracy. *Id.* at 941. Donaway's co-defendant, Swank, "was the hub in a wheel of [criminal] activity." *Id.* at 942. The government's case in chief covered more than 2,300 pages of trial transcript; less than 50 of those pages were relevant to Donaway. *Id.* at 943. The Ninth Circuit "[found] it impossible to conclude on the facts here that appellant was not severely prejudiced by the evidence relevant only to the co-defendants. *Despite the trial judge's sincere effort to keep the jury aware of the limitations in the admissibility of evidence*, we hold that the failure to sever as to appellant was an abuse of discretion in violation of Rule 14." *Id.* (emphasis added.)

Similarly, in *United States v. Satterfield*, 548 F.2d 1341 (9th Cir. 1999), the Ninth Circuit reversed a judgment of conviction on the grounds that the defendant had suffered serious prejudice from the trial court's misjoinder of defendants under Rule 8(b). The defendant was joined with a co-defendant, Merriweather, in a ten-count indictment alleging five bank robberies committed in the greater Portland area in a single summer. *Id.* at 1343. The indictment charged that the co-defendant Merriweather alone committed the first, second, and fifth robberies, while Merriweather and Satterfield together committed the third and fourth. *Id.* The Ninth Circuit noted that "[m]ost of the testimony at the trial related to the first, second, and fifth robberies," committed by Merriweather. *Id.* at 1344. Furthermore, "[t]he evidence against Merriweather was strong." *Id.* After finding that joinder under Rule

4

8(b) was improper because the five robberies did not arise from the same series of transactions, the court then addressed the issue of prejudice:

> …Satterfield was substantially prejudiced by joinder with Merriweather. To reiterate: The jury first heard evidence on the fifth robbery, proof of which was exceptionally strong against Merriweather. Subsequently, the jury heard evidence pertaining to the first and second robberies. This evidence, relating to Merriweather alone, *could have had no other effect than to prejudice Satterfield in the precise manner against which rule 8(b) seeks to protect*. Furthermore, the case against Merriweather for the three robberies committed by him alone was stronger than the case against Satterfield for the third and fourth robberies.

*Satterfield*, 548 F.2d at 1346. Notably, the court held that jury instructions could *not* cure the prejudice:

> Although the trial court instructed the jury that the evidence relating to the first, second, and fifth robberies concerned Merriweather alone, in our view the substantial proof of Merriweather's involvement in these robberies prejudiced Satterfield.

*Satterfield*, 548 F.2d at 1346.

Here, as in *Donaway* and *Satterfield*, the interests of justice require separate trials. Singh is one of four defendants in a 26-count indictment. According to the government's theory of prosecution, Singh's co-defendant Azano is "the hub in a wheel of criminal activity." Singh is only named in 5 of the 26 counts. [*See* Doc. 42 (counts 1, 3, 19, 24 and 25)]. Because Singh is named in so few counts, much of the trial evidence and testimony will have nothing to do with him.[1] Just as in *Donaway* and *Satterfield*, there is a high risk that evidence of the co-defendants' guilt on counts in which Singh is not named will spill over and prejudice the jury against Singh. For example, 20 counts in the Superseding Indictment allege falsification of records related to campaign finance. *See id.* (counts 5-24). Singh is only named in 2 of those

---

[1] The government has represented to Singh's counsel that the additional charges in the second Superseding Indictment will not directly involve Singh. Thus, there is an even higher likelihood that Singh will be prejudiced by this additional evidence against his co-defendants.

5

20 false records counts. *Id.* (counts 19, 24). However, after the jury hears evidence that Singh's co-defendants committed the same crime 18 other times, there is a higher likelihood that they will find Singh guilty. *Cf. United States v. DeRosa*, 670 F.2d 889, 898 (9th Cir. 1982) (noting that the district court "must be wary of situations where a jury might impute the guilt of some defendants to other defendants").

Additionally, Count 26 of the Superseding Indictment charges Azano with being an alien in possession of an unlicensed semi-automatic firearm. [Doc. No. 42, p. 17.] This sensational crime, which has absolutely nothing to do with Singh or any of the charges against him, heightens the risk that the jury will be prejudiced against Singh in a joint trial. In *United States v. Vasquez-Velasco*, the Ninth Circuit recognized that a trial court may sever defendants when the types of crimes alleged against them are disproportionate. 15 F.3d 833, 846 (9th Cir. 1994). To support this proposition, the Ninth Circuit favorably cited a D.C. Circuit case holding that a trial court abused its discretion by denying a defendant's motion to sever where the defendant was indicted on two counts of false statement to a grand jury and one count of misprision of a felony, and his co-defendants were indicted and tried for murdering a foreign official. *Id.*; *see United States v. Sampol*, 636 F.2d 621, 642 (D.C. Cir. 1980).

Furthermore, to the extent that either Azano or Cortes has made or will make any inculpatory admissions by the time of trial, the government's introduction of those admissions at trial will violate Singh's Confrontation Clause rights. It is well settled that the admission of a facially inculpatory extrajudicial statement of a non-testifying codefendant in a joint trial violates the Confrontation Clause. *Bruton v. United States*, 391 U.S. 123, 135-36 (1968). This problem cannot be cured through a limiting instruction, because "the risk that the jury will not … follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id.* at 135.

### B. The Charges Are So Complex That No Rational Juror Could Compartmentalize the Evidence, Even If Instructed

In assessing whether joinder of defendants is prejudicial, the issue "of *foremost importance*" is whether the evidence as it relates to individual defendants is easily compartmentalized. *Vasquez-Velasco*, 15 F.3d at 846 (emphasis added); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (holding that whether the jury has the ability to compartmentalize the evidence is the "prime consideration" in assessing prejudicial effect of joint trial). Significantly, this Court is also required to consider "whether the nature of the evidence and the legal concepts involved *are within the competency of the ordinary juror*." *United States v. Fernandez*, 338 F.3d 1199, 1241 (9th Cir. 2004) (emphasis added).

The charges in this case are extremely complicated. This Court declared the case complex on November 3, 2014. [Doc. No. 75.] The trial of this matter is projected to last a month. The first Superseding Indictment is 19 pages long and charges 26 separate counts against four defendants. [*See* Doc. No. 42.] The government has stated that it is preparing a second Superseding Indictment that will undoubtedly increase both the complexity and anticipated length of the trial. Additionally, the discovery produced in this case is voluminous. The government has produced approximately 47,500,000 pages of text (estimated by co-defendant Cortes). [*See* Doc. No. 213-1, p. 5.] The government has indicated that additional discovery will be forthcoming when it files the second Superseding Indictment.

The sheer volume of discovery and number of documents in the case – which the government will no doubt seek to introduce at trial – virtually guarantee that a rational juror will be unable to compartmentalize the evidence presented at trial, as it pertains to individual defendants and individual counts. Even carefully crafted jury instructions cannot cure the problem in a case of this magnitude. *See Donaway*, 447 F.2d at 943 ("Despite the trial judge's sincere effort to keep the jury aware of the

limitations in the admissibility of evidence, we hold that the failure to sever as to appellant was an abuse of discretion in violation of Rule 14."). The size, complexity and anticipated length of this trial strongly weigh in favor of severance, so that there is no risk that jurors will become confused by the 26 counts and hundreds of trial exhibits and inadvertently impute evidence of Azano's and Cortes's guilt to Singh.

### C. The Interests of Justice Require Severance so Singh Can Proceed to Trial

The interests of justice require this Court to sever Singh's case so that he alone may proceed to trial in February 2016. For almost two years, Singh's reputation and livelihood have been destroyed. The experience has been extremely stressful for him and his family. Singh has been under the supervision of Pretrial Services since his release on a $250,000 personal signature bond in 2014. [*See* Doc. No. 57.] He has had to repeatedly rearrange his schedule to accommodate court hearings and meetings with his attorneys, and he must remain in constant communication with counsel.

These criminal allegations have also ruined Singh's business, both internationally as well as domestically. Singh has diligently attempted to provide services to various political campaigns. However, being subject to a pending federal prosecution for campaign finance fraud has made him *persona non grata* in the campaign world. ElectionMall's Board of Directors all resigned after these charges were filed. Even Singh's business pursuits outside of the political arena are impossible because no one wants to invest in the uncertainty of a future criminal trial.

Singh has confidence in the jury trial system and is certain that once his name is cleared of these charges, he will be able to return to the flourishing business that he enjoyed prior to the inception of this case. Further delays in the trial date, at no fault of his own, will cost him more clients and further damage to his professional reputation.

Singh and his counsel are ready for trial. At the December 15, 2015, status hearing, the government indicated that it would be ready to try the case on February

16, 2016. The government has further revealed that the upcoming second Superseding Indictment will not add any new charges against Singh.

In its most recent Scheduling Order, this Court acknowledged that a speedy trial is in "the best interests of the public and the defendants." [Doc. No. 218, p. 2.] Cognizant that the law and the Constitution favor expeditious resolution of criminal proceedings, Singh respectfully requests that this Court grant his motion for severance so that he may proceed to trial in February, and move forward in his work and his life.

## V.   CONCLUSION

For the foregoing reasons, the Court should sever the defendants for trial and order the government's case against Singh to proceed on the originally scheduled date of February 16, 2016.

Dated:  December 17, 2015

**DUANE MORRIS LLP**

By:   /s/ *Michael L. Lipman*
Michael L. Lipman
Jason M. Ohta
Attorneys for Ravneet Singh