FILED

2016 MAR -4  PM 3:21

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1

2

3

4

5              UNITED STATES DISTRICT COURT

6            SOUTHERN DISTRICT OF CALIFORNIA

7               March 2015 Grand Jury

8  UNITED STATES OF AMERICA,        Case No.   14CR0388-MMA

9              Plaintiff,           I N D I C T M E N T
                                    (2nd Superseding)
10        v.
                                    Title 18, U.S.C., Sec. 371 -
11  JOSE SUSUMO AZANO MATSURA (1),  Conspiracy to Commit Offenses
      aka Mr. A.,                   Against the United States;
12    aka Mr. Lambo,                Title 2, U.S.C.,
    RAVNEET SINGH (2),              Secs. 437g(d)(1)(A) and
13    aka Ravi Singh,               441e(a)(1)(A) - Campaign Donation
    ELECTIONMALL, INC. (3),         or Contribution by a Foreign
14  MARCO POLO CORTES (4),          National Aggregating At Least
    EDWARD SUSUMO AZANO HESTER (5), $25,000; Title 2, U.S.C.,
15    aka Susu,                     Secs. 437g(d)(1)(A) and 441f -
      aka Junior,                   Contribution in the Name of
16                                  Another Aggregating At Least
                                    $25,000; Title 18, U.S.C., Sec.
17              Defendants.         1519 - Falsification of Records;
                                    Title 18, U.S.C., Sec. 201(b) -
18                                  Bribery; Title 18, U.S.C.,
                                    Sec. 922(g)(5)(B) - Alien in
19                                  Possession of a Firearm; Title 18,
                                    U.S.C., Sec. 2 - Aiding and
20                                  Abetting; Title 18, U.S.C.,
                                    Secs. 924(g) and 981(a)(1)(C) and
21                                  Title 28, U.S.C., Sec. 2461(c) -
                                    Criminal Forfeiture[1]
22

23     The grand jury charges:

24            The Integrity of the Electoral Process

25     1.    United  States  citizens  have  a  right  to  choose  their

26  political representatives through free and fair elections.   To promote

27  _____

28     [1] As of September 1, 2014, the relevant Federal Election Campaign
    statutes  were  reclassified  at  Title 52,  United  States  Code,
    Sections 30109, 30121, and 30122.

AGS:nlv:San Diego:3/4/16

#252   sf

the integrity of these elections, Congress enacted a series of rules that govern campaign fundraising.

2.    These campaign finance rules are integral to democracy and in ensuring accountability and transparency in elections.

3.    Congress promotes transparency in elections by prohibiting the use of "conduit contributions" made by "straw" donors, as well as other methods designed to conceal the source of campaign financing.   A conduit contribution is one that is made by a person (referred to as the straw donor) on behalf of another person who reimburses the straw donor for the money given to the candidate.

4.    In addition to prohibiting conduit contributions, Congress attempted to curtail foreign influence in elections by prohibiting any "foreign national" from making donations, contributions, or expenditures in support of any candidate at the federal, state, or local level.   A "foreign national" is an individual who is not a United States citizen or national, and who is not a lawful permanent resident of the United States.

<u>Campaigns for Elective Office in San Diego</u>

5.    In 2012 and 2013, a series of elections took place within the Southern District of California.   During the 2012 primary election cycle, a person hereinafter referred to as "Candidate 1" ran for the office of Mayor of San Diego.

6.    During the 2012 primary and general election cycles, a person hereinafter referred to as "Candidate 2" ran for the office of United States Representative for the 51st Congressional District of California.

7.    Also during the 2012 primary and general election cycles, a person hereinafter referred to as "Candidate 3" ran for the office of Mayor of San Diego.

8.    During a 2013 special election cycle, a person hereinafter referred to as "Candidate 4" ran for the office of Mayor of San Diego.

<u>Campaign Finance Methods and Public Records</u>

9.    During the above elections, there were various ways to legally provide financial assistance to a candidate's campaign for office.

10.   For example, a United States citizen could make a contribution or donation directly to a candidate.  Contributions and donations could be made in the form of money, or in the form of some other thing of value, such as goods or services.  When a person made a donation in the form of goods or services, it would generally be referred to as an "in-kind" contribution or donation.

11.   Also for example, a U.S. citizen could make a contribution or donation to an independent expenditure committee, also referred to as an "IE," "PAC," or "SuperPAC."  Similarly, a citizen could make a contribution or donation to a committee of a political party.  These independent expenditure committees and political party committees, in turn, could spend the money to support a particular candidate.

12.   These various types of financial support and in-kind spending had to be reported to government agencies, which maintained records that the public and law enforcement agencies could access.

13.   For instance, the Federal Election Commission maintained a record of contributions made in connection with federal elections. The State of California maintained a record of donations to political committees organized at the county level.  The City of San Diego

3

1  maintained a record of donations to campaigns and independent
2  expenditure committees, as well as a record of expenditures made by
3  independent expenditure committees.

4  <center>Individuals Involved</center>

5  14. JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo
6  ("AZANO"), was a businessman who maintained residences around the
7  country, including two houses in Coronado, California. Among other
8  things, AZANO provided eavesdropping software and other technology to
9  foreign governments.

10  15. Although maintaining residences in Coronado, AZANO was a
11  Mexican citizen, and had never applied for, nor obtained,
12  United States citizenship or lawful permanent resident status in the
13  United States. As a result, AZANO was a "foreign national" and thus
14  prohibited from making donations and contributions — directly or
15  indirectly — in support of any candidate for elective office in the
16  United States at the federal, state, or local level.

17  16. In or about 2011, AZANO began to insert himself in San Diego
18  politics. As part of his involvement, AZANO attempted to ingratiate
19  himself with San Diego politicians and made large donations in support
20  of candidates for elective office in San Diego.

21  17. RAVNEET SINGH, aka Ravi Singh ("SINGH"), was the President
22  of ELECTIONMALL, INC. ("ELECTIONMALL") and at all times worked on its
23  behalf and for its benefit. According to its website, ELECTIONMALL
24  specialized in providing social media services to political campaigns
25  throughout the world. SINGH, who styled himself as a "campaign guru,"
26  worked principally out of offices in Washington, D.C.

27  18. Marc Alan Chase ("Chase") (charged elsewhere), was a
28  United States citizen and the managing member of South Beach

<center>4</center>

1  Acquisitions, Inc. (charged elsewhere) and West Coast Acquisitions,

2  LLC (charged elsewhere).   On behalf of and at the direction of AZANO,

3  Chase: (i) recruited straw donors to make indirect donations on

4  AZANO's behalf to Candidate 1 and paid them back with AZANO's funds;

5  and (ii) agreed to make indirect contributions and donations on

6  AZANO's behalf to independent expenditure committees and political

7  party committees for Candidates 2 and 3 through his company's checking

8  accounts, knowing that he would be reimbursed by AZANO for those

9  checks.

10      19.   EDWARD   SUSUMO   AZANO   HESTER,   aka   Susu,   aka   Junior

11  ("E.S. AZANO"), was a United States citizen and AZANO's son. On behalf

12  of and at the direction of AZANO, E.S. AZANO recruited straw donors to

13  make indirect donations on AZANO's behalf to Candidate 1.

14      20.   "J.W." was a United States citizen who worked for AZANO.   On

15  behalf of AZANO and at the direction of E.S. AZANO, J.W. recruited

16  straw  donors  to  make  indirect  donations  on  AZANO's  behalf  to

17  Candidate 1.

18      21.   "D.D." was a United States citizen and E.S. AZANO's business

19  associate and friend.   On behalf of AZANO and at the direction of

20  E.S. AZANO, D.D. recruited straw donors to make indirect donations on

21  AZANO's behalf to Candidate 1.

22      22.   "E.L."  was  a  United  States  citizen  and  AZANO's  personal

23  secretary.   On behalf of and at the direction of AZANO, E.L. recruited

24  straw  donors  to  give  indirect  donations  on  AZANO's  behalf  to

25  Candidate 1.

26      23.   Ernesto Encinas ("Encincas") (charged elsewhere), was a

27  retired San Diego Police Department ("SDPD") detective and the owner

28

1  of a private security and consulting business. Among other jobs,
2  Encinas oversaw AZANO's protection detail.

3     24. MARCO POLO CORTES ("CORTES") was a San Diego-based lobbyist.
4  According to public filings, CORTES lobbied SDPD officials, city
5  councilmembers, members of council staff, and mayoral staff on a
6  variety of political issues.

7  <div align="center">FBI's Jurisdiction</div>

8     25. The Federal Bureau of Investigation ("FBI") was a
9  United States executive branch agency. Among other things, the FBI
10  was responsible for investigating the potential influence of foreign
11  money in American elections, including the donations, contributions,
12  and expenditures of foreign nationals. The FBI was further
13  responsible for investigating illegal campaign contributions and
14  expenditures of all types, as well as the bribery and attempted
15  bribery of public officials.

16  <div align="center">Count 1: Conspiracy</div>
17  <div align="center">(18 U.S.C. § 371)</div>

18     26. Paragraphs 1 through 25 of this Indictment are realleged and
19  incorporated by reference.

20     27. Beginning on a date unknown and continuing up through
21  September 2013, within the Southern District of California and
22  elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka
23  Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO
24  POLO CORTES, and EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior,
25  knowingly conspired together and with Ernesto Encinas (charged
26  elsewhere), Marc Alan Chase (charged elsewhere), and others to commit
27  offenses against the United States, to wit:

28

a.    Campaign Donations and Contributions by a Foreign National Aggregating At Least $25,000 in a Calendar Year, in violation of Title 2, United States Code, Sections 437g(d)(1)(A) and 441e(a)(1)(A) (recodified at Title 52, United States Code, Sections 30109(d)(1)(A) and 30121(a)(1)(A)); and

b.    Falsification of Records, in violation of Title 18, United States Code, Section 1519.

<u>Manner and Means of the Conspiracy</u>

28.  In furtherance of this conspiracy, and to effect its objects, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO POLO CORTES, EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior, and other conspirators used the following manner and means, among others:

a.    AZANO and others surveyed candidates for various elective offices in San Diego to determine which ones they should support.

b.    AZANO sought private meetings with candidates.

c.    Encinas and CORTES acted as intermediaries for AZANO, communicating with campaign staff and other stakeholders about how AZANO might be able to lend financial support.

d.    Once AZANO decided to support a candidate, he and his co-conspirators designed secret, illicit methods of contributing to the candidate's campaign, knowing that AZANO could not finance the campaigns directly because of campaign contribution/donation limits and his status as a foreign national.

e.   On some occasions, AZANO used individuals as conduits, or "straw donors," to facilitate his campaign donations.   These straw donors would be provided with money up front, or reimbursed later, for any donations they made on his behalf.

f.   On yet other occasions, AZANO recruited a family member to locate other potential "straw donors," who were willing to funnel AZANO's money to candidates.

g.   On one occasion, AZANO recruited Chase to act as a conduit to illegally funnel large amounts of cash.   At AZANO's direction, Chase wrote checks to political parties and independent expenditure committees that would support AZANO's chosen candidates.   AZANO also used companies and an independent expenditure committee of his own creation to direct money to the candidates he supported.

h.   As AZANO used increasingly secret ways of influencing political campaigns, he and SINGH arranged unreported in-kind contributions to various candidates.   In particular, using his company, ELECTIONMALL, SINGH provided social media services to candidates that AZANO supported.

i.   AZANO funded ELECTIONMALL's services, using a Mexico-based company to transmit payment to ELECTIONMALL's bank account, and never provided any invoice or other bill of costs to the campaigns themselves.

j.   Ultimately, AZANO, SINGH, CORTES, and others ensured that AZANO's name did not appear on public filings in

8

1  connection with the illegal contributions and donations
2  because they knew AZANO was not allowed to finance
3  campaigns directly as a foreign national, and they knew
4  it was illegal to evade campaign contribution and
5  donation limits in the manner AZANO was doing.

6  <div align="center">Overt Acts</div>

7  29.  In furtherance of the conspiracy and to effect its objects,
8  the following overt acts, among others, were committed within the
9  Southern District of California and elsewhere:

10  <div align="center">Early Financial Support of Candidate 1</div>

11  a.  In late December 2011, AZANO instructed E.S. AZANO to
12  recruit friends and associates to act as straw donors
13  to make indirect donations on AZANO's behalf to
14  Candidate 1.

15  b.  In late December 2011, E.S. AZANO delivered thousands
16  of dollars in cash, as well as preprinted envelopes, to
17  straw donors whom he had recruited for AZANO. In late
18  December 2011, AZANO instructed E.L. to recruit one of
19  his employees, "A.G.," to act as straw donor (along
20  with A.G.'s wife) to make indirect donations on AZANO's
21  behalf.

22  c.  On December 21, 2011, J.W. (a straw donor recruited by
23  E.S. AZANO) sent an email to six of his friends,
24  stating in part: "I need to get a $500 check from you
25  to help Susu and His Father support the soon to be
26  Mayor Bonnie Dumanis. We will give you the cash right
27  away so you won't lose any money but your support is
28  appreciated and very much needed."

d.   On December 23, 2011, E.L. deposited $1,000 in A.G.'s bank account to reimburse A.G. for the check he and his wife submitted to Candidate 1 on behalf of AZANO.

e.   In late December 2011, AZANO instructed Chase to recruit employees and friends to act as straw donors to make indirect donations to Candidate 1 on AZANO's behalf.

f.   In late December 2011, AZANO caused approximately $10,000 in cash, as well as preprinted envelopes, to be delivered to Chase.

g.   Between December 2011 and January 2012, as instructed, Chase recruited employees and friends to donate to Candidate 1, giving them each between $500 and $1,000 of the money AZANO had provided, and advising many that the cash had come from AZANO.

h.   In late 2011 or early 2012, AZANO met Candidate 1 at AZANO's Coronado house.

i.   In about May 2012, AZANO agreed to create, and did help create, an independent expenditure committee supporting Candidate 1.

j.   On or about May 2, 2012, AZANO contributed $100,000 to the independent expenditure committee.

AZANO's In-Kind Donations to Candidate 1

k.   On or about February 26, 2012, ELECTIONMALL sent an email, copying SINGH and AZANO, and attaching an invoice that reflected $75,000 for "promot[ing]" online outreach in support of Candidate 1.

l.   On or about March 13, 2012, ELECTIONMALL sent another email, again copying SINGH and AZANO, stating: "Enclosed is the invoice for the betty boo project for 100k it was originally 75 but Mr Singh explained the need for the additional 25 during his last visit to San Diego and Mr A verbally agreed [sic]."

m.   On or about June 13, 2012, SINGH sent an email to Encinas telling him not to discuss their illegal campaign financing in writing, only in person. Specifically, in response to an Encinas email concerning SINGH's unreported services for Candidate 1, SINGH wrote, in part, "I am not responding to this email.  Because of the legal ramifications.  Please talk to me . . . in person."

AZANO's Straw Donations to Candidates 2 and 3

n.   On or about August 17, 2012, AZANO, CORTES, Encinas, and Candidate 3 met at AZANO's house in Coronado, California.

o.   On or about August 21, 2012, CORTES received, and forwarded to Encinas, an email from a representative of Candidate 2 that included a link to the Federal Election Commission's rules governing the prohibition against contributions by foreign nationals.

p.   On or about September 17, 2012, AZANO met Candidate 2 for dinner in downtown San Diego.

q.   In about August and September, 2012, AZANO, CORTES, and Encinas discussed how best to support Candidate 2's and Candidate 3's campaigns.

1      r.   In or about September 2012, AZANO instructed Chase to
2           make certain large contributions and donations in
3           support of Candidates 2 and 3.

4      s.   On or about September 24, 2012, at AZANO's direction,
5           Chase wrote a $30,000 check to a political party
6           committee associated with Candidate 2's campaign for
7           federal office.

8      t.   On or about September 27, 2012, at AZANO's direction,
9           Chase wrote a $120,000 check to an independent
10     expenditure committee supporting Candidate 3's campaign
11     for mayor.

12     u.   On or about September 27, 2012, at AZANO's direction,
13     Chase wrote a $30,000 check to a political party
14     committee associated with Candidate 3's campaign for
15     mayor.

16     v.   In September or October 2012, CORTES personally
17     delivered the $120,000 check to a representative of the
18     independent expenditure committee.

19     w.   On or about October 2, 2012, AZANO caused a $380,000
20     check to be given to Chase to cover the purchase of
21     $200,000 worth of artwork and $180,000 as
22     reimbursements for the campaign contributions he had
23     written on or about September 24 and 27, 2012.

24        <u>AZANO's In-Kind Donations to Candidate 3</u>

25     x.   In or about October 2012, SINGH, Encinas, and CORTES
26     visited Candidate 3's campaign offices and told staff
27     that they were authorized to handle Candidate 3's
28     social media efforts.

1       y.   In or about October 2012, when asked to provide a quote

2            for their services, SINGH represented that the expenses

3            would be "taken care of."

4       z.   In or about October 2012, SINGH and CORTES created a

5            "war room" within the campaign offices of Candidate 3.

6      aa.  On or about October 15, 2012, AZANO caused a Mexico-

7            based company to transmit $96,980 to ELECTIONMALL for

8            the purpose of funding social media services supporting

9            Candidate 3.

10     bb.  On or about October 29, 2012, AZANO caused the same

11           Mexico-based company to transmit $94,975 to

12           ELECTIONMALL for the purpose of funding social media

13           services supporting Candidate 3.

14     cc.  In or about December 2012, AZANO invited Candidate 3 to

15           his home in Coronado Cays.

16                The Special Mayoral Election

17     dd.  On or about August 1, 2013, acting as AZANO's agent,

18           Encinas spoke with a personal friend of Candidate 4

19           (who did not know about the meeting) and asked whether

20           Candidate 4 would be interested in "foreign

21           investment."

22     ee.  On or about August 28, 2013, Encinas and CORTES met

23           with the friend of Candidate 4 (who did not know about

24           the meeting) to discuss how AZANO might be able to

25           support his candidacy.

26 All in violation of Title 18, United States Code, Section 371.

27

28

1 <div align="center">Count 2: Conspiracy</div>

2 <div align="center">(18 U.S.C. § 371)</div>

3    30.   Paragraphs 1 through 25 of this Indictment are realleged and

4 incorporated by reference.

5    31.   Beginning on a date unknown and continuing through September

6 2013, within the Southern District of California and elsewhere,

7 defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, and

8 MARCO POLO CORTES knowingly conspired together and with Ernesto

9 Encinas (charged elsewhere), Marc Alan Chase (charged elsewhere), and

10 others to commit an offense against the United States – to wit,

11 Contribution in the Name of Another Aggregating At Least $25,000 in a

12 Calendar Year, in violation of Title 2, United States Code, Sections

13 437g(d)(1)(A) and 441f (recodified at Title 52, United States Code,

14 Sections 30109(d)(1)(A) and 30122).

15    32.   In furtherance of the conspiracy and to effect its object,

16 the following overt acts, among others, were committed within the

17 Southern District of California and elsewhere:

18        a.    In or about September 17, 2012, AZANO met Candidate 2

19              for dinner in downtown San Diego.

20        b.    In about August and September, 2012, AZANO, CORTES, and

21              Encinas discussed how best to support Candidate 2's and

22              Candidate 3's campaigns.

23        c.    In or about September 2012, AZANO, accompanied by

24              Encinas, instructed Chase to make certain large

25              contributions in support of Candidates 2 and 3.

26 //

27 //

28 //

1         d.    On or about September 24, 2012, at AZANO's direction,

2                Chase wrote a $30,000 check to a political party

3                committee associated with Candidate 2's campaign for

4                federal office.

5 All in violation of Title 18, United States Code, Section 371.

6         <u>Count 3: Donation and Contribution by a Foreign National</u>

7            (2 U.S.C. §§ 437g(d)(1)(A) and 441e(a)(1)(A))

8     33.   Paragraphs 1 through 25 of this Indictment are realleged and

9 incorporated by reference.

10     34.   From in or about May 2012 through in or about November 2012,

11 within the Southern District of California, defendants JOSE SUSUMO

12 AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi

13 Singh, ELECTIONMALL, INC., MARCO POLO CORTES, and EDWARD SUSUMO AZANO

14 HESTER, aka Susu, aka Junior, knowingly and willfully did, directly

15 and indirectly, make contributions and donations of a foreign national

16 aggregating at least $25,000 during a calendar year in connection with

17 Federal and local elections – to wit,

18         a.    by donating $100,000 of AZANO'S money to an independent

19                expenditure committee that supported Candidate 1's

20                campaign for the office of Mayor of San Diego during

21                the 2012 primary election cycle;

22         b.    by donating approximately $128,000 of services to

23                Candidate 1's campaign for the office of Mayor of

24                San Diego during the 2012 primary election cycle, as

25                financed by AZANO;

26         c.    by contributing $30,000 of AZANO's money to a political

27                committee that supported candidates for federal office;

28 //

d.   by donating $120,000 of AZANO's money to an independent expenditure committee that supported Candidate 3's campaign for the office of Mayor of San Diego during the 2012 general election cycle;

e.   by making a donation of $30,000 to a political committee that supported Candidate 3's campaign for the office of Mayor of San Diego during the 2012 general election cycle; and

f.   by donating services worth approximately $191,950, financed by defendant AZANO to Candidate 3's campaign for the office of Mayor of San Diego during the 2012 general election cycle;

all in violation of Title 2, United States Code, Sections 437g(d)(1)(A) and 441e(a)(1)(A) (recodified at Title 52, United States Code, Sections 30109(d)(1)(A) and 30121(a)(1)(A)), and Title 18, United States Code, Section 2.

<u>Count 4: Contribution in the Name of Another</u>

(2 U.S.C. §§ 437g(d)(1)(A) and 441f)

35.   Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference.

36.   On or about September 24, 2012, within the Southern District of California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, and MARCO POLO CORTES knowingly and willfully made a contribution in the name of another person aggregating at least $25,000 during a calendar year in connection with Federal elections — to wit, by contributing $30,000 of defendant AZANO's money in Marc Chase's name to a committee of a political party supporting federal candidates; all in violation of Title 2, United States Code,

16

1  Sections 437g(d)(1)(A) and 441f (recodified at Title 52, United States
2  Code, Sections 30109(d)(1)(A) and 30122), and Title 18, United States
3  Code, Section 2.

4      Counts 5-37: Falsification of Records Related to Campaign Finance
5                              (18 U.S.C. § 1519)

6      37.  Paragraphs 1 through 25 of this Indictment are realleged and
7  incorporated by reference.

8      38.  On or about the dates below, within the Southern District of
9  California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka
10 Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL,
11 INC., MARCO POLO CORTES, and EDWARD SUSUMO AZANO HESTER, aka Susu, aka
12 Junior, as set forth below, knowingly concealed, covered up,
13 falsified, and made a false entry in a record and document with the
14 intent to impede, obstruct, and influence the investigation and proper
15 administration of matters within the jurisdiction of the Federal
16 Bureau of Investigation, and in relation to and in contemplation of
17 such matters - to wit, by concealing and covering up, in records
18 specified below, the fact that defendant AZANO was the true source of
19 the following campaign donations and contributions:
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

| COUNT | DATE | DEFENDANTS | RECORD | AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 5 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $1000 | A.G. and L.G. |
| 6 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | J.W. |
| 7 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | P.M. |
| 8 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.K. |
| 9 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.G. |
| 10 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | B.D. |
| 11 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.L. |
| 12 | 12/31/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.N. |
| 13 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | I.D. |
| 14 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | J.G. |
| 15 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | A.D. |

| COUNT | DATE | DEFENDANTS | RECORD | AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 16 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.G. |
| 17 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | B.H. |
| 18 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Marc Chase |
| 19 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.C. |
| 20 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | O.F. |
| 21 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | L.Z. |
| 22 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | S.H. |
| 23 | 12/31/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | K.H. |
| 24 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | C.P. |
| 25 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.A. |
| 26 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | E.G. |

| COUNT | DATE | DEFENDANTS | RECORD | AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 27 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | T.G. |
| 28 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | W.N. |
| 29 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | S.N. |
| 30 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Mi.P. |
| 31 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Ma.P. |
| 32 | February 2012 | AZANO; SINGH; ELECTIONMALL | San Diego City Clerk's Record of Donations to Candidate 1 | $128,000 | Unreported |
| 33 | 5/2/12 | AZANO | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Candidate 1 | $100,000 | Airsam N492RM, LLC |
| 34 | 9/24/12 | AZANO; CORTES | Federal Election Commission's Record of Donations | $30,000 | Marc Chase |
| 35 | 9/27/12 | AZANO; CORTES | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Candidate 3 | $120,000 | South Beach Acquisitions, Inc. |

| COUNT | DATE | DEFENDANTS | RECORD | AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 36 | 10/4/12 | AZANO; CORTES | California Secretary of State Record of Donations to Political Parties | $30,000 | West Coast Acquisitions, LLC |
| 37 | November 2012 | AZANO; SINGH; CORTES; ELECTIONMALL | San Diego City Clerk's Record of Donations to Candidate 3 | $191,950 | Unreported |

All in violation of Title 18, United States Code, Sections 1519 and 2.

<div align="center">Count 38: Bribery</div>

<div align="center">(18 U.S.C. § 201(b))</div>

39.   Beginning in approximately December 2013 and continuing to approximately January 2014, within the Southern District of California and elsewhere, defendants RAVNEET SINGH, aka Ravi Singh, and ELECTIONMALL, INC., directly and indirectly, corruptly gave, offered, and promised a thing of value to a public official with the intent to influence an official act and to induce that public official to do an act and omit to do an act in violation of his lawful duties — to wit, by offering and giving $1,000 to a federal official, O.M., a Special Agent with the Federal Bureau of Investigation posing as an agent with the Drug Enforcement Administration, in exchange for confidential and classified information; all in violation of Title 18, United States Code, Sections 201(b) and 2.

//
//
//
//
//

1               <u>Count 39: Alien in Possession of a Firearm</u>

2                       (18 U.S.C. § 922(g)(5)(B))

3      40.   Beginning  on  an  unknown  date  and  continuing  up  to  on  or

4 about January 22, 2014, within the Southern District of California and

5 elsewhere,  defendant  JOSE  SUSUMO  AZANO  MATSURA,  aka  Mr.  A.,  aka

6 Mr. Lambo, then being an alien admitted to the United States under a

7 nonimmigrant visa — and not having been admitted to the United States

8 for  lawful  hunting  or  sporting  purposes,  and  not  possessing  any

9 hunting license or permit lawfully issued in the United States, and

10 not having received a waiver from the Attorney General — knowingly

11 possessed in and affecting interstate commerce, a firearm — to wit, a

12 black  Sig  Sauer  P225  bearing  serial  number  M634983,  said  firearm

13 having  been  shipped  and  transported  in  interstate  commerce;  in

14 violation of Title 18, United States Code, Section 922(g)(5)(B).

15                       <u>FORFEITURE ALLEGATIONS</u>

16      41.   Upon conviction of the offense alleged in Count 38 of this

17 Indictment,  defendants  RAVNEET  SINGH,  aka  Ravi  Singh,  and

18 ELECTIONMALL, INC., shall forfeit to the United States all property,

19 real  and  personal,  which  constitutes  or  is  derived  from  proceeds

20 traceable  to  the  violation  of  Title  18,  United  States  Code,

21 Section 201, including but not limited to $1,000; all in violation of

22 Title  18,  United  States  Code,  Section  981(a)(1)(C),  and  Title  28,

23 United States Code, Section 2461(c).

24      42.   If  any  of  the  above-described  forfeited  property,  as  a

25 result of any act or omission of defendants RAVNEET SINGH, aka Ravi

26 Singh, or ELECTIONMALL, INC., cannot be located upon the exercise of

27 due  diligence;  has  been  transferred  or  sold  to,  or  deposited  with,  a

28 third  person;  has  been  placed  beyond  the  jurisdiction  of  the  Court;

has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described above subject to forfeiture.

43. Upon conviction of the offense alleged in Count 39 of this Indictment, defendant JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following: the black Sig Sauer P225 bearing serial number M634983, and all ammunition found with it; all pursuant to Title 18, United States Code, Sections 924(g), and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: March 4, 2016.

A TRUE BILL:

_____
Foreperson

ALANA W. ROBINSON
Attorney for the United States
Acting Under Authority Conferred by Title 28,
United States Code, Section 515

By: _____
ANDREW G. SCHOPLER
MARK W. PLETCHER
HELEN H. HONG
Assistant U.S. Attorneys