# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA, et al.,<br><br>                           Defendants. | Case No.:  14cr388-MMA<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE STATUS HEARING**<br><br>[Doc. No. 270] |

Upon due consideration, good cause appearing, the Court **GRANTS** the parties' joint motion, **VACATES** the status hearing currently set for April 4, 2016, and **RESETS** the status hearing for **April 18, 2016 at 2:00 p.m.**

Based on the parties' joint motion to continue and exclude from the Speedy Trial Act calculations the time from April 4, 2016, through April 18, 2016, based on pending pretrial motions and the ends of justice, this Court also **FINDS**:

1. There are pending pretrial motions that require a hearing. *See* Doc. Nos. 101, 146. At the March 8, 2016 hearing, the parties briefly addressed the merits of Cortes' request for discovery of Encinas's SDPD personnel file. At the April 18, 2016 motion hearing date, the parties wish to be heard further on that issue as well as the other requests made in Cortes' discovery motion.

2. As for the "ends of justice" time exclusion, the filing of the second superseding indictment, including adding a fifth defendant, Edward Susumo Azano Hester, justifies the exclusion of time at least until April 18, 2016. On March 7, 2016, Mr. Azano Hester was first arraigned in this case. *See* Doc. No. 257.

3. Discovery in this case is already voluminous. *See* Doc. No. 93, at 3. And the United States will be providing significant new discovery relating to the new counts and its ongoing investigation. Mr. Azano Hester's counsel in particular, as the newest attorney in this case, will need time to review the discovery in order to prepare for pretrial motions and the trial itself. And all defense counsel will need time to analyze the new indictment and the new discovery, in order to evaluate (or re-evaluate) trial tactics, pretrial motions, and the significant amount of evidence in this case, including the new discovery.

4. This case involves significant factual and legal complexity, as this Court has found in the past. *See* Doc. No. 93, at 2-3. Since the new indictment increases the number of counts charged from 26 to 39, as well as adding a new defendant, the case has only become more factually and legally complex.

5. In light of the foregoing facts, failure to exclude the requested time would result in a miscarriage of justice, as it is unreasonable to expect adequate preparation for pretrial motions or for the trial itself within 70 days, absent the requested time exclusion.

Accordingly, good cause having been shown, **IT IS HEREBY ORDERED** that the time from April 4, 2016, through April 18, 2016, is excluded from the Speedy Trial Act calculations on the grounds that: (1) there are pretrial motions pending that require a hearing, see 18 U.S.C. § 3161(h)(1)(D); and (2) the ends of justice served by excluding time outweigh the best interests of the public and the defendants in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED**.

DATE: March 25, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge