**NANCY BRYN ROSENFELD**
California State Bar # 99108
444 West C Street, Ste. 210
San Diego, CA 92101-3818
Office: (619) 234-3616
Fax:     (619)234-0054
nrosenfeld11@gmail.com

Attorney for Defendant
**MARCO POLO CORTES**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON.  MICHAEL M. ANELLO)

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                           )<br>           Plaintiff,         )<br>                           )<br>                           )<br> v.                        )<br>                           )<br>                           )<br>                           )<br> **MARCO POLO CORTES  (4)**   )<br>                           )<br>_____ ) | CASE NO. **14-CR-388 MMA**<br><br>**NOTICE OF MOTION<br>AND MOTIONS IN LIMINE**<br><br><br>Date: July 18, 2016<br>Time: 9:00 a.m. |

**TO:  ANDREW G. SCHOPLER, HELEN H. HONG, and MARK W. PLETCHER, ASSISTANT UNITED STATES ATTORNEYS:**

PLEASE TAKE NOTICE that defendant MARCO POLO CORTES by and through his counsel, Nancy B. Rosenfeld, will move this court to grant in limine motions as set forth in the attached memorandum.

                              Respectfully submitted,

Dated: June 20, 2016          */s/ Nancy Bryn Rosenfeld*
                              Nancy Bryn Rosenfeld
                              Attorney for Defendant
                              MARCO POLO CORTES

1

**NANCY BRYN ROSENFELD**
California State Bar # 99108
444 West C Street, Ste. 210
San Diego, CA  92101-3818
Office: (619) 234-3616
Fax:     (619)234-0054
nrosenfeld11@gmail.com

Attorney for Defendant
**MARCO POLO CORTES**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON.  MICHAEL M. ANELLO)

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CASE NO. **14-CR-388 MMA** |
| Plaintiff,                 ) | |
| v.                         ) | **MOTIONS IN LIMINE** |
|                            ) | |
|                            ) | Date: July 18, 2016 |
|                            ) | Time: 9:00 a.m. |
| **MARCO POLO CORTES  (4)**  ) | |
| _____  ) | |

### MOTIONS IN LIMINE

MARCO POLO CORTES, by and through his counsel, Nancy Bryn Rosenfeld, and hereby files his motions *In Limine,*

**Motions To:**

1. Exclude Behavior Upon Arrest

2. Exclude Mention of Adult Entertainment and Tow Truck Industries

3.   Exclude Evidence of Prior DUI convictions.

4.   Exclude Post Arrest Statement of Mr. Azano.

5.   Exclude Evidence of Mr. Cortes' campaign for Chula Vista City Council.

6.   Request for Limiting Instruction of Evidence of Co-defendant Charges For Gun Possession and Bribery.

7.   Request for Government to Notice Use of Recordings.

## I.

## INTRODUCTION

On March 4, 2016, the grand jury returned a Second Superseding Indictment in this case. Trial is set for July 26, 2016 for Mr. Cortes and all co-defendants.

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.   THE COURT SHOULD EXCLUDE EVIDENCE OF MR. CORTES' BEHAVIOR UPON ARREST.

FBI agents arrived at Mr. Cortes' home on January 21, 2014, to interview him or place him under arrest if he refused to be interviewed.[1] Mr. Cortes did not open the door to his home, and instead spoke to agents through his closed door. Eventually, Mr. Cortes discontinued communication with agents, while remaining locked in his home. After the agents called the SWAT team, Mr. Cortes surrendered. There are no charges of destruction of evidence in this case, nor are there charges of any criminal behavior on Mr. Cortes' part when he would not open the door. In fact, Mr. Cortes alerted agents that he was seeking to contact counsel. Evidence of such behavior has no probative value and is unduly prejudicial

---

[1] Report of Investigation, Dated 1-29-14, page 1. EM_AGT RPT_ROIs_000859

3

and inflammatory.  To allow reference to such evidence would be to permit comment on Mr. Cortes' silence, thereby violating Due Process under the Fourteenth Amendment.  *Doyle v. Ohio*, 426 US 610 (1976).

Federal Rule of Evidence 401 provides that relevant evidence is evidence that has any tendency to make a fact of consequence more or less probable.   Federal Rule of Evidence 403 states that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The court has "discretion to admit evidence that sheds light on disputed issues of fact at trial if the court balances the probative value of such evidence against its prejudicial effect."  *United States v. Taylor*, 239 F.3d, 994, 999 (9th Cir. 2001).

Even if Mr. Cortes actions were relevant, the probative value is low when compared to the risk of unfair prejudice, confusion of the issues, misleading the jury, and undue delay.

### B. THE COURT SHOULD EXCLUDE EVIDENCE OF MR. CORTES' CONNECTIONS TO THE ADULT ENTERTAINMENT INDUSTRY AND THE TOW TRUCK INDUSTRY.

Public records which have been provided in discovery reflect that Mr. Cortes has worked as a city hall lobbyist for both the Adult Entertainment Industry and the Tow Truck Industry.  Given the nature of the Adult Entertainment Industry, and the negative publicity related to the Tow Truck Industry[2] with its involvement in illegal campaign contributions in San Diego (contributions completely unrelated to the instant case), it would be unfairly

---

[2] *See e.g.*, "SD Politicians Haul in Thousands in Shady Towing Donations," Voice of San Diego, September 8, 2015.
http://www.voiceofsandiego.org/topics/politics/sd-politicians-haul-in-thousands-in-shady-towing-donations .

prejudicial to allow such evidence. The evidence is not relevant because being a lobbyist for either of these industries is not a fact of consequence to the present charges. Even if it was relevant, any value of the evidence is substantially outweighed by the bias against such industries. Fed.R.Evid. 401; 403; 404(b).

## C. THE COURT SHOULD EXCLUDE EVIDENCE OF MR. CORTES' DUI CONVICTIONS.

Mr. Cortes moves to exclude his 2005 and 2007 convictions for California Vehicle Code §23152(b) (DUI). Evidence of such prior acts should be excluded by the court as inadmissible character evidence under FRE 404(b), 608 and 609. Such evidence is irrelevant, not probative, and highly prejudicial. Fed.R.Evid. 401; 403; 404(b), 609.

It is a settled and fundamental principle that persons charged with crimes must be tried only for what they allegedly did, not for who they are. *See United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). The Ninth Circuit Court of Appeals has observed:

> "Under our system, an individual may be convicted only of the offense for which he is charged, and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that defendant engaged in other acts of wrongdoing."

Accordingly, such evidence should be excluded for all purposes including impeachment.

## D. THE COURT SHOULD EXCLUDE HEARSAY OF CO-DEFENDANTS OR A SEVERANCE SHOULD BE GRANTED

Mr. Cortes moves to exclude any out of court statements of co-defendants offered for their truth. At the time of Mr. Azano's arrest, agents claim he made a statement which allegedly included discussion about the charges in this case.

> Azano gave the money because "they" (no further information) asked him for the money. Azano asked at the time if it was okay for him to contribute and "they" (no further information) told him it was OK........Azano wanted to be helpful in advising "them" (no further information) how to create millions of new jobs in San Diego." [3]

In *US v. Bourjaily*, 483 U.S. 171 (1987), the Court held that whether statements are admissible under the co-conspirator rule is a preliminary question that "shall be determined by the court." Fed.R.Evid. 104(a); *See Bourjaily*, at 175. When preliminary facts establishing the admissibility of coconspirator testimony under Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence. *Id.*, at 181; *United States v. Triplett*, 922 F.2nd 1174, 1181 (5th Cir. 1991). Specifically, the Supreme Court held that before admitting a co-conspirator's statement, over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the rule. That is, there must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made "during the course and in furtherance of the conspiracy." *Bourjaily*, at 175. Because Mr. Azano's statement, above, was made upon arrest, any

---

[3] Bates EM_AGT RPT_ROIs_000989.

alleged conspiracy would have ceased before his statement was made. Therefore, there co-conspirator exception to the hearsay rule does not apply.

The Sixth Amendment guarantees the accused the rights to confront and to cross-examine witnesses against him. *Lilly v. Virginia*, 527 U.S. 116, 123-24 (1999); *Bruton v. United States* (1968) 391 U.S. 123, at 126. When the government seeks to introduce an accomplice's hearsay statements against the accused, this Court must decide whether the Sixth Amendment permits the government to dispense with the accused's usual guarantee of confrontation and cross-examination. *Lilly*, 527 U.S. at 124.

In deciding whether *Bruton's* protective rule applies to a redacted confession, the Court must consider both *Bruton* and a later case, *Richardson v. Marsh*, 481 U.S. 200 (1987), which limited *Bruton's* scope. In *Bruton*, the Supreme Court held that the admission in a joint trial of a co-defendant's confession, which implicated the defendant, violated the defendant's Sixth Amendment right to confront and cross-examine when the co-defendant, whose statement was introduced, did not testify. 391 U.S. at 126. The Court found that a jury instruction instructing the jury not to consider the confession as evidence against Bruton was not protection enough:

> "[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial.

> Not only are the incriminations devastating to the defendant, but their credibility is inevitably suspect…The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination." *Bruton,* at 135-136.

The Court found that the co-defendant's confession constituted such a "powerfully incriminating extrajudicial statement" that its introduction into evidence, insulated from cross-examination, violated *Bruton's* Sixth Amendment rights. *Bruton,* at 135.

In *Richardson v. Marsh*, 481 U.S. 200, 206 (1987), the court limited the scope of *Bruton* in its consideration of a slightly different type of issue: redacted confessions. There, codefendant Williams' statement was redacted so as to "omit all reference" to codefendant Marsh, "indeed, to omit all indication that *anyone* other than…Williams" and a third person had "participated in the crime." *Id.*, at 203. The trial court instructed the jury not to consider the statement against Marsh. *Id.,* at 205. The redacted confession stated that there was a discussion about the murder in the car en route to commit the murder, used the word "we," but contained no indication that Marsh or any third person was in the car at the time. *Id.*, at 203-204. Later in trial, however, Marsh testified that she was in the back seat of that car, providing context which, with Williams' confession, could have helped convince the jury that Marsh knew about the murder in advance and therefore was a knowing participant in the crime. *Id.*, at 203-204.

The *Richardson* Court then distinguished between the confession in *Bruton* as "incriminating on its face," and which had "expressly implicat[ed] *Bruton*," contrasting the statement in *Richardson* which, it held, was a

confession that amounted to "evidence requiring linkage" in that it "became" incriminating with respect to Marsh "only when linked with evidence introduced later at trial." *Id.,* at 208. The Court went on to find that "…the Confrontation Clause is not violated by the admission of a non-testifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.*, at 211. And, "We express no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Id.,* at 211.

The Court in *Gray v. Maryland*, 118 S.Ct. 1151 (1998) held that a confession which substituted blanks and the word "delete" for Gray's proper name, falls within the class of statements to which *Bruton's* protective rule applies because the substitution of the name with the word "delete" did not make enough of a significant legal difference. *Gray*, at 1153. The Gray court considered the function of grammar in the creation of directly accusatory statements in its opinion: "*Bruton's* protected statements and statements redacted to leave a blank or some other similarly obvious alteration function the same way grammatically. They are directly accusatory." <u>Gray</u>, at 1156. "The blank space in an obviously redacted confession also points directly to the defendant, and it accuses the defendant in a manner similar to Evans' use of *Bruton's* name…"

The Gray court also said " We…concede that a jury must use inference to connect the statement in this redacted confession with the defendant. But inference pure and simple cannot make the critical difference, for if it did, then *Richardson* would also place outside *Bruton's* scope those confessions which use shortened first names, nicknames,

9

descriptions as unique as 'the red-haired, bearded, one-eyed man-with-a-limp." *Gray*, at 195, citing *United States v. Grinnell Corp.,* 384 U.S. 563, 591 (1968).  *Gray* found that *Richardson* must depend in significant part on the *kind of,* not the simple *fact of*, inferences, specifically, inferences obviously referring to the defendant.

      Here, the government may seek to introduce statements by a co-defendant that mention Mr. Cortes, by implication.  Any such statements made by the co-defendant are inadmissible, prejudicial hearsay and cannot be admitted at a joint trial where Mr. Cortes has no opportunity to cross-examine the co-defendant regarding that statement.  Statements using pronouns to describe co-defendants, as in the agents' report, "Azano gave the money because "they" (no further information) asked him for the money," must be considered through a "logical interpretation of pronouns" when determining whether an incriminating inference can be made.  Given that Mr. Cortes will be at counsel table throughout the trial, as a codefendant, the jury can easily infer that Mr. Cortes is the "they" Mr. Azano referred to in his statement.[4]  The statement by Azano is incriminating on its face, and requires no linkage to other evidence introduced into discovery in order for the jury to infer that "they" refers to Mr. Cortes.  It is enough that Mr. Cortes will be present in court, named as a defendant charged with committing conspiracy along with Mr. Azano.

---

[4] In *Gray*, at 1155, the Court found that, "A juror somewhat familiar with criminal law would know immediately that the blank, in the phrase "I, Bob Smith, along with ___, robbed the bank," refers to defendant Jones. A juror who does not know the law and who therefore wonders to whom the blank might refer need only lift his eyes to Jones, sitting at counsel table, to find what will seem the obvious answer, at least if the juror hears the judge's instruction not to consider the confession as evidence against Jones, for that instruction will provide an obvious reason for the blank.

Admission of such a statement in a joint trial violates Mr. Cortes' Sixth Amendment right to confront and cross-examine witnesses against him. The Supreme Court has stated several times that "'the naive assumption that prejudicial effects can be overcome by instructions to the jury'" is known to "'all practicing lawyers to be unmitigated fiction.'" *Bruton*, 391 U.S. at 129 (quoting *Krulewitch v. United States*., 336 U.S. 440, 453 (1949) (Jackson, J., concurring)). The Court in *Bruton* held that instructing the jury to disregard the evidence was inadequate to remedy the significant prejudice inherent in such evidence. Id. at 135-36. The Court reaffirmed this principle in *Cruz v. New York*, 481 U.S. 186, 192-93 (1987), holding that an instruction to disregard such evidence is deficient when a co-defendant's confession, which directly incriminates the defendant, is admitted into evidence without the co-defendant being compelled to testify.

For these reasons, Mr. Cortes requests a severance in this case or for an order that the statement not be admitted.

### E. **THE COURT SHOULD EXCLUDE EVIDENCE OF MR. CORTES' CAMPAIGN FOR CITY COUNCILMEMBER OF CHULA VISTA**

In 2000, Mr. Cortes ran an unsuccessful campaign for the office of Councilmember in the City of Chula Vista. Matters concerning this campaign have been provided in discovery. Such evidence is not relevant, and is unrelated to the charges in this case. The prejudicial and confusing nature of such evidence would outweigh any probative value. The evidence is also remote. Fed.R.Evid. 401; 403.

## F. THE COURT SHOULD GIVE A LIMITING INSTRUCTION ON EVIDENCE OF OTHER CHARGED OFFENSES OF CO-DEFENDANTS

Mr. Cortes asks that the Court specifically instruct the jury, at the time the evidence comes in, as well as at the conclusion of evidence, not to consider evidence of co-defendant allegations of gun possession and bribery charges against him.

Count 38 of the Second Superseding Indictment charges co-defendants Singh and Electionmall Inc. with Bribery, in violation of Title 18, United States Code, §201(b), and Title 18, United States Code, §2.[5] Count 39 of the Second Superseding Indictment charges co-defendant Jose Susumo Azano Matsura with a violation of Title 18 United States Code §922(g)(5)(B), Alien in Possession of a Firearm.

Fed.R.Evid. 105 provides, "If the court admits evidence that is admissible against a party or for a purpose---but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed.R.Evid. 401; 403.

## G. REQUEST FOR GOVERNMENT TO PROVIDE ADVANCE NOTICE OF RECORDED STATEMENTS IT INTENDS TO USE AT TRIAL

There are over 100 audio/video recordings of interviews and other surreptitiously recorded conversations that have been provided as discovery in this case. Several of these recordings contain material that Mr. Cortes objects to and extensive redactions will be requested. The defense requests that the government list the recordings it intends to use,

---

[5] Second Superseding Indictment, dated 3-4-16, pp. 21-22.

12

how it intends to use these recordings, and in what manner. (i.e. asking witness about content, playing portions of recordings, or other use)  The defense can then enumerate specifically which portions of any of the recordings they object to. A hearing can be held for the parties and the Court to sort out which portions of recordings will be used at trial.   Mr. Cortes will request leave to file such requests for redactions under seal.

## **CONCLUSION**

Mr. Cortes asks that the Court grant the above in limine motions.

DATE: June 21,  2016 　　　　　　　Respectfully Submitted:
　　　　　　　　　　　　　　　　　　s/ *Nancy Bryn Rosenfeld*
　　　　　　　　　　　　　　　　　　Nancy Bryn Rosenfeld
　　　　　　　　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　　　　　　　　**MARCO POLO CORTES**