UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

March 2015 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. __14CR0388-MMA__ |
| Plaintiff, | I N D I C T M E N T |
| v. | (3rd Superseding) |
| JOSE SUSUMO AZANO MATSURA (1),<br>  aka Mr. A.,<br>  aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>  aka Ravi Singh,<br>ELECTIONMALL, INC. (3),<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>  aka Susu,<br>  aka Junior, | Title 18, U.S.C., Sec. 371 -<br>Conspiracy to Commit Offenses<br>Against the United States;<br>Title 2, U.S.C.,<br>Secs. 437g(d)(1)(A) and<br>441e(a)(1)(A) - Campaign Donation<br>or Contribution by a Foreign<br>National Aggregating At Least<br>$25,000; Title 2, U.S.C.,<br>Secs. 437g(d)(1)(A) and 441f -<br>Contribution in the Name of<br>Another Aggregating At Least<br>$25,000; Title 18, U.S.C., Sec.<br>1519 - Falsification of Records;<br>Title 18, U.S.C., Sec. 201(b) -<br>Bribery; Title 18, U.S.C., Sec. 2-<br>Aiding and Abetting; Title 18,<br>U.S.C., Sec. 922(g)(5)(B) - Alien<br>in Possession of a Firearm;<br>Title 18, U.S.C., Secs. 924(g) and<br>981(a)(1)(C) and Title 28, U.S.C.,<br>Sec. 2461(c) - Criminal<br>Forfeiture[1] |
| Defendants. | |

The grand jury charges:

## The Integrity of the Electoral Process

1.     United States citizens have a right to choose their political representatives through free and fair elections.  To promote

---

[1] As of September 1, 2014, the relevant Federal Election Campaign statutes were reclassified at Title 52, United States Code, Sections 30109, 30121, and 30122.

AGS:nlv(2):San Diego:7/8/16

the integrity of these elections, Congress enacted a series of rules that govern campaign fundraising.

2. These campaign finance rules are integral to democracy and in ensuring accountability and transparency in elections.

3. Congress promotes transparency in elections by prohibiting the use of "conduit contributions" made by "straw" donors, as well as other methods designed to conceal the source of campaign financing. A conduit contribution is one that is made by a person (referred to as the straw donor) on behalf of another person who reimburses the straw donor for the money given to the candidate.

4. In addition to prohibiting conduit contributions, Congress attempted to curtail foreign influence in elections by prohibiting any "foreign national" from making donations, contributions, or expenditures in support of any candidate at the federal, state, or local level. A "foreign national" is an individual who is not a United States citizen or national, and who is not a lawful permanent resident of the United States.

### Campaigns for Elective Office in San Diego

5. In 2012 and 2013, a series of elections took place within the Southern District of California. During the 2012 primary election cycle, a person hereinafter referred to as "Candidate 1" ran for the office of Mayor of San Diego.

6. During the 2012 primary and general election cycles, a person hereinafter referred to as "Candidate 2" ran for the office of United States Representative for the 51st Congressional District of California.

7. Also during the 2012 primary and general election cycles, a person hereinafter referred to as "Candidate 3" ran for the office of Mayor of San Diego.

8. During a 2013 special election cycle, a person hereinafter referred to as "Candidate 4" ran for the office of Mayor of San Diego.

## Campaign Finance Methods and Public Records

9. During the above elections, there were various ways to legally provide financial assistance to a candidate's campaign for office.

10. For example, a United States citizen could make a contribution or donation directly to a candidate. Contributions and donations could be made in the form of money, or in the form of some other thing of value, such as goods or services. When a person made a donation in the form of goods or services, it would generally be referred to as an "in-kind" contribution or donation.

11. Also for example, a U.S. citizen could make a contribution or donation to an independent expenditure committee, also referred to as an "IE," "PAC," or "SuperPAC." Similarly, a citizen could make a contribution or donation to a committee of a political party. These independent expenditure committees and political party committees, in turn, could spend the money to support a particular candidate.

12. These various types of financial support and in-kind spending had to be reported to government agencies, which maintained records that the public and law enforcement agencies could access.

13. For instance, the Federal Election Commission maintained a record of contributions made in connection with federal elections. The State of California maintained a record of donations to political committees organized at the county level. The City of San Diego

3

maintained a record of donations to campaigns and independent expenditure committees, as well as a record of expenditures made by independent expenditure committees.

## Individuals Involved

14. JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo ("AZANO"), was a businessman who maintained residences around the country, including two houses in Coronado, California. Among other things, AZANO provided eavesdropping software and other technology to foreign governments.

15. Although maintaining residences in Coronado, AZANO was a Mexican citizen, and had never applied for, nor obtained, United States citizenship or lawful permanent resident status in the United States. As a result, AZANO was a "foreign national" and thus prohibited from making donations and contributions — directly or indirectly — in support of any candidate for elective office in the United States at the federal, state, or local level.

16. In or about 2011, AZANO began to insert himself in San Diego politics. As part of his involvement, AZANO attempted to ingratiate himself with San Diego politicians and made large donations in support of candidates for elective office in San Diego.

17. RAVNEET SINGH, aka Ravi Singh ("SINGH"), was the President of ELECTIONMALL, INC. ("ELECTIONMALL") and at all times worked on its behalf and for its benefit. According to its website, ELECTIONMALL specialized in providing social media services to political campaigns throughout the world. SINGH, who styled himself as a "campaign guru," worked principally out of offices in Washington, D.C.

18. Marc Alan Chase ("Chase") (charged elsewhere), was a United States citizen and the managing member of South Beach

4

Acquisitions, Inc. (charged elsewhere) and West Coast Acquisitions, LLC (charged elsewhere). On behalf of and at the direction of AZANO, Chase: (i) recruited straw donors to make indirect donations on AZANO's behalf to Candidate 1 and paid them back with AZANO's funds; and (ii) agreed to make indirect contributions and donations on AZANO's behalf to independent expenditure committees and political party committees for Candidates 2 and 3 through his company's checking accounts, knowing that he would be reimbursed by AZANO for those checks.

19. EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior ("E.S. AZANO"), was a United States citizen and AZANO's son. On behalf of and at the direction of AZANO, E.S. AZANO recruited straw donors to make indirect donations on AZANO's behalf to Candidate 1.

20. "J.W." was a United States citizen who worked for AZANO. On behalf of AZANO and at the direction of E.S. AZANO, J.W. recruited straw donors to make indirect donations on AZANO's behalf to Candidate 1.

21. "D.D." was a United States citizen and E.S. AZANO's business associate and friend. On behalf of AZANO and at the direction of E.S. AZANO, D.D. recruited straw donors to make indirect donations on AZANO's behalf to Candidate 1.

22. "E.L." was a United States citizen and AZANO's personal secretary. On behalf of and at the direction of AZANO, E.L. recruited straw donors to give indirect donations on AZANO's behalf to Candidate 1.

23. Ernesto Encinas ("Encincas") (charged elsewhere), was a retired San Diego Police Department ("SDPD") detective and the owner

of a private security and consulting business. Among other jobs, Encinas oversaw AZANO's protection detail.

24. MARCO POLO CORTES ("CORTES") was a San Diego-based lobbyist. According to public filings, CORTES lobbied SDPD officials, city councilmembers, members of council staff, and mayoral staff on a variety of political issues.

## FBI's Jurisdiction

25. The Federal Bureau of Investigation ("FBI") was a United States executive branch agency. Among other things, the FBI was responsible for investigating the potential influence of foreign money in American elections, including the donations, contributions, and expenditures of foreign nationals. The FBI was further responsible for investigating illegal campaign contributions and expenditures of all types, as well as the bribery and attempted bribery of public officials.

## Count 1: Conspiracy

### (18 USC § 371)

26. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference.

27. Beginning on a date unknown and continuing up through September 2013, within the Southern District of California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO POLO CORTES, and EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior, knowingly conspired together and with Ernesto Encinas (charged elsewhere), Marc Alan Chase (charged elsewhere), and others to commit offenses against the United States, to wit:

a.     Campaign Donations and Contributions by a Foreign National Aggregating At Least $25,000 in a Calendar Year, in violation of Title 2, United States Code, Sections 437g(d)(1)(A) and 441e(a)(1)(A) (recodified at Title 52, United States Code, Sections 30109(d)(1)(A) and 30121(a)(1)(A)); and

b.     Falsification of Records, in violation of Title 18, United States Code, Section 1519.

### Manner and Means of the Conspiracy

28. In furtherance of this conspiracy, and to effect its objects, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO POLO CORTES, EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior, and other conspirators used the following manner and means, among others:

a.     AZANO and others surveyed candidates for various elective offices in San Diego to determine which ones they should support.

b.     AZANO sought private meetings with candidates.

c.     Encinas and CORTES acted as intermediaries for AZANO, communicating with campaign staff and other stakeholders about how AZANO might be able to lend financial support.

d.     Once AZANO decided to support a candidate, he and his co-conspirators designed secret, illicit methods of contributing to the candidate's campaign, knowing that AZANO could not finance the campaigns directly because of campaign contribution/donation limits and his status as a foreign national.

e. On some occasions, AZANO used individuals as conduits, or "straw donors," to facilitate his campaign donations. These straw donors would be provided with money up front, or reimbursed later, for any donations they made on his behalf.

f. On yet other occasions, AZANO recruited a family member to locate other potential "straw donors," who were willing to funnel AZANO's money to candidates.

g. On one occasion, AZANO recruited Chase to act as a conduit to illegally funnel large amounts of cash. At AZANO's direction, Chase wrote checks to political parties and independent expenditure committees that would support AZANO's chosen candidates. AZANO also used companies and an independent expenditure committee of his own creation to direct money to the candidates he supported.

h. As AZANO used increasingly secret ways of influencing political campaigns, he and SINGH arranged unreported in-kind contributions to various candidates. In particular, using his company, ELECTIONMALL, SINGH provided social media services to candidates that AZANO supported.

i. AZANO funded ELECTIONMALL's services, using a Mexico-based company to transmit payment to ELECTIONMALL's bank account, and never provided any invoice or other bill of costs to the campaigns themselves.

j. Ultimately, AZANO, SINGH, CORTES, and others ensured that AZANO's name did not appear on public filings in

connection with the illegal contributions and donations because they knew AZANO was not allowed to finance campaigns directly as a foreign national, and they knew it was illegal to evade campaign contribution and donation limits in the manner AZANO was doing.

Overt Acts

29. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

Early Financial Support of Candidate 1

a. In late December 2011, AZANO instructed E.S. AZANO to recruit friends and associates to act as straw donors to make indirect donations on AZANO's behalf to Candidate 1.

b. In late December 2011, E.S. AZANO delivered thousands of dollars in cash, as well as preprinted envelopes, to straw donors whom he had recruited for AZANO. In late December 2011, AZANO instructed E.L. to recruit one of his employees, "A.G.," to act as straw donor (along with A.G.'s wife) to make indirect donations on AZANO's behalf.

c. On December 21, 2011, J.W. (a straw donor recruited by E.S. AZANO) sent an email to six of his friends, stating in part: "I need to get a $500 check from you to help Susu and His Father support the soon to be Mayor Bonnie Dumanis. We will give you the cash right away so you won't lose any money but your support is appreciated and very much needed."

9

d.    On December 23, 2011, E.L. deposited $1,000 in A.G.'s bank account to reimburse A.G. for the check he and his wife submitted to Candidate 1 on behalf of AZANO.

e.    In late December 2011, AZANO instructed Chase to recruit employees and friends to act as straw donors to make indirect donations to Candidate 1 on AZANO's behalf.

f.    In late December 2011, AZANO caused approximately $10,000 in cash, as well as preprinted envelopes, to be delivered to Chase.

g.    Between December 2011 and January 2012, as instructed, Chase recruited employees and friends to donate to Candidate 1, giving them each between $500 and $1,000 of the money AZANO had provided, and advising many that the cash had come from AZANO.

h.    In late 2011 or early 2012, AZANO met Candidate 1 at AZANO's Coronado house.

i.    In about May 2012, AZANO agreed to create, and did help create, an independent expenditure committee supporting Candidate 1.

j.    On or about May 2, 2012, AZANO contributed $100,000 to the independent expenditure committee.

AZANO's In-Kind Donations to Candidate 1

k.    On or about February 26, 2012, ELECTIONMALL sent an email, copying SINGH and AZANO, and attaching an invoice that reflected $75,000 for "promot[ing]" online outreach in support of Candidate 1.

10

1.     l.     On or about March 13, 2012, ELECTIONMALL sent another email, again copying SINGH and AZANO, stating: "Enclosed is the invoice for the betty boo project for 100k it was originally 75 but Mr Singh explained the need for the additional 25 during his last visit to San Diego and Mr A verbally agreed [sic]."

    m.     On or about June 13, 2012, SINGH sent an email to Encinas telling him not to discuss their illegal campaign financing in writing, only in person. Specifically, in response to an Encinas email concerning SINGH's unreported services for Candidate 1, SINGH wrote, in part, "I am not responding to this email. Because of the legal ramifications. Please talk to me . . . in person."

AZANO's Straw Donations to Candidates 2 and 3

    n.     On or about August 17, 2012, AZANO, CORTES, Encinas, and Candidate 3 met at AZANO's house in Coronado, California.

    o.     On or about August 21, 2012, CORTES received, and forwarded to Encinas, an email from a representative of Candidate 2 that included a link to the Federal Election Commission's rules governing the prohibition against contributions by foreign nationals.

    p.     On or about September 17, 2012, AZANO met Candidate 2 for dinner in downtown San Diego.

    q.     In about August and September, 2012, AZANO, CORTES, and Encinas discussed how best to support Candidate 2's and Candidate 3's campaigns.

11

r.      In or about September 2012, AZANO instructed Chase to make certain large contributions and donations in support of Candidates 2 and 3.

s.      On or about September 24, 2012, at AZANO's direction, Chase wrote a $30,000 check to a political party committee associated with Candidate 2's campaign for federal office.

t.      On or about September 27, 2012, at AZANO's direction, Chase wrote a $120,000 check to an independent expenditure committee supporting Candidate 3's campaign for mayor.

u.      On or about September 27, 2012, at AZANO's direction, Chase wrote a $30,000 check to a political party committee associated with Candidate 3's campaign for mayor.

v.      In September or October 2012, CORTES personally delivered the $120,000 check to a representative of the independent expenditure committee.

w.      On or about October 2, 2012, AZANO caused a $380,000 check to be given to Chase to cover the purchase of $200,000 worth of artwork and $180,000 as reimbursements for the campaign contributions he had written on or about September 24 and 27, 2012.

AZANO's In-Kind Donations to Candidate 3

x.      In or about October 2012, SINGH, Encinas, and CORTES visited Candidate 3's campaign offices and told staff that they were authorized to handle Candidate 3's social media efforts.

1    y.   In or about October 2012, when asked to provide a quote
2         for their services, SINGH represented that the expenses
3         would be "taken care of."
4    z.   In or about October 2012, SINGH and CORTES created a
5         "war room" within the campaign offices of Candidate 3.
6    aa.  On or about October 15, 2012, AZANO caused a Mexico-
7         based company to transmit $96,980 to ELECTIONMALL (via
8         a bank account for eSolutions R&D Lab, LLC) for the
9         purpose of funding social media services supporting
10        Candidate 3.
11   bb.  On or about October 29, 2012, AZANO caused the same
12        Mexico-based company to transmit $94,975 to
13        ELECTIONMALL (via a bank account for eSolutions R&D
14        Lab, LLC) for the purpose of funding social media
15        services supporting Candidate 3.
16   cc.  In or about December 2012, AZANO invited Candidate 3 to
17        his home in Coronado Cays.

### The Special Mayoral Election

19   dd.  On or about August 1, 2013, acting as AZANO's agent,
20        Encinas spoke with a personal friend of Candidate 4
21        (who did not know about the meeting) and asked whether
22        Candidate 4 would be interested in "foreign
23        investment."
24   ee.  On or about August 28, 2013, Encinas and CORTES met
25        with the friend of Candidate 4 (who did not know about
26        the meeting) to discuss how AZANO might be able to
27        support his candidacy.

28  All in violation of Title 18, United States Code, Section 371.

<u>Count 2: Conspiracy</u>

(18 USC § 371)

30.  Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference.

31.  Beginning on a date unknown and continuing through September 2013, within the Southern District of California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, and MARCO POLO CORTES knowingly conspired together and with Ernesto Encinas (charged elsewhere), Marc Alan Chase (charged elsewhere), and others to commit an offense against the United States – to wit, Contribution in the Name of Another Aggregating At Least $25,000 in a Calendar Year, in violation of Title 2, United States Code, Sections 437g(d)(1)(A) and 441f (recodified at Title 52, United States Code, Sections 30109(d)(1)(A) and 30122).

32.  In furtherance of the conspiracy and to effect its object, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

       a.   In or about September 17, 2012, AZANO met Candidate 2 for dinner in downtown San Diego.

       b.   In about August and September, 2012, AZANO, CORTES, and Encinas discussed how best to support Candidate 2's and Candidate 3's campaigns.

       c.   In or about September 2012, AZANO, accompanied by Encinas, instructed Chase to make certain large contributions in support of Candidates 2 and 3.

//
//
//

d.   On or about September 24, 2012, at AZANO's direction, Chase wrote a $30,000 check to a political party committee associated with Candidate 2's campaign for federal office.

All in violation of Title 18, United States Code, Section 371.

Count 3: Donation and Contribution by a Foreign National

(2 USC §§ 437g(d)(1)(A) and 441e(a)(1)(A) & 18 USC § 2)

33.   Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference.

34.   From in or about May 2012 through in or about November 2012, within the Southern District of California, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO POLO CORTES, and EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior, knowingly and willfully did, directly and indirectly, make contributions and donations of a foreign national aggregating at least $25,000 during a calendar year in connection with Federal and local elections – to wit,

a.   by donating $100,000 of AZANO'S money to an independent expenditure committee that supported Candidate 1's campaign for the office of Mayor of San Diego during the 2012 primary election cycle;

b.   by donating at least $75,000 of services to Candidate 1's campaign for the office of Mayor of San Diego during the 2012 primary election cycle, as financed by AZANO;

c.   by contributing $30,000 of AZANO's money to a political committee that supported candidates for federal office;

//

1         d.    by donating $120,000 of AZANO's money to an independent

2                     expenditure committee that supported Candidate 3's

3                     campaign for the office of Mayor of San Diego during

4                     the 2012 general election cycle;

5         e.    by making a donation of $30,000 to a political

6                     committee that supported Candidate 3's campaign for the

7                     office of Mayor of San Diego during the 2012 general

8                     election cycle; and

9         f.    by donating services worth approximately $191,955,

10                    financed by defendant AZANO to Candidate 3's campaign

11                    for the office of Mayor of San Diego during the 2012

12                    general election cycle;

13    all in violation of Title 2, United States Code,

14    Sections 437g(d)(1)(A) and 441e(a)(1)(A) (recodified at Title 52,

15    United States Code, Sections 30109(d)(1)(A) and 30121(a)(1)(A)), and

16    Title 18, United States Code, Section 2.

17                    Count 4: Contribution in the Name of Another

18                    (2 USC §§ 437g(d)(1)(A) and 441f & 18 USC § 2)

19        35.    Paragraphs 1 through 25 of this Indictment are realleged and

20    incorporated by reference.

21        36.    On or about September 24, 2012, within the Southern District

22    of California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka

23    Mr. A., aka Mr. Lambo, and MARCO POLO CORTES knowingly and willfully

24    made a contribution in the name of another person aggregating at least

25    $25,000 during a calendar year in connection with Federal elections —

26    to wit, by contributing $30,000 of defendant AZANO's money in Marc

27    Chase's name to a committee of a political party supporting federal

28    candidates; all in violation of Title 2, United States Code,

                                      16

Sections 437g(d)(1)(A) and 441f (recodified at Title 52, United States Code, Sections 30109(d)(1)(A) and 30122), and Title 18, United States Code, Section 2.

## Counts 5-37: Falsification of Records Related to Campaign Finance

### (18 USC §§ 1519 & 2)

37. Paragraphs 1 through 25 of this Indictment are realleged and incorporated by reference.

38. On or about the dates below, within the Southern District of California and elsewhere, defendants JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, RAVNEET SINGH, aka Ravi Singh, ELECTIONMALL, INC., MARCO POLO CORTES, and EDWARD SUSUMO AZANO HESTER, aka Susu, aka Junior, as set forth below, knowingly concealed, covered up, falsified, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of matters within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such matters - to wit, by concealing and covering up, in records specified below, the fact that defendant AZANO was the true source of the following campaign donations and contributions:

//
//
//
//
//
//
//
//
//

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 5 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $1000 | A.G. and L.G. |
| 6 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | J.W. |
| 7 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | P.M. |
| 8 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.K. |
| 9 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.G. |
| 10 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | B.D. |
| 11 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.L. |
| 12 | 12/31/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | M.N. |
| 13 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | I.D. |
| 14 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | J.G. |
| 15 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | A.D. |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|-------|------|------------|--------|----------------|-----------------------------------|
| 16 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.G. |
| 17 | 12/29/11 | AZANO; E.S. AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | B.H. |
| 18 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Marc Chase |
| 19 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.C. |
| 20 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | O.F. |
| 21 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | L.Z. |
| 22 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | S.H. |
| 23 | 12/31/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | K.H. |
| 24 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | C.P. |
| 25 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | R.A. |
| 26 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | E.G. |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 27 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | T.G. |
| 28 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | W.N. |
| 29 | 12/29/11 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | S.N. |
| 30 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Mi.P. |
| 31 | 1/2/12 | AZANO | San Diego City Clerk's Record of Donations to Candidate 1 | $500 | Ma.P. |
| 32 | February 2012 | AZANO; SINGH; ELECTIONMALL | San Diego City Clerk's Record of Donations to Candidate 1 | at least $75,000 | Unreported |
| 33 | 5/2/12 | AZANO | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Candidate 1 | $100,000 | Airsam N492RM, LLC |
| 34 | 9/24/12 | AZANO; CORTES | Federal Election Commission's Record of Donations | $30,000 | Marc Chase |
| 35 | 9/27/12 | AZANO; CORTES | San Diego City Clerk's Record of Independent Expenditure Committees Supporting Candidate 3 | $120,000 | South Beach Acquisitions, Inc. |

| COUNT | DATE | DEFENDANTS | RECORD | APPROX. AMOUNT | FALSELY REPRESENTED TO BE MADE BY |
|---|---|---|---|---|---|
| 36 | 10/4/12 | AZANO; CORTES | California Secretary of State Record of Donations to Political Parties | $30,000 | West Coast Acquisitions, LLC |
| 37 | October 2012 | AZANO; SINGH; CORTES; ELECTIONMALL | San Diego City Clerk's Record of Donations to Candidate 3 | $191,955 | Unreported |

All in violation of Title 18, United States Code, Sections 1519 and 2.

## Count 38: Bribery

### (18 USC §§ 201(b) & 2)

39. Beginning in approximately December 2013 and continuing to approximately January 2014, within the Southern District of California and elsewhere, defendants RAVNEET SINGH, aka Ravi Singh, and ELECTIONMALL, INC., directly and indirectly, corruptly gave, offered, and promised a thing of value to a public official with the intent to influence an official act and to induce that public official to do an act and omit to do an act in violation of his lawful duties — to wit, by offering and giving $1,000 to a federal official, O.M., a Special Agent with the Federal Bureau of Investigation posing as an agent with the Drug Enforcement Administration, in exchange for confidential and classified information; all in violation of Title 18, United States Code, Sections 201(b) and 2.

//

//

//

//

//

## Count 39: Alien in Possession of a Firearm

### (18 USC § 922(g)(5)(B))

40. Beginning on an unknown date and continuing up to on or about January 22, 2014, within the Southern District of California and elsewhere, defendant JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, then being an alien admitted to the United States under a nonimmigrant visa — and not having been admitted to the United States for lawful hunting or sporting purposes, and not possessing any hunting license or permit lawfully issued in the United States, and not having received a waiver from the Attorney General — knowingly possessed in and affecting interstate commerce, a firearm — to wit, a black Sig Sauer P225 bearing serial number M634983, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(5)(B).

## FORFEITURE ALLEGATIONS

41. Upon conviction of the offense alleged in Count 38 of this Indictment, defendants RAVNEET SINGH, aka Ravi Singh, and ELECTIONMALL, INC., shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 201, including but not limited to $1,000; all in violation of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

42. If any of the above-described forfeited property, as a result of any act or omission of defendants RAVNEET SINGH, aka Ravi Singh, or ELECTIONMALL, INC., cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court;

22

has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described above subject to forfeiture.

43. Upon conviction of the offense alleged in Count 39 of this Indictment, defendant JOSE SUSUMO AZANO MATSURA, aka Mr. A., aka Mr. Lambo, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following: the black Sig Sauer P225 bearing serial number M634983, and all ammunition found with it; all pursuant to Title 18, United States Code, Sections 924(g), and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: July 8, 2016.

A TRUE BILL:

Foreperson

ALANA W. ROBINSON
Attorney for the United States
Acting Under Authority Conferred by Title 28,
United States Code, Section 515

By:

ANDREW G. SCHOPLER
MARK W. PLETCHER
HELEN H. HONG
Assistant U.S. Attorneys

23