Michael J. Wynne (Pro Hac Vice)
Texas State Bar No. 00785289
Hughes Arrell Kinchen, LLP
1221 McKinney St. | Suite 3150
Houston, Texas 77010
Telephone: (713) 574-6514
Facsimile: (713) 942-2266
E-mail: mwynne@hakllp.com
**ATTORNEY FOR DEFENDANT**
**JOSÉ SUSUMO AZANO MATSURA**

Donald J. DeGabrielle (Pro Hac Vice)
Texas State Bar No. 24063659
CHAFFE McCALL, L.L.P.
801 Travis Street | Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
E-mail: degabrielle@chaffe.com
**ATTORNEY FOR DEFENDANT**
**EDWARD SUSUMO AZANO HESTER**

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) ) ) ) v. ) ) JOSÉ SUSUMO AZANO ) MATSURA, et al. ) ) Defendants. ) | Criminal No. 14-CR-388-MMA **STATEMENT OF AUTHORITIES AND MEMORANDUM IN SUPPORT OF OBJECTIONS TO PROPOSED EXHIBITS TO BE USED IN GOVERNMENT'S OPENING STATEMENT** |

Defendants José Susumo Azano Matsura ("Mr. Azano") and his son Edward Susumo Azano Hester ("Mr. Hester") (collectively, the "Azanos"), object to each of the following exhibits[1] the Government proposes to use during opening statements on the grounds stated, all objections applying to all items:

1. San Diego Community College District Academic Record of Edward Susumo Azano, III.
2. Letter from State Senator Juan Vargas, dated October 3, 2012.
3. Letter from Bonnie M. Dumanis, dated October 8, 2012.
4. Letter from Bob Filner, Member of Congress, dated September 28, 2012.
5. Photograph of beach area somewhere.
6. Aerial photograph of somewhere, purportedly dated April 2010.
7. Aerial photograph of somewhere, with legend "Visual Character Units."
8. Aerial photograph of somewhere, with legend "Sweetwater Park Project Rendering."
9. Schematic of somewhere, with label "Figure 2.0-6."
10. Schematic of somewhere, with label "Figure 2.0-2."
11. Apparent email from someone who may be named Jason Wolter, with data.
12. Apparent duplicate copy of same email with response from someone who may or may not be someone named Matthew Guillory.

---

[1] The government produced these items in two emails, without any exhibit numbers. The Azano Defendants are assigning "Item Numbers," for some ease of reference in the Court's consideration of these Objections.

13. Copy of what may or may not be a check no. 9991 and some other as yet unidentified receipt or other kind of item with someone's handwriting.

14. Something labeled "Schedule A, Monetary Contributions Received."

15. Something that appears to be *San Diego City Beat* article with a photo of someone who may or may not be Bonnie Dumanis and that may or may not be authentic, with allegations that may or may not be substantiated or verifiable, apparently written by someone who may or may not be Dave Maass.

16. An apparent invoice that is labeled No. 23069, dated 6/7/2006.

17. An apparent invoice that is labeled No. 473427, dated 10/6/2010.

18. An apparent invoice that is labeled No. 473479, dated 10/29/2010.

19. An apparent invoice that is labeled No. 473586, dated 11/2/2010.

20. An apparent invoice that is labeled No. 8655934-A, dated 3/19/2013.

21. An apparent invoice that is also labeled No. 8655934-A, dated 3/19/2013.

22. An apparent invoice that is labeled No. 8656518-A, dated 10/4/2013.

23. A document labeled "Bonnie: June 01-June05."  (2 pages)

24. A photograph of several unidentified individuals and some date.

25. A photograph of a waterfront somewhere.

26. A photograph of a case of some sort.

27. A photograph of what appears to be a firearm and clips.

28. A photograph of what appears to be a firearm in a case.

29. A photograph of what appears to be a closet.

30. Another photograph of what may be a closet.

31. Another photograph of what may be a closet.

32. A photograph of a safe.

33. Another photograph of a closet.

34. A composite graphic titled "Tracing Azano funds to Political Contributions," with six checks and unauthenticated highlights and arrows with numbers and no sponsoring witness of any sort.

The Azano defendants object to all items because they constitute inadmissible hearsay, under Federal Rules of Evidence 801-807 that do not fall within any exception to the hearsay rule; because none is properly authenticated under Federal Rules of Evidence 901-903; and because no proper foundation of any kind has been laid under Federal Rule of Evidence 104 (b) and 401; and because without any effort made to lay a foundation, all are excludable under Federal Rule of Evidence 403, as any probative value they may or may not have may be outweighed by creating a danger of creating unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Rule 801 defines hearsay as a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). The government is offering the transcript, schematics, invoices, letters, and

photographs and newspaper article identified above, as well as the composite exhibit to show the truth and accuracy of what may be shown on these items. Under Rule 802, hearsay is not admissible, absent some express exception. None of these items fits under any of these exceptions, including the exception for "Records of a Regularly Conducted Activity" under Rule 803(6) or a "Public Record" under Rule 803(8). Moreover, item 15 (the newspaper article) includes hearsay within hearsay, in violation of Rule 804.

Rule 901 of the Federal Rules of Evidence requires a party offering an item into evidence to satisfy the requirement of authenticating or identifying the item, producing evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901. As enacted, the Rules specify that that requirement might be satisfied by several means, including testimony of a witness with knowledge or by certification or seal. Fed. R. Evid. 901 and 902. The government has made no effort to authenticate any of these items.

With regard to the photographs (items 5-8 and 24-33 from the list above), there is no evidence in the record (because there is no record yet) that would verify the dates of the various photographs or that what may be depicted was in that state on the date of the photograph and that it was or was not altered. To be admissible, someone must testify that the witness was present when the photograph was taken, that the photograph accurately depicts what it purports to depict, and that there have been no alterations. *See United States v. Oaxaca*, 569 F.2d 518, 525 (9th Cir.

1978) (outlining standard predicate to offer a photograph into evidence). Nor is not possible to state whether any of the photographs is relevant to any matter at issue, because there is no record whatsoever. Some testimony is needed, for instance, that anyone wanted to develop any property anywhere before photographs of any possible development can be considered to be relevant, much less put before the jury. Fed. R. Evid. 104(b) (requiring a preliminary examination of relevance or foundation).

With regard to the invoices (items 14 and 16-22 from the list above), unlike checks, which may be self-authenticating once a proper foundation is lain (which has not yet been done here), though still subject to hearsay analysis, the government as the proponent of the invoices is obliged to come forward with evidence sufficient to support a finding that the invoices are what they purport to be. *United States v. Pang*, 362 F.3d 1187, 1191 (9th Cir. 2004). The government, of course, has not done that here because the trial has not yet started.

The newspaper article (item 15 from the list above) is inadmissible hearsay, offered the purported truth of the matter asserted. *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (cited in *Eisenstadt v. Allen*, 113 F.3d 1240 (9th Cir. 1997) (Table). The Azano Defendants also object because the article's tender to the Court as evidence violates the Best Evidence Rule. *Larez*, 946 F.2d at 644.

The last item (item 34 from the list above) appears to be a composite summary, the admission of which would be determined under Federal Rule of Evidence

1006, which is designed to permit the display of voluminous writings or other items that cannot be conveniently examined in court. Fed. R. Evid. 1006. The proponent of a summary must demonstrate the admissibility of the underlying writings or records summarized as a condition precedent to introduction of the summary under Rule 1006. *United States v. Johnson*, 594 F.2d 1253, 1257 (9th Cir. 1979). None of the checks exhibited has yet been offered, must less scrutinized for admission. Defendants expect that the parties will contest who filled out what portion of which check and when they did so. These are factual questions. The arrows and statements about the source and direction of the various funds, as well as the caption, are hearsay, the definition of which is repeated above.

Charts or summaries of testimony or documents ***already admitted*** into evidence are merely pedagogical devices, and are not evidence themselves. *United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012). The checks shown on the governments chart are ***not already admitted***. Accordingly, the chart or summary of testimony or documents ***not already admitted*** cannot even serve as a pedagogical device. As the Ninth Circuit stated in *United States v. Johnson*,

> Before the chart, summary, or calculation may be admitted, it is necessary for the party offering the exhibit to lay a proper foundation for the admission of the original or duplicate materials on which the exhibit is based, or for the parties to stipulate to the admissibility of the materials. Charts, summaries, or calculations are inadmissible as evidence if, for any reason, the original or duplicate materials on which they are based are inadmissible. Thus, if the original materials contain hearsay and fail to qualify as admissible evidence under one of the

>exceptions to the hearsay rule, the chart, summary, or calculation based on that material is inadmissible.

594 F.3d at 1256 (quoting 5 Weinstein On Evidence P. 1006(03) at 1006-5 to 1006-6 (footnotes omitted).  While the government may not have to move for admission of each and every item, the court must determine that each would be admissible if it were offered by the government.  *United States v. Rizk*, 660 F.3d 1125, 1126 (9th Cir. 2011).  At best it is premature to present the proposed chart to the jury and best to defer consideration to the time of closing argument, provided the Court determines that the underlying items are proven up and determined to be admissible.

Wherefore, the Azano Defendants request a ruling barring the government's used of the proffered exhibits during its opening statement.  The Azano Defendants anticipate that there will be a significant dispute about the admissibility of several of the items listed above.  And while ultimate admissibility of other items may or may not eventually be a foregone conclusion, nothing has been pre-admitted.  The Azano Defendants will not agree to any shortcuts and ask the Court to rule likewise.

Dated: July 25, 2016.

Respectfully submitted,

*/s/ Michael J. Wynne*
Michael J. Wynne*
Texas State Bar No. 00785289
Hughes Arrell Kinchen, LLP
1221 McKinney St. | Suite 3150
Houston, Texas 77010
Telephone: (713) 574-6514
Facsimile: (713) 942-2266
E-mail: mwynne@hakllp.com
**ATTORNEY FOR DEFENDANT JOSE SUSUMO AZANO MATSURA**

*/s/ Donald J. DeGabrielle*
Donald J. DeGabrielle*
Texas State Bar No. 24063659
CHAFFE McCALL, L.L.P.
801 Travis Street | Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
E-mail: degabrielle@chaffe.com
**ATTORNEY FOR DEFENDANT EDWARD SUSUMO AZANO HESTER**

*\*admitted Pro Hac Vice*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for the government and that the government is opposed to these objections and the relief requested.

*/s/ Michael J. Wynne*
Michael J. Wynne*

*\*admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Michael J. Wynne*
Michael J. Wynne*

*admitted Pro Hac Vice