Knut S. Johnson (CSB 125725)
Emerson Wheat (CSB 277456)
LAW OFFICES OF KNUT S. JOHNSON
550 West C Street, Suite 790
San Diego, California 92101
(619) 232-7080 (Phone)
(619) 232-7324 (Fax)
knut@knutjohnson.com

*Attorneys for Jose Susumo Azano Matsura*

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(THE HONORABLE MICHAEL M. ANELLO)

| United States of America, Plaintiff, v. Jose Susumo Azano Matsura, Defendant. | Case No. 14-CR-0388-MAA<br>**Supplemental Memorandum of Points and Authorities in Support of Motion for Discovery Related to Firearm Count**<br>Time: 2:00 p.m.<br>Date: July 31, 2017 |
|---|---|

## I.
## **INTRODUCTION**

Jose Susumo Azano Matsura faces trial for being an alien possessing a firearm, in violation of 18 USC § 922(g)(5)(B), which prohibits an alien admitted to the United States under a nonimmigrant visa from possessing a firearm "except as provided in subsection (y)(2) . . ." Section 922(y)(2) exempts, in part, aliens "(A) admitted to the United States for lawful hunting or sporting purposes or [] in possession of a hunting license or permit lawfully issued in the United States. . . (C) an official of a foreign government or a distinguished foreign visitor who has been so designated by the Department of State; or (D) a foreign law

1

14-CR-0388-MMA

enforcement officer of a friendly foreign government entering the United States on official law enforcement business."

The Due Process Clause forbids convictions based on misleading conduct of government officials. *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004). A defendant raising an entrapment by estoppel defense must show, (1) "an authorized government official," "empowered to render the claimed erroneous advice," . . . , (2) "who has been made aware of all the relevant historical facts," . . ., (3) "affirmatively told him the proscribed conduct was permissible,". . ., (4) that "he relied on the false information," . . ., and (5) "that his reliance was reasonable." *Ibid.*, (*citations omitted*). This affirmative defense focuses on the conduct of the government official and "rests upon principles of fairness." *Id.* at 1218, *quoting United States v. Smith*, 940 F.3d 710, 714 (1st Cir. 1991).

In *Batterjee, supra*, the defendant entered the United States on a student visa and was charged with possessing a firearm despite purchasing it from a federally licensed firearm dealer and truthfully answering the questions about his immigration status, providing the required verifying information, and completing the Form 4473 at the time of the purchase. 361 F.3d at 1213-1214. The Ninth Circuit held that Batterjee was entitled to an entrapment by estoppel defense because he relied on the legally inaccurate representations by the federal firearms dealer, was not provided notice in the Form 4473 that he could not possess firearms with an H-1 visa, and that the firearms dealer mistakenly believed the defendant could possess firearms so long as he was legally present in the U.S. and otherwise met the requirements of Form 4473. *Id.* at 1217.

Similarly, in *United States v. Tallmadge*, 829 F.2d 767 (9th Cir. 1987), the Ninth Circuit reversed the defendant's conviction because he purchased a firearm from a federally licensed firearms dealer that

*erroneously* assured him that he could purchase and possess a firearm after having his prior California felony conviction reduced to a misdemeanor. *Id.* at 770. The court stressed that, "the United States Government has made licensed firearms dealers federal agents in connection with the gathering and dispensing of information on the purchase of firearms." *Id.* at 774.

Mr. Azano will raise a defense of entrapment by estoppel. His post-arrest statement identified the federal law enforcement officer who provided the firearm in question to his household several years before the search. He also intends to raise the defense that he did not possess the firearm at issue. He asks for discovery related to *all* those defenses.

## II.

## STATEMENT OF FACTS

Mr. Azano is lawfully present in the U.S. on a B1/B2 visa issued by the State Department (admitting him for, among other things, "legitimate activities of a recreational nature), owns two houses in Coronado, California (where he lives for at least part of the year with his U.S. citizen wife and children), runs several United States companies, and pays significant payroll, property, sales, and other taxes in the United States. Because of his marriage he is entitled to a U.S. Legal Permanent Resident card. His wife and children are all Unites States Citizens.

Mr. Azano's business provides, in part, technical assistance to Mexican law enforcement. He has also met with the Drug Enforcement Agency on several occasions in the United States and corresponded with the Federal Bureau of Investigation about kidnappings in Mexico. He provided resources to law enforcement investigations, including expertise, surveillance, and equipment.

## III.

## SUPPLEMENTAL MEMORANDUM REGARDING RULE 16 DISCOVERY

Discovery under Federal Rule of Criminal Procedure 16 extends to all material in the government's possession, custody or control, including all material that the prosecution has "knowledge of" and "access to" regardless of whether the *prosecution* currently has possession of that material. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995) (examining discovery standard under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989)). Under the *Bryan* standard, material may be discoverable even if it is in the custody and control of an agency that was not involved with the criminal investigation. *Id.*

> Rule 16 provides in part:
> Upon a defendant's request, the *government must* permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is *material to preparing the defense*;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. Rule Crim. Pro. 16 (emphasis added). In 2016, the Ninth Circuit stressed that:

> Materiality is a "low threshold; it is satisfied so long as the information . . . would have helped" to prepare a defense. . . . The test is not whether the discovery is admissible at trial, but

4

14-CR-0388-MMA

whether the discovery may assist [the defendant] in formulating a defense, including leading to admissible evidence. *See id.* ("Information is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path." (citation and internal quotation marks omitted)); . . . ("This materiality standard normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." . . .

*United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (citations and signals omitted).

Mr. Azano makes these requests, in addition to any other requests for discovery made of the government, under Rule 16 and *Bryan, supra*.

(1) **Expert witness discovery**

The government must provide the defense with a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G). This request includes any government agent who will testify to any opinion related to any aspect of possession and any defense under § 922(y).

(2) **Any data from any seized electronics**

The government seized numerous phones and other digital media. Mr. Azano requests, and asks this Court to order, that the government produce any copies, mirror images, downloads, or other data seized from Mr. Azano, and that the originals be made available for inspection by a defense expert.

///

### (3) The original media or film of any photographs or videos taken during any search of Mr. Azano's home

Mr. Azano has received photographs of the search of his home but they do not include all the search warrant photos taken at the time of the search. Mr. Azano requests, and asks this Court to order, that the government produce all media and film for any photographs or videos taken during the search of his home for inspection and copying by the defense.

### (4) Personnel records of government officers

Mr. Azano requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation of him and the federal law enforcement officer who provided the firearm in question, pursuant to *Pitchess v. Superior Court* (1974) 11 Cal. 3d 531, 539. Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.[1]

### (5) Government examination of law enforcement personnel files

Mr. Azano requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including the federal law enforcement officer who provided the firearm in question. Mr. Azano requests that these files be reviewed by the government

---

[1] *See United States v. Reynolds*, 345 U.S. 1, 12 (1953) ("The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense.")

attorney for evidence of dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

Mr. Azano specifically requests for the government to review personnel files and any other files within its custody, care or control, or which could be obtained by the government for the federal law enforcement officer who provided the firearm in question and for any evidence of his possession, transfer, or other disposition of any firearms. The obligation to examine files arises by virtue of the defense making a demand for their review. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial;

**(6)  Any notes, memoranda, recordings, or other memorialization of any statements made by any member of the Azano family during the searches**

Notes that constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent's act of reviewing interview notes with the subject of the interview subjects the notes to the Jencks Act. The searching agents explicitly assigned two agents to accompany and interview both Mr. Azano and his wife at the time of the search. Mr. Azano's wife, Margarita Azano, was present during the search of the home. She was in the company of law enforcement officers during the entire search process and the defense requests any notes, recordings, or

other memorialization of any statement made by her. If any of her statements exculpate Mr. Azano (such as, if she disclosed or provided the location of the key to the cabinet where the firearm was found). Such evidence must be provided under *Brady* even if it is not presently written down or recorded. *See*, footnote 1 below.

(7) **Continuing duty to disclose**

The government has a continuing duty to disclose additional material and evidence that has been requested and ordered under Rule 16. Fed. R. Crim. P. 16(c).

## IV.
## SUPPLEMENTAL MEMORANDUM REGARDING OTHER RULE 16 AND *BRADY* DISCOVERY

The government is required to turn over all documents, statements, reports, tangible evidence, or any other information (in whatever form)[2] which may be favorable to the defendant or impact the credibility of the government's case. *Brady v. Maryland*, 373 U.S. 83 (1963). Impeachment as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). The government must produce the following under Rule 16 *and Brady*:

(1) **Exculpatory evidence on issue of guilt**

The defense requests any potential evidence that may be relevant upon the issue of guilt or innocence. This evidence includes the following:

---

[2]   The government's *Brady v. Maryland*, 373 U.S. 83 (1963) obligation is not limited to documents, but extends to information in any form, including undocumented oral information. *See*, *e.g.*, *Giglio v. United States*, 405 U.S. 150, 152-155 (1972); *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form.").

a.      Any information related to whether visitors who wish to be "admitted to the United States for lawful hunting or sporting purposes" enter the United States on a B2 or a B1/B2 visa or another visa.

b.      Any information that tends in any way to show that Mr. Azano was an "official of a foreign government," such as emails, letters, or memos from any branch of the Mexican government that refer to Mr. Azano meeting with U.S. government officials.

c.      Any information that tends in any way to show that Mr. Azano assisted United States law enforcement in any way.

    (2)     **Impeachment evidence**

The defense requests any evidence that may impeach a government witness or the federal law enforcement officer who provided the firearm at question. See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady, supra*.  See, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

    (3)     **Witnesses favorable to the Defendant**

The defense requests the name and address of any witness who made an arguably favorable statement concerning the defendant, including any witnesses of any sort who are relevant to any of the defenses noted above. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164,1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980).

///

(4) **Information related to government consultations**

Under *Brady*, the defense is entitled to any exculpatory or mitigating evidence in the possession of the government. The defendant requests any evidence of any consulting he or anyone acting on his behalf has done for any government agency, department, or other entity.

(5) **Any manuals, protocol, memos, or other materials related to searches tending to show the searches in this case violated in any way such manuals, protocol, memos, or other materials related to searches**

The firearm in question was not photographed in the place where it was found. The defense believes that such handling of "contraband" violated FBI protocol and asks that the government provide, and this Court order, the production of such materials to prove government failure to comply with their own protocol. The defense may always argue government negligence in their investigation as a reason to acquit. *See, Kyles v. Whitely*, 514 U.S. 419, 446-448 (1995) (*quoting Lindsey v. King*, 769 F. 2d 1034, 1042 (5th Cir. 1985) ("A common trial tactic of defense lawyers is to discredit the caliber of the investigation . . ., and we may consider such use in assessing a possible *Brady* violation.")). Discrediting the investigation's search is critical in this case, and the defense is entitled to any materials showing that the searches in this case violated any DOJ or FBI protocol.

(9) **Continuing duty to disclose**

The government also has a continuing duty to disclose *Brady* material. *See United States v. Konefal*, 566 F.Supp 698, 705 (N.D.N.Y. 1983).

# V.
# SUPPLEMENTAL MEMORANDUM REGARDING OTHER DISCOVERY

### (1) Any proposed 404(b) evidence

Evidence of prior similar acts is discoverable. Fed. R. Evid. 404(b), 609.

### (2) Government witness names and addresses

The defense requests the name and last known address of each prospective government witness. Under its inherent power, the Court should order the disclosure of witness names and addresses absent danger to the witnesses. See *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Cook*, 608 F.2d 1175,1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

### (3) Jencks Act material

Although the Jencks Act does not require disclosure of statements of actual and prospective government witnesses until after their direct examination has concluded, the defense has the right to have examined any statement related to the witness' testimony and the right to an *in camera* hearing regarding statements not related to that testimony. 18 U.S.C. § 3500. The defense requests the government to turn over all statements covered by the Jencks Act prior to trial as well as inform the defense to of any statement that may be unrelated to expected testimony to allow for pretrial in camera hearing to determine whether disclosure is appropriate.

## VI.
## **CONCLUSION**

For the foregoing reasons, this Court should grant the above motions.

Dated: July 17, 2017

Respectfully submitted,

/s/ *Knut S. Johnson*
Knut S. Johnson
for Jose Susumo Azano Matsura