# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br><br>                    Defendant. | Case No. 14cr388-MMA-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**<br><br>[Doc. No. 994] |

On November 18, 2019, after remand from the United States Court of Appeals for the Ninth Circuit, the Court entered judgment committing Defendant Jose Susumo Azano Matsura to the custody of the Federal Bureau of Prisons for a total term of 36 months. *See* Doc. No. 985 at 2. The Court imposed a $560,955.00 fine and $3,600.00 in special assessments, and sentenced Azano to a three-year term of supervised release following his custodial term. *See id*. at 2-3, 5. The Court imposed mandatory, standard, and special conditions of supervised release. *See id*. at 3-4. Azano was released from custody on May 11, 2020 and began serving his supervised release term. Azano now moves to modify the previously imposed conditions of his term of supervised release. *See* Doc. No. 994. Specifically, Azano requests that the Court revoke special conditions 5 and 6 which together provide for supervision of Azano's financial activities by United States Probation. The government opposes the motion. *See* Doc. No. 996. For the reasons set

forth below, the Court **DENIES** Azano's motion.[1]

## DISCUSSION

The Court imposed six special conditions of supervised release with which Azano must comply during the period of his supervision. *See* Doc. No. 985 at 4. Azano objects to the following special conditions:

> 5. Provide complete disclosure of personal and business financial records to the probation officer as requested.
>
> 6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

*Id.* Azano argues that "the financial conditions have no relation to the conduct for which Mr. Azano was convicted, serve no purpose in protecting the public, or any other purpose listed by §5D1.3 now that Mr. Azano has paid all his financial obligations." Doc. No. 994 at 3. The government rejects Azano's characterization of his criminal offenses and opposes Azano's requested modification of the conditions of his supervised release.

### 1. Relevant Law

"The Sentencing Reform Act affords district courts broad discretion in fashioning appropriate conditions of supervised release, while mandating that such conditions serve legitimate objectives." *United States v. Gementera*, 379 F.3d 596, 600 (9th Cir. 2004). A court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Generally, the conditions of a defendant's term of supervised release must "involve [] no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in section 3553(a). *Id.* § 3583(d)(2). Moreover, such conditions must

---

[1] Because the Court declines to modify Azano's conditions of supervised release, no hearing is required. *See* Fed. R. Crim. P. 32.1(c). The Court finds Azano's motion suitable for determination without a hearing.

"reasonably relate to a legitimate statutory purpose." *Gementera*, 379 F.3d at 601.

Discretionary or special conditions of supervised release, such as the ones at issue, may only be imposed "to the extent that such condition-

> (1) is reasonably related to the factors set forth in section 3553(a)(1) ["nature and circumstances of the offense and the history and characteristics of the defendant"], (a)(2)(B) ["seriousness of the offense"], (a)(2)(C) ["protect the public"], and (a)(2)(D) ["correctional treatment"];
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . ."

18 U.S.C. § 3583(d). Section 5D1.3 of the United States Sentencing Guidelines echoes and affirms the requirements set forth in section 3553(a). *See* U.S.S.G. § 5D1.3.

### 2. Analysis

Azano argues that because he has satisfied the financial component of the judgment of conviction, special conditions 5 and 6 "are no longer reasonably related to the reasons for imposing discretionary conditions under the U.S. Sentencing Guidelines . . . and, therefore . . . provide a 'greater deprivation of liberty than is reasonably necessary for the purposes set forth' under § 5D1.3." Doc. No. 994 at 2.

The Guidelines provide that "a condition requiring the defendant to provide the probation officer access to any requested financial information" may be appropriate "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine," U.S.S.G. § 5D1.3(d)(3). The Guidelines further acknowledge that such a condition "may otherwise be appropriate in particular cases," *id.* § 5D1.3(d). This is one of those "particular cases." *Id.*

Azano's efforts to conceal and cover up the source of his political donations and contributions resulted in false entries and falsified campaign records in violation of 18 U.S.C. § 1519, "a provision *targeting fraud in financial recordkeeping.*" *Yates v. United*

*States*, 574 U.S. 528, 546 (2015) (emphasis added).  As such, special conditions 5 and 6 are "reasonably related" to the "nature and circumstances" of the committed offenses.  18 U.S.C. § 3553(a)(1).  Azano was also convicted of multiple violations of the Federal Election Campaign Act of 1971, as amended by the Bipartisan Campaign Reform Act of 2002, a statute that requires extensive recordkeeping and disclosure of campaign contributions in an effort "to remedy any actual or perceived corruption of the political process."  *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 14 (1998).  Accordingly, special conditions 5 and 6 serve to protect "the public" and the political process "from further crimes of the defendant," while "promot[ing] respect for the law" and "afford[ing] adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).

Moreover, special conditions 5 and 6 involve "no greater deprivation of liberty than is reasonably necessary" to achieve their purpose.  *Id.* § 3583(d)(2).  The conditions allow United States Probation the authority to supervise Azano's legitimate financial activities without restricting his ability to engage in such activities as necessary to support himself, his family, and his businesses.  Accordingly, the Court denies Azano's request to revoke special conditions 5 and 6.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Jose Susumo Azano Matsura's motion to modify the conditions of his supervised release.

**IT IS SO ORDERED**.

DATE: June 2, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge